KARL OLSON (CABN 104760)
AARON R. FIELD (CABN 310648)
CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone:     (415) 409-8900
Facsimile:      (415) 409-8904
Email:           kolson@cofolaw.com
                    afield@cofolaw.com

Attorneys for Plaintiff,
AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>              Plaintiff,<br><br>        vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT (5 U.S.C. § 552)** |

_Left margin (vertical):_ CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

**INTRODUCTION**

1.      This is an action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief. Plaintiff American Small Business League ("plaintiff" or "ASBL") seeks disclosure, under FOIA, of records of defendant United States Small Business Administration ("SBA") showing how the hundreds of billions of dollars appropriated by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") have been spent, including, but not limited to, the names of all loan recipients under the Paycheck Protection Program ("PPP") and the amount of each borrower's PPP loan. In light of the unprecedented taxpayer investment in the CARES Act and the PPP, the gravity of the COVID-19-related economic issues that the PPP is meant to address, and the revelation that numerous large businesses have obtained (and in some cases returned, under public pressure) PPP loans despite government representations that the PPP was supposed to help small businesses, it is of paramount public importance that the requested records be disclosed.

**JURISDICTION**

2.      This Court has subject matter and personal jurisdiction over this action pursuant to 5 U.S.C. section 552(a)(4)(B) and 28 U.S.C. section 1331.

3.      Venue is proper in this Court pursuant to 5 U.S.C. section 552(a)(4)(B) because plaintiff has its principal place of business in Petaluma (Sonoma County), California, which is located in the Northern District of California.

4.      Defendant has constructively denied ASBL's FOIA Request No. SBA-2020-000566, as amended in Exhibit B hereto, by failing to provide ASBL a FOIA-compliant determination on the request by the statutory deadline. Plaintiff is deemed to have exhausted its administrative remedies with respect to this FOIA request pursuant to 5 U.S.C. section 552(a)(6)(C).

**INTRADISTRICT ASSIGNMENT**

5.      Assignment to the San Francisco Division is proper pursuant to Civil L.R. 3-2(c) and (d) because a substantial portion of the events giving rise to the action occurred in Sonoma County and the City and County of San Francisco.

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

**PARTIES**

6.       ASBL is an organization located in California, with its principal place of business in Petaluma (Sonoma County), California. ASBL's core mission is to promote and advocate for the interests of small business concerns through public policy change. A significant part of ASBL's advocacy seeks to focus the public's attention on government programs intended to help small businesses, and on instances in which these programs are failing to help small businesses as intended. To accomplish this, ASBL reviews government policies and procedures and investigates the effectiveness of government programs intended to help small businesses to see whether the programs are operating appropriately and achieving their purposes. ASBL regularly makes and analyzes responses to FOIA requests in its advocacy and oversight work. On multiple occasions, ASBL has sued federal agencies to enforce its and the public's rights of access under FOIA and won.

7.       The SBA is an "agency" within the meaning of 5 U.S.C. section 552(f).

**FACTUAL BACKGROUND**

8.       In early 2020, the World Health Organization ("WHO") declared a pandemic based on the novel coronavirus ("SARS-CoV-2") and the disease it caused ("COVID-19"). *See* World Health Organization, *WHO Timeline – COVID-19*, https://www.who.int/news-room/detail/27-04-2020-who-timeline---covid-19 (last updated Apr. 27, 2020).

9.       COVID-19 arrived in the United States a few months later, and the federal government declared the outbreak a national emergency, issued travel restrictions, and discouraged large gatherings. Grace Hauck, et al., *Five months in: A timeline of how COVID-19 has unfolded in the US*, USA Today (Jun. 23, 2020, 3:21 AM), https://www.usatoday.com/in-depth/news/nation/2020/04/21/coronavirus-updates-how-covid-19-unfolded-u-s-timeline/2990956001/. State and local governments also issued orders requiring residents to avoid large gatherings and strictly limit their activities outside of the home. *See* Sarah Mervosh, et al., *See Which States and Cities Have Told Residents to Stay at Home*, N.Y. Times, https://www.nytimes.com/interactive/2020/us/coronavirus-stay-at-home-order.html (last updated Apr. 20, 2020). COVID-19, the federal government's declaration and guidance, and these state

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

2

1   and local orders caused a decline in economic activity that severely harmed, and in some

2   instances existentially threatened, many small businesses.

3       10.     The decline in economic activity led to a national unemployment rate of 13.3

4   percent as of May 2020. U.S. Department of Labor, Bureau of Labor Statistics, *The Employment

5   Situation*, BLS.gov, 1 (2020), https://www.bls.gov/news.release/pdf/empsit.pdf. In response to

6   the looming economic crisis, Congress passed and the President signed the Coronavirus Aid,

7   Relief, and Economic Security ("CARES") Act. *See* Pub. L. 116-136. Under the CARES Act, the

8   SBA was tasked with administering a new loan program, the PPP, which offers often forgivable

9   loans to qualifying small businesses to help them weather the COVID-19 storm and cover their

10  operating expenses, including payroll. U.S. Department of the Treasury, *The CARES Act Provides*

11  *Assistance to Small Businesses*, https://home.treasury.gov/policy-issues/cares/assistance-for-

12  small-businesses (last visited Jun. 28, 2020). According to the SBA, the PPP is "a loan designed

13  to provide a direct incentive for small businesses to keep their workers on the payroll." U.S.

14  Small Business Administration, *Paycheck Protection Program*, https://www.sba.gov/funding-

15  programs/loans/coronavirus-relief-options/paycheck-protection-program (last visited July 9,

16  2020). While the PPP was intended to benefit small businesses, even businesses with more than

17  500 employees can also receive PPP loans if they meet certain criteria. *Id.* Many loans in excess

18  of $5 million have been made under the PPP.

19      11.     The SBA began accepting PPP loan applications on April 3, 2020. Robin Saks

20  Frankel, *The Paycheck Protection Program Ran Out of Funding. What's Next for Small Business*

21  *Owners?*, Forbes (Apr. 16, 2020, 5:44 PM),

22  https://www.forbes.com/sites/advisor/2020/04/16/the-paycheck-protection-program-ran-out-of-

23  funding-whats-next-for-small-business-owners/#3e3a17274405. Within two weeks, the SBA and

24  the Treasury Department reported that "The SBA has processed more than 14 years' worth of

25  loans in less than 14 days," with a combined value of more than $300 billion. *Id.* To date, the

26  SBA reports that it had approved more than 4.8 million loan applications, and has approved loans

27  that are collectively worth a total of more than $521 billion. *See Paycheck Protection Program*,

28  *supra*, https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-

3

protection-program (last visited July 9, 2020).

12.     The SBA's PPP borrower application form explicitly states to prospective borrowers that several categories of submitted information "will be automatically released" under FOIA, including "the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity":

> **Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

A copy of the SBA's PPP borrower application form is attached hereto as **Exhibit A**. This language appears on page 4.

13.     The categories of information that the SBA states "will be automatically released" in its borrower application form are consistent with the information that it has released annually on loans that it has approved under two other small business loan programs it administers: 7(a) loans and 504 loans. With respect to both of these categories of loans, the SBA has disclosed, and on information and belief regularly discloses and has a practice of regularly disclosing, the name and address of each recipient and the amount of each loan, among other information, at least through the end of 2019. The SBA made this information publicly available in Excel spreadsheets – and is continuing to make this information publicly available as of July 8, 2020 – on its website, https://www.sba.gov/about-sba/open-government/foia, at the following hyperlinks:

http://imedia.sba.gov/vd/general/foia/7a_504_FOIA%20Data%20Dictionary.xlsx;

http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY1991-FY1999).xlsx;

http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY2000-FY2009).xlsx;

http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY2010-Present).xlsx; and

http://imedia.sba.gov/vd/general/foia/FOIA%20-%20504%20(FY1991-Present).xlsx.

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

14.     On or about April 16, 2020, the SBA stopped accepting applications for PPP loans due to what the SBA described as a lack of funding. However, on or about April 27, 2020, the SBA resumed accepting applications after receiving more funding. Also, on June 27, 2020, the President signed into law an extension of the PPP loan program authorizing PPP loan applications until August 8, 2020. Robin Saks Frankel, *Congress Extends PPP Five More Weeks. Here's How To Apply, Forbes* (July 2, 2020), https://www.forbes.com/sites/advisor/2020/07/02/congress-extends-ppp-five-more-weeks-heres-how-to-apply/#6587c1833b20.

15.     News organizations soon reported on issues with the administration of the PPP, including inconsistent treatment of loan applicants and challenges and confusion among borrowers and lenders regarding the application process. Danielle Kurtzleben, et al., *Here's How the Small Business Loan Program Went Wrong in Just 4 Weeks*, NPR (May 4, 2020, 11:14 AM), https://www.npr.org/2020/05/04/848389343/how-did-the-small-business-loan-program-have-so-many-problems-in-just-4-weeks. They also reported that large businesses were receiving PPP loans, including national restaurant chains Shake Shack and Ruth's Chris Steak House and the Los Angeles Lakers. *Id.* Some large businesses then returned loans that they had received under the program, and congressional leaders called for the disclosure of information about PPP loan recipients to allow for better oversight of the PPP. Aaron Gregg, et al., *In big reversal, Treasury and SBA agree to disclose details about many small business loan recipients,* Washington Post (Jun. 19, 2020), https://www.washingtonpost.com/business/2020/06/19/treasury-sba-ppp-disclosure/.

16.     On July 6, 2020, the SBA reversed course and disclosed some limited information about PPP loan recipients. U.S. Department of the Treasury, *SBA and Treasury Announce Release of Paycheck Protection Program Loan Data* (July 6, 2020), https://home.treasury.gov/news/press-releases/sm1052. However, it did not release the actual amounts that borrowers had been loaned or the identities of borrowers who had received less than $150,000. *Id.* For all PPP loans of $150,000 or more, the SBA released "business names, addresses, NAICS codes, zip codes, business type, demographic data, non-profit information, name of lender, jobs supported, and loan amount ranges," stating whether each loan was for "$150,000-$350,000," "$350,000-$1 million,"

"$1-2 million," "$2-5 million," or "$5-10 million." *Id.* For all PPP loans of less than "$150,000," the SBA released this same limited information "except" – critically – borrower names and addresses. *Id.*

17.     The SBA's limited public disclosure of information about PPP loan recipients does not fully answer any of ASBL's FOIA requests, and is not sufficient to comply with FOIA or allow ASBL and the public to fully understand and evaluate how the PPP, one of the largest expenditures of United States taxpayer funds ever, was crafted and administered. For example, the identities of *all* PPP loan recipients should be disclosed. As the SBA itself has stated, "The average loan size is approximately $100,000," *id.*, which means that a large majority of loan recipients have not yet been identified. Also, the amount of each PPP loan should be stated with precision, as the SBA's PPP loan application form said it would be, and as the SBA has done with respect to loans under its 7(a) and 504 loan programs. There is a huge difference between a $5 million loan and a $10 million loan, and the public is entitled to know how much each business sought and obtained, especially since the government has assured the public that the PPP is supposed to be helping small businesses. A business getting a loan of over $5 million, or up to $10 million, is not a small business under any normal definition of that term. The public has a right to know how much businesses like the large Kasowitz law firm, which grossed more than $215 million last year and which has represented President Trump in high-profile litigation, received from this expensive government program, not just that the firm got a loan in the $5 million-$10 million range.

### FOIA Request No. SBA-2020-000566

18.     On April 9, 2020, ASBL made an initial FOIA request to the SBA regarding advisory committees. On April 16, 2020, ASBL amended that FOIA request to state that it was seeking the following:

- Records relating to any committee, advisory group or panel the SBA has established to administer the $350 billion CARES Act response to the coronavirus pandemic, especially the members of that committee and any regulations which they have drafted and correspondence among the members of that committee.

- A list of names and bios of members who serve on any of the active SBA advisory committees.

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

- Data showing how the appropriated funds from the CARES Act were distributed through PPP program.

- Any communication between the White House, SBA, and Congress regarding requests for additional funding for the CARES Act and PPP Program.

An e-mail exchange between ASBL's counsel and SBA FOIA Chief Oreoluwa Fashola that memorialized this amendment, and that clarified that this amendment did not withdraw but added to the original request, is attached hereto as **Exhibit B**.

19.     On May 19, 2020, Mr. Fashola sent a letter to ASBL acknowledging the amendment to ASBL's FOIA request and purporting to respond to ASBL's FOIA request, as amended. Mr. Fashola stated that the SBA had no records responsive to category 1, and that the SBA would respond as to the remaining three categories separately, with one exception:  As to the third category, the SBA also provided the following hyperlink:

https://content.sba.gov/sites/default/files/2020-04/PPP%20Report%20SBA%204.14.20%20%20-%20%20Read-Only.pdf. That led to a public summary document which stated, in very broad terms, the total approved PPP loans and amounts distributed nationally, by state, and by industry. A copy of Mr. Fashola's May 19, 2020 letter and the linked document are attached hereto as **Exhibit C**. Mr. Fashola stated that the SBA would continue its search for responsive documents as to categories 2-4.

20.     On May 22, 2020, ASBL sent a further letter to the SBA in response to the SBA's May 19, 2020 letter. ASBL explained in its May 22, 2020 letter that the SBA's May 19, 2020 letter did not constitute a lawful determination on ASBL's FOIA request. ASBL demanded that the SBA provide a complete and lawful determination on its FOIA request as to each category of requested records, and that SBA disclose the names of and loan amounts received by all PPP loan recipients, by May 29, 2020. A copy of ASBL's letter of May 22, 2020 is attached hereto as **Exhibit D**.

21.     To date, neither the SBA nor any other federal government agency or representative has responded further to ASBL's FOIA request or ASBL's May 22, 2020 letter.

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

22.     To date, the SBA has not produced any records to ASBL in response to ASBL's FOIA request, except for the summary document to which it provided a hyperlink in its May 19, 2020 letter and information the SBA made public on July 6, 2020 which did not disclose names of those who received PPP loans of less than $150,000 and did not disclose any loan amounts except in broad ranges.

23.     To date, the SBA has not fully informed ASBL of the extent to which it has records that are responsive to ASBL's FOIA request.

24.     To date, the SBA has not informed ASBL of whether and the extent to which it intends to disclose records and information in response to ASBL's FOIA request.

25.     To date, the SBA has not stated whether or the extent to which it intends to withhold records or information based on FOIA exemptions, or, if so, what exemptions it believes might apply.

26.     To date, the SBA has not provided a complete response to or a lawful determination on ASBL's FOIA request.

### CLAIMS FOR RELIEF

**COUNT I**
**Declaratory and Injunctive Relief;**
**Constructive Denial of Request for Agency Records in Violation of FOIA, 5 U.S.C. § 552**
**(FOIA Request No. SBA-2020-000566)**

27.     ASBL incorporates by reference paragraphs 1-26.

28.     FOIA provides this Court with "jurisdiction to enjoin [the SBA] from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

29.     FOIA requires that, within 20 working days of receiving a FOIA request, an agency must, *inter alia*, complete its search for responsive records, notify the requester of the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions, and identify any FOIA exemptions that it claims justify non-disclosure. *See* 5 U.S.C. § 552(a)(6)(A)(ii); *Citizens for Responsibility & Ethics in Washington ("CREW") v. Fed. Election Comm'n*, 711 F.3d 180, 184, 188 (D.C. Cir.

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

8

1    2013).

2        30.    The records sought by ASBL are agency records within the SBA's control. For

3    example, the SBA has records that set forth the names of all PPP loan recipients and the precise

4    amounts that each PPP loan recipient has received, just as it has such records for recipients of

5    loans in connection with other loan programs that it administers, yet, to date, the SBA has failed

6    to disclose records showing the names of all PPP loan recipients or the amount of the loans they

7    received.

8        31.    Pursuant to FOIA, the SBA was required to make and communicate to ASBL a

9    "determination" on its FOIA request within 20 working days, by no later than May 14, 2020. *See*

10    5 U.S.C. § 552(a)(6)(B)(i); *CREW*, 711 F.3d at 184, 188.

11        32.    To date, the SBA has not communicated to ASBL a "determination" on its FOIA

12    request within the meaning of 5 U.S.C. section 552(a)(6)(A)(i) and *CREW*, 711 F.3d at 184, 188.

13    The SBA's May 19, 2020 e-mail is not a "determination," because the SBA did not complete a

14    search for responsive records before providing it, notify ASBL of the scope of the documents that

15    it would produce and the scope of the documents that it planned to withhold, or identify any

16    FOIA exemptions that it claims justify non-disclosure. *See* 5 U.S.C. § 552(a)(6)(A)(ii); *CREW*,

17    711 F.3d at 184, 188.

18        33.    The SBA has wrongfully withheld the records sought by ASBL in this FOIA

19    request in violation of FOIA. This includes, but is not limited to, records responsive to ASBL's

20    request for "Data showing how the appropriated funds from the CARES Act were distributed

21    through the PPP program."

22        34.    ASBL has exhausted its administrative remedies with regard to FOIA Request No.

23    SBA-2020-000566.

24                      **PRAYER FOR RELIEF**

25    WHEREFORE, ASBL respectfully requests that this Court:

26        A.    Declare unlawful the SBA's failure to timely respond to ASBL's FOIA Request

27    No. SBA-2020-000566, as amended in Exhibit B hereto;

28        B.    Declare unlawful the SBA's constructive denial of ASBL's FOIA Request No.

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

9

1  SBA-2020-000566, as amended in Exhibit B hereto;

2       C.    Enter an injunction ordering the SBA to fully respond to ASBL's FOIA Request

3  No. SBA-2020-000566, as amended in Exhibit B hereto, and to disclose all responsive records

4  requested therein, including, but not limited to, records stating the name of each and every PPP

5  loan recipient and the precise amount received by each and every PPP loan recipient in each and

6  every PPP loan;

7       D.    Provide for expeditious proceedings in this action pursuant to 28 U.S.C section

8  1657;

9       E.    Award ASBL its costs and attorneys' fees in this action pursuant to 5 U.S.C.

10  section 552(a)(4)(E); and

11       F.    Grant such other further relief as the Court may deem just and proper.

12                      Respectfully submitted,

13  DATED: July 10, 2020        CANNATA O'TOOLE FICKES & OLSON LLP

14

15                      By:   /s/ Karl Olson
                              KARL OLSON

16                      Karl Olson

17                      Aaron R. Field

18                      Attorneys for Plaintiff
                    AMERICAN SMALL BUSINESS LEAGUE

19

20

21

22

23

24

25

26

27

28

CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# EXHIBIT A




## Paycheck Protection Program
### Borrower Application Form

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: | ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☐ LLC<br>☐ Independent contractor ☐ Eligible self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization<br>☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ☐ Other | **DBA or Tradename if Applicable** |
|---|---|---|

| **Business Legal Name** | | |
|---|---|---|
| **Business Address** | **Business TIN (EIN, SSN)** | **Business Phone**<br>(   )   - |
| | **Primary Contact** | **Email Address** |

| Average Monthly Payroll: | $ | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ | Number of Employees: |
|---|---|---|---|---|
| Purpose of the loan<br>(select more than one): | ☐Payroll ☐Lease / Mortgage Interest ☐Utilities ☐Other (explain):_____ | | | |

### Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1.   Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☐ |
| 2.   Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☐ |
| 3.   Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☐ | ☐ |
| 4.   Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☐ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 5.   Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?<br>Initial here to confirm your response to question 5 →     _____ | ☐ | ☐ |
| 6.   Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?<br>Initial here to confirm your response to question 6 →     _____ | ☐ | ☐ |
| 7.   Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☐ | ☐ |
| 8.   Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☐ |

1

SBA Form 2483 (04/20)



**Paycheck Protection Program**
**Borrower Application Form**

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

CERTIFICATIONS AND AUTHORIZATIONS

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals:  I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

CERTIFICATIONS

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

\_\_\_\_\_   The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

\_\_\_\_\_   Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

\_\_\_\_\_   The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

\_\_\_\_\_   The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

\_\_\_\_\_   I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

\_\_\_\_\_   During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

\_\_\_\_\_   I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than  $1,000,000.

\_\_\_\_\_   I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____        _____
Signature of Authorized Representative of Applicant                                      Date

_____        _____
Print Name                                                                                           Title

SBA Form 2483 (04/20)



**Paycheck Protection Program**
**Borrower Application Form**

<u>**Purpose of this form:**</u>

This form is to be completed by the authorized representative of the Applicant and ***submitted to your SBA Participating Lender***. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

<u>**Instructions for completing this form:**</u>

With respect to "purpose of the loan," payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave; allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage, including insurance premiums, and retirement; payment of state and local taxes assessed on compensation of employees; and for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating "Average Monthly Payroll," most Applicants will use the average monthly payroll for 2019, excluding costs over $100,000 on an annualized basis for each employee. For seasonal businesses, the Applicant may elect to instead use average monthly payroll for the time period between February 15, 2019 and June 30, 2019, excluding costs over $100,000 on an annualized basis for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis for each employee.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020, less the amount of any "advance" under an EIDL COVID-19 loan, to Loan Request as indicated on the form.

All parties listed below are considered owners of the Applicant as defined in 13 CFR § 120.10, as well as "principals":

- For a sole proprietorship, the sole proprietor;

- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;

- For a corporation, all owners of 20% or more of the corporation;

- For limited liability companies, all members owning 20% or more of the company; and

- Any Trustor (if the Applicant is owned by a trust).

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to : Small  Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416., and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503.

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination.  When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 USC Section 636(a)(1)(B) of the Small Business Act (the Act).

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. <u>See</u>, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Act using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your  loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) foreclose on collateral or take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants  SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial



**Paycheck Protection Program**
**Borrower Application Form**

institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined, forced to cease operations, or prevented from starting operations. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549; (2 CFR Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible  or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

SBA Form 2483 (04/20)

# EXHIBIT B

**From:** Karl Olson
**Sent:** Thursday, April 16, 2020 2:41 PM
**To:** Fashola, Oreoluwa O.
**Cc:** Kristel Gelera; Karl Olson
**Subject:** RE: Please Narrow/Clarify FOIA SBA-2020-000566

Dear Mr. Fashola,

It was good to talk to you and thanks for getting back to me.

The items you identify below are our top priority, but to clarify, we are not withdrawing the other requests.

And on item 2 below (names and bios of SBA committees, advisory panels, etc.) we do want that to go back to 2014. That information should be easily retrievable.

If you have any questions, don't hesitate to call me.

Regards, Karl Olson

_____
Karl Olson
Attorney at Law

CANNATA
O'TOOLE
FICKES
& OLSON

100 Pine Street, Suite 350
San Francisco, California 94111
Tel: 415.409.8900  Fax: 415.409.8904
**Please consider the environment before printing this e-mail**
_____
For further information about our firm and directions to our San Francisco and Walnut Creek offices, please visit our Firm Website at
www.cofolaw.com

This electronic mail transmission is intended only for the addressee(s) shown above. It may contain information that is confidential, or otherwise protected from disclosure as an attorney-client or attorney work-product privileged communication. Any review, dissemination or use of this transmission or its contents by persons other than the addressee(s) is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at (415) 409-8900, and destroy this document.

**From:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Sent:** Thursday, April 16, 2020 1:54 PM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** FOIA <FOIA@sba.gov>
**Subject:** RE: Please Narrow/Clarify FOIA SBA-2020-000566

Mr. Olson,

Per our phone conversation earlier we are reformulation your request to read as follows:

1

- Records relating to any  committee, advisory group or panel the SBA has established to administer the $350 billion CARES Act response to the coronavirus pandemic, especially the members of that committee and any regulations which they have drafted and correspondence among the members of that committee.
- A list of names and bios of members who serve on any of the active SBA advisory committees
- Data showing how the appropriated funds from the CARES Act were distributed through PPP program.
- Any communication between the White House, SBA, and Congress regarding requests for additional funding for the CARES Act and PPP Program.

In addition you may find additional information regarding the PPP program at the following link, https://content.sba.gov/sites/default/files/2020-04/PPP%20Report%20SBA%204.14.20%20%20-%20%20Read-Only.pdf.


Oreoluwa (Ore) Fashola
Chief, Freedom of Information & Privacy Act (FOI/PA)
Office of Hearings and Appeals (OHA)
U.S. Small Business Administration (SBA)
O – (202) 401-7793
F – (202) 841-1541
oreoluwa.fashola@sba.gov





*This electronic message contains information generated by the SBA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.*

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Wednesday, April 15, 2020 5:15 PM
**To:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Subject:** RE: Please Narrow/Clarify FOIA SBA-2020-000566


CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

Thank you  Ms. Fashola.  Since we are on shelter-at-home restrictions, please call my cell phone, (415) 602-0841.  I look forward to talking at 2  your time tomorrow.

Regards, Karl Olson

_____

Karl Olson
Attorney at Law
CANNATA
O'TOOLE
FICKES
& OLSON

100 Pine Street, Suite 350

San Francisco, California 94111
Tel: 415.409.8900  Fax: 415.409.8904
**Please consider the environment before printing this e-mail**
_____
For further information about our firm and directions to our San Francisco and Walnut Creek offices, please visit our Firm Website at www.cofolaw.com
_____

This electronic mail transmission is intended only for the addressee(s) shown above. It may contain information that is confidential, or otherwise protected from disclosure as an attorney-client or attorney work-product privileged communication. Any review, dissemination or use of this transmission or its contents by persons other than the addressee(s) is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at (415) 409-8900, and destroy this document.

**From:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Sent:** Wednesday, April 15, 2020 12:57 PM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: Please Narrow/Clarify FOIA SBA-2020-000566

2 works great for me I'll give a call then, thank you.

Oreoluwa (Ore) Fashola
Chief, Freedom of Information & Privacy Act (FOI/PA)
Office of Hearings and Appeals (OHA)
U.S. Small Business Administration (SBA)
O – (202) 401-7793
F – (202) 841-1541
oreoluwa.fashola@sba.gov



 

*This electronic message contains information generated by the SBA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.*

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Wednesday, April 15, 2020 1:53 PM
**To:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Cc:** Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: Please Narrow/Clarify FOIA SBA-2020-000566

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

Thanks for getting back to me Ms. Fashola.  I could do any time between 1 and 4 p.m. Eastern time tomorrow.  May I suggest 2 p.m. Eastern? Please let me know if that works.

Regards, Karl Olson

_____
 Karl Olson



Attorney at Law

100 Pine Street, Suite 350
San Francisco, California 94111
Tel: 415.409.8900  Fax: 415.409.8904
**Please consider the environment before printing this e-mail**

For further information about our firm and directions to our San Francisco and Walnut Creek offices, please visit our Firm Website at www.cofolaw.com

This electronic mail transmission is intended only for the addressee(s) shown above. It may contain information that is confidential, or otherwise protected from disclosure as an attorney-client or attorney work-product privileged communication. Any review, dissemination or use of this transmission or its contents by persons other than the addressee(s) is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at (415) 409-8900, and destroy this document.

**From:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Sent:** Wednesday, April 15, 2020 8:54 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Irene Lee <ILee@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: Please Narrow/Clarify FOIA SBA-2020-000566

What time will you be available tomorrow?

Oreoluwa (Ore) Fashola
Chief, Freedom of Information & Privacy Act (FOI/PA)
Office of Hearings and Appeals (OHA)
U.S. Small Business Administration (SBA)
O – (202) 401-7793
F – (202) 841-1541
oreoluwa.fashola@sba.gov





*This electronic message contains information generated by the SBA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.*

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Tuesday, April 14, 2020 7:18 PM
**To:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Irene Lee <ILee@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: Please Narrow/Clarify FOIA SBA-2020-000566

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

Dear Ms. Fashola,

My apologies for getting your name wrong in the email below.  In any event, I would like to discuss the substance of the correspondence when you have a chance, please see the email below.

Regards, Karl Olson

_____

Karl Olson
Attorney at Law



100 Pine Street, Suite 350
San Francisco, California 94111
Tel: 415.409.8900  Fax: 415.409.8904
**Please consider the environment before printing this e-mail**
_____
For further information about our firm and directions to our San Francisco and Walnut Creek offices, please visit our Firm Website at www.cofolaw.com
_____

This electronic mail transmission is intended only for the addressee(s) shown above. It may contain information that is confidential, or otherwise protected from disclosure as an attorney-client or attorney work-product privileged communication. Any review, dissemination or use of this transmission or its contents by persons other than the addressee(s) is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at (415) 409-8900, and destroy this document.

**From:** Karl Olson
**Sent:** Tuesday, April 14, 2020 3:41 PM
**To:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Irene Lee <lLee@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: Please Narrow/Clarify FOIA SBA-2020-000566

Dear Ms. Jackson,

You have asked us to narrow or clarify our request, but that is hard for us to do because you know how many committees, advisory groups and panels the SBA has, and we don't.  Can you tell me how many committees, advisory groups and pens the SBA has, and give me a list, and then I can focus on which ones we are most interested in?

Specifically, we would be interested in records relating to any committee, advisory group or panel the SBA has established to administer the $350 billion CARES Act response to the coronavirus pandemic, especially the members of that committee and any regulations which they have drafted and correspondence among the members of that committee.  But that is not the only thing we are interested in.

Are you available for a telephone call tomorrow afternoon (Wednesday) or Thursday at which we can discuss this request?  If so, please let me know what time is good and what number I should call.

Best regards, Karl Olson

_____

Karl Olson
Attorney at Law



100 Pine Street, Suite 350
San Francisco, California 94111
Tel: 415.409.8900  Fax: 415.409.8904
**Please consider the environment before printing this e-mail**

For further information about our firm and directions to our San Francisco and Walnut Creek offices, please visit our Firm Website at
www.cofolaw.com

This electronic mail transmission is intended only for the addressee(s) shown above. It may contain information that is confidential, or otherwise protected from disclosure as an attorney-client or attorney work-product privileged communication. Any review, dissemination or use of this transmission or its contents by persons other than the addressee(s) is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at (415) 409-8900, and destroy this document.

**From:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Sent:** Tuesday, April 14, 2020 12:56 PM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** FOIA <FOIA@sba.gov>
**Subject:** Please Narrow/Clarify FOIA SBA-2020-000566

Mr. Olson,

This email is in response to your Freedom of Information Act (FOIA) request dated April 9, 2020, and received in our office on the same date.  Your request concerns:

*"All documents indicating, containing, or relating to any committee, advisory panels or groups that currently work or have worked with the Small Business Administration (SBA) between January 1, 2014 and present*

*- All documents indicating, containing, or relating to the names of each individual on each committee, advisory panel, or group that currently works or has worked with the SBA between January 1, 2014 and present*

*- All records of communications (written, oral, or electronic) containing, relating to, or based on any advisory panels or groups that currently work or have worked with the SBA between January 1, 2016 and the present*

*- All records of communications (written, oral, or electronic) containing, relating to, or based on the names of each individual on each committee, advisory panel, or group that currently works or has worked with the SBA between January 1, 2014 and present."*

In accordance with the U.S. Small Business Administration's (SBA) FOIA regulations (102.3 CFR 3(b)), a FOIA requester must describe the records in sufficient detail to enable an employee familiar with the subject area of the request to locate the responsive records with a reasonable amount of effort.  Your request does not meet this requirement.  Because of the broad and general nature of your request and the way in which our records systems are configured, we are unable conduct a reasonable search for information responsive to your request..

Please be as specific as possible concerning the FOIA requests you are seeking.  If you know, please include the date, geographic area, and subject matter of, or the name of the committee, advisory panel, or group, so that we may identify the records you are seeking.

6

We will not proceed further with your request until we receive additional clarification from you.  In accordance with our regulations (102.3 CFR 3(b)), if we do not hear from you within 20 workdays of the date of this letter, we will assume you are no longer interested in this matter and will close the file on your request.

If you have any questions concerning this matter, please contact our office.  Thank you for your interest in the SBA.

Oreoluwa (Ore) Fashola
Chief, Freedom of Information & Privacy Act (FOI/PA)
Office of Hearings and Appeals (OHA)
U.S. Small Business Administration (SBA)
O – (202) 401-7793
F – (202) 841-1541
oreoluwa.fashola@sba.gov





*This electronic message contains information generated by the SBA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.*

# EXHIBIT C

**From:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Sent:** Tuesday, May 19, 2020 11:44 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** FOIA <FOIA@sba.gov>
**Subject:** FOIA Request 2020-000566

Dear Mr. Olson,

This email is in response to your Freedom of Information Act (FOIA) request SBA-2020-000566 that was submitted to the U.S. Small Business Administration (SBA) on April 9, 2020, in which you requested the following:

> - *All documents indicating, containing, or relating to any committee, advisory panels or groups that currently work or have worked with the Small Business Administration (SBA) between January 1, 2014 and present*
> - *All documents indicating, containing, or relating to the names of each individual on each committee, advisory panel, or group that currently works or has worked with the SBA between January 1, 2014 and present*
> - *All records of communications (written, oral, or electronic) containing, relating to, or based on any advisory panels or groups that currently work or have worked with the SBA between January 1, 2016 and the present*

*- All records of communications (written, oral, or electronic) containing, relating to, or based on the names of each individual on each committee, advisory panel, or group that currently works or has worked with the SBA between January 1, 2014 and present*

On April 16, 2020, you amended your request to SBA to search for the additional items listed below:

*- Records relating to any  committee, advisory group or panel the SBA has established to administer the $350 billion CARES Act response to the coronavirus pandemic, especially the members of that committee and any regulations which they have drafted and correspondence among the members of that committee.*

*- A list of names and bios of members who serve on any of the active SBA advisory committees since 2014.*

*- Data showing how the appropriated funds from the CARES Act were distributed through PPP program.*

*- Any communication between the White House, SBA, and Congress regarding requests for additional funding for the CARES Act and PPP Program.*

We are writing to partially respond to your request.  In relation to item one of the amended request, a search for records was conducted by the Office of General Counsel (OGC) and the Agency did not locate records responsive to your request.  Item two of the amended request, in addition to the four items requested in the original request, will be responded to in separate FOIA requests (SBA-2020-001132, SBA-2020-001133, and 2020-001134).  In an email to you on April 16, 2020, a hyperlink was sent that was responsive to item three of the amended request, which is being provided to you again at this time, https://content.sba.gov/sites/default/files/2020-04/PPP%20Report%20SBA%204.14.20%20%20-%20%20Read-Only.pdf.

We are continuing to search for additional records that may be responsive to your request.  If you have any questions about or need assistance with your request, you may contact the Chief, Freedom of Information/ Privacy Acts Office, U.S. Small Business Administration by email at  www.foia.sba.gov.

If you are not satisfied with this action, you may appeal this decision to the Chief, Freedom of Information/ Privacy Acts Office, U.S. Small Business Administration, 409 Third St., SW, Washington, DC 20416.  You must submit an appeal within 90 calendar days of the date of the notice of denial.  The appeal should contain a copy of this correspondence, a description of the information requested and denied, the name and title of the SBA official or employee who denied the request, the reason for the denial, and any other facts you deem appropriate.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration,
8601 Adelphi Road – OGIS College Park, MD 20740-6001
E-mail:  ogis@nara.gov
Telephone: 202-741-5770
Toll-free: 1-877-684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the SBA's FOI/PA Officer.

Thank you for interest in the SBA.

Oreoluwa (Ore) Fashola
Chief, Freedom of Information & Privacy Act (FOI/PA)

Office of Hearings and Appeals (OHA)
U.S. Small Business Administration (SBA)
O – (202) 401-7793
F – (202) 841-1541
oreoluwa.fashola@sba.gov



  

*This electronic message contains information generated by the SBA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.*



U.S. Small Business
Administration

# Paycheck Protection Program (PPP) Report

## Approvals through 4/13/2020

# Summary

| Loan Count | Gross Dollars | Lender Count |
|---|---|---|
| 1,035,086 | $247,543,393,521 | 4,664 |

**Approvals through 4/13/2020**

# States and Territories

| State | Approved Loans | Approved Dollars |
|-------|---------------:|-----------------:|
| AK | 2,703 | $602,911,645 |
| AL | 19,244 | $3,819,600,518 |
| AR | 14,803 | $2,166,563,254 |
| AS | 1 | $389,500 |
| AZ | 10,898 | $3,524,770,207 |
| CA | 54,922 | $20,853,495,045 |
| CO | 28,469 | $5,830,781,842 |
| CT | 11,930 | $2,923,132,220 |
| DC | 1,663 | $791,004,872 |
| DE | 1,974 | $590,422,870 |
| FL | 52,021 | $12,656,107,018 |
| GA | 29,423 | $6,725,718,213 |
| GU | 238 | $53,659,254 |
| HI | 8,426 | $1,626,051,108 |
| IA | 22,295 | $3,748,993,223 |
| ID | 8,846 | $1,399,191,164 |
| IL | 44,453 | $12,503,648,850 |
| IN | 23,583 | $5,986,077,384 |
| KS | 19,915 | $3,729,110,056 |
| KY | 17,216 | $3,336,402,794 |

| State | Approved Loans | Approved Dollars |
|-------|---------------:|-----------------:|
| LA | 17,097 | $3,745,462,888 |
| MA | 27,315 | $7,073,245,593 |
| MD | 11,937 | $3,756,206,258 |
| ME | 10,889 | $1,710,424,025 |
| MI | 24,974 | $7,321,573,738 |
| MN | 33,819 | $7,633,395,870 |
| MO | 34,088 | $6,433,368,771 |
| MP | 29 | $7,540,546 |
| MS | 14,209 | $1,921,783,598 |
| MT | 10,372 | $1,293,105,048 |
| NC | 23,786 | $5,729,549,254 |
| ND | 8,232 | $1,386,597,176 |
| NE | 18,565 | $2,727,637,044 |
| NH | 7,113 | $1,520,212,834 |
| NJ | 17,187 | $5,897,533,934 |
| NM | 5,365 | $1,103,753,677 |
| NV | 4,209 | $1,255,172,600 |
| NY | 40,975 | $11,737,950,918 |
| OH | 38,016 | $10,368,882,724 |
| OK | 26,451 | $4,009,914,991 |

| State | Approved PPP Loans | Approved Dollars |
|-------|-------------------:|-----------------:|
| OR | 9,508 | $2,427,776,445 |
| PA | 36,604 | $9,910,549,957 |
| PR | 1,001 | $319,308,946 |
| RI | 4,110 | $875,591,033 |
| SC | 14,273 | $2,756,101,029 |
| SD | 7,986 | $1,156,576,164 |
| TN | 19,074 | $4,742,194,968 |
| TX | 88,434 | $21,776,306,479 |
| UT | 12,914 | $2,617,066,864 |
| VA | 26,880 | $6,615,120,527 |
| VI | 68 | $13,116,530 |
| VT | 4,886 | $853,707,598 |
| WA | 18,906 | $4,928,845,742 |
| WI | 31,702 | $7,288,143,288 |
| WV | 5,211 | $1,054,712,809 |
| WY | 5,730 | $706,932,317 |

**Approvals through 4/13/2020**

SBA

# Loan Size

| Loan Size | Approved Loans | Approved Dollars | % of Count | % of Amount |
|---|---|---|---|---|
| $150K and Under | 725,058 | $37,178,984,187 | 70.05% | 15.02% |
| >$150K - $350K | 156,590 | $35,735,615,983 | 15.13% | 14.44% |
| >$350K - $1M | 102,473 | $59,291,602,643 | 9.90% | 23.95% |
| >$1M - $2M | 31,176 | $43,278,883,532 | 3.01% | 17.48% |
| >$2M - $5M | 16,516 | $49,288,997,593 | 1.60% | 19.91% |
| >$5M | 3,273 | $22,769,309,582 | 0.32% | 9.20% |

- Overall average loan size is $239,152.

**Approvals through 4/13/2020**

# Industry by NAICS Subsector

| NAICS Subsector Description | Approved Loans | Approved Dollars | % of Amount |
|---|---|---|---|
| Construction | 114,838 | $33,994,993,103 | 13.73% |
| Professional, Scientific, and Technical Services | 126,372 | $30,347,630,866 | 12.26% |
| Manufacturing | 72,728 | $30,324,381,642 | 12.25% |
| Health Care and Social Assistance | 114,236 | $27,907,315,755 | 11.27% |
| Accommodation and Food Services | 108,179 | $22,729,710,765 | 9.18% |
| Retail Trade | 105,796 | $21,205,961,588 | 8.57% |
| Wholesale Trade | 42,280 | $14,340,947,724 | 5.79% |
| Other Services (except Public Administration) | 93,538 | $12,302,748,049 | 4.97% |
| Administrative and Support and Waste Management and Remediation Services | 45,492 | $10,620,220,830 | 4.29% |
| Real Estate and Rental and Leasing | 48,940 | $7,963,204,190 | 3.22% |
| Transportation and Warehousing | 28,181 | $7,824,422,844 | 3.16% |
| Finance and Insurance | 36,714 | $5,780,025,663 | 2.33% |
| Educational Services | 15,213 | $5,664,150,353 | 2.29% |
| Information | 13,693 | $4,449,853,324 | 1.80% |
| Arts, Entertainment, and Recreation | 25,785 | $3,690,034,085 | 1.49% |
| Mining | 8,133 | $3,010,017,134 | 1.22% |
| Agriculture, Forestry, Fishing and Hunting | 27,428 | $2,973,951,117 | 1.20% |
| Management of Companies and Enterprises | 2,278 | $887,589,299 | 0.36% |
| Public Administration | 3,058 | $824,899,859 | 0.33% |
| Utilities | 2,056 | $701,335,031 | 0.28% |

**Approvals through 4/13/2020**

SBA

# EXHIBIT D



Karl Olson
kolson@cofolaw.com

May 22, 2020

**By Email (Only)**
Oreoluwa Fashola
David A. Fishman
U.S. SMALL BUSINESS ADMINISTRATION
409 3rd St, SW Washington DC 20416
oreoluwa.fashola@sba.gov
david.fishman@sba.gov

Re:    **FOIA Request No. SBA-2020-000566 (and FOIA Request Nos.**
        **SBA-2020-001132, SBA-2020-001133, and 2020-001134)**

Dear Mr. Fashola,

I am writing in response to your May 19, 2020 e-mail labeled "FOIA Request 2020-000566" about an April 9, 2020 Freedom of Information Act ("FOIA") request, and an April 16, 2020 clarification of and supplement to that request, made by my client the American Small Business League ("ASBL").

In your May 19, 2020 e-mail, you provided a determination on only a narrow part of ASBL's FOIA request, you did not provide a determination on the remainder, and did you not produce any records. In response to ASBL's request for "Records relating to any committee, advisory group or panel the SBA has established to administer the $350 billion CARES Act response to the coronavirus pandemic, especially the members of that committee and any regulations which they have drafted and correspondence among the members of that committee," your e-mail stated that "a search for records was conducted by the Office of General Counsel (OGC) and the Agency did not locate records responsive to your request." You left the remainder of ASBL's FOIA request unanswered. As a result, your e-mail was not a "determination," and thus the time to administratively appeal has not yet begun running, on the remainder of ASBL's FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i) (requiring that a determination "notify the person making such request of such determination and the reasons therefor"); *Citizens for Responsibility & Ethics in Washington* ("*CREW*") *v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) (holding that to qualify as a "determination triggering the time to administratively appeal, an agency's response to a FOIA request "must at least inform the requester of the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents").

Mr. Fashola
May 22, 2020
Page 2

We are aware that the SBA has failed to comply with several FOIA requests that, like ASBL's requests, seek the names of recipients of loans under the Paycheck Protection Program and the amounts of the loans they received. Those requests are like ASBL's request for "[d]ata showing how the appropriated funds from the CARES Act were distributed through PPP program," which sought records showing the names of recipients of loans and the amounts of the loans received by each loan recipient through the Paycheck Protection Program. The SBA disclosed only aggregate information which did not comply with the FOIA requests for individual names and amounts of recipients. Indeed, the SBA has been sued for this failure by a media coalition in the U. S. District Court for the District of Columbia. *See WP Company LLC v. U.S. Small Bus. Admin.*, Case No. 1:20-cv-01240, Dkt. No. 1 (D.D.C.). We are particularly concerned that, as to this vital component of ASBL's FOIA request, the SBA may continue to refuse to make a determination, and may eventually deny ASBL access to this important information. I hope we're wrong about that, but either way, as stated below, we demand an unequivocal response regarding ASBL's initial FOIA request and supplemental FOIA request within seven days of the date of this letter.

With respect to the relatively tiny portion of ASBL's FOIA request on which your e-mail provided a determination, whether ASBL will file an administrative appeal hinges in part on two questions, which I hope you will answer informally:

1.      Did the OGC's search include the entirety of the SBA, or just the OGC itself?

2.      Does the SBA's response mean that it has not created "any committee, advisory group or panel" "to administer the $350 billion CARES Act response to the coronavirus pandemic?" (We note parenthetically that if the SBA hasn't appointed a committee or advisory panel about the disbursement of what is now $600 billion in CARES Act funds, that's a troubling sign.)

With respect to the remainder of ASBL's FOIA request, as explained below, the SBA's statutory deadline to provide ASBL with a determination has now come and gone. ASBL demands a complete and legally compliant determination on its FOIA request by May 29, 2020.

FOIA provides that an agency must, at least as a general matter:

. . . determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

5 U.S.C. § 552(a)(6)(A)(i). "The 20-working-day timeline is not absolute. In 'unusual circumstances,' an agency may extend the time limit to up to 30 working days by written notice to the requester." *CREW*, 711 F.3d at 184. However, the "unusual circumstances" that would permit an extension are set forth in 5 § 552(a)(6)(B)(i), you have not invoked any of these "unusual circumstances," and none of these unusual circumstances apply here.

Mr. Fashola
May 22, 2020
Page 3

Applying these rules, the SBA has exceeded its determination deadline. ASBL made its initial FOIA request on April 9, 2020. ASBL then clarified and supplemented its request on April 16, 2020. Counting from either date, the SBA's 20-working-day timeline has come and gone. 20 working days from April 9, 2020 was May 7, 2020, and 20 working days from April 16, 2020 was May 14, 2020. Both dates have passed, but ASBL has received no "determination" on any part of its request except for the narrow part referenced above, and the SBA has not produced any records.

ASBL demands that the SBA provide a complete and legally compliant determination on its entire request within seven (7) days, by no later than May 29, 2020. Lest there be any doubt about what that means, as the D.C. Circuit has held,

> . . . in order to make a "determination" and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

*CREW*, 711 F.3d at 188. Put another way, this means that the SBA must complete a lawful search for responsive records, evaluate what exemptions, if any, it intends to invoke, and advise ASBL as to the exemptions it is invoking and the scope of any withholdings and forthcoming disclosures.

If the SBA does not comply, one " 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *CREW*, 711 F.3d at 189. In other words, ASBL will be able to sue the SBA for non-compliance with its FOIA request, obtain judicial supervision of the SBA's response, and obtain judicial relief if the SBA continues to fail to respond or responds in a way that is incomplete or inconsistent with FOIA's requirements. Moreover, at least one case in the Northern District of California, where ASBL is located, has entered a declaratory judgment for the plaintiff based on an agency's repeated violations of FOIA's timelines – so the SBA's continued delinquency alone may entitle ASBL to not only file a lawsuit against the SBA, but also obtain a judgment in its favor. *See Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, Case Nos. 14–4365 SC, 14–1130 SC, 2015 WL 4452136, at *8 (N.D. Cal. Jul. 20, 2015) ("[T]he Fisheries Service and Fish and Wildlife Service's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA.") (internal citations and quotation marks omitted).

If ASBL is forced to sue the SBA to make it comply with FOIA, ASBL will seek – and likely recover, given the importance of the records at issue – its attorney's fees and costs. *See* 5 U.S.C. § 552(a)(4)(E). This is no idle threat; ASBL has a pending lawsuit against the Department of Defense and the Department of Justice in the Northern District of California, in which the undersigned is its counsel, in which it has already recovered in a negotiated settlement attorney's fees and costs in the amount of $500,000. *See American Small Business League v. U.S. Dep't of Defense*, Case No. 3:18-cv-01979-WHA (N.D. Cal.). ASBL has brought many other lawsuits throughout its history as well, including lawsuits against the SBA, and it remains prepared to litigate to enforce its and the public's right of access.

Mr. Fashola
May 22, 2020
Page 4

Please confirm in a prompt response e-mail that the SBA will provide ASBL with a complete and legally compliant determination on its entire FOIA requests by no later than May 29, 2020.

We assume that, consistent with 5 U.S.C. § 552(a)(7)(B), because ASBL's FOIA request has already take more than ten (10) days to answer, the SBA has "a telephone line or Internet service that provides information about the status of a request" that we can use to learn "an estimated date on which the agency will complete action on the request." If the SBA will not confirm its intent to comply with our extended May 29, 2020 deadline, please either provide the SBA's estimated completion date for this request to us by e-mail or identify the telephone number or Internet address where the estimated completion date can be found.

If you have any questions or concerns about this letter, or if you would like to discuss potential alternative determination and disclosure timelines, please give me a call at (415) 602-0841. ASBL is open to discussing a determination and disclosure schedule with the SBA that allows the SBA more time to respond to some aspects of ASBL's FOIA request, but **ASBL also requires the very prompt disclosure of records showing the names and loan amounts of recipients of loans under the Paycheck Protection Program. Those records are most important to ASBL and its mission to protect small businesses, which is more critical than ever in these turbulent times when the very existence of millions of small businesses is imperiled. And those records are essential so that the public will have a right to know where $600 billion in taxpayer money has gone**.

Very truly yours,

CANNATA, O'TOOLE, FICKES & OLSON LLP

Karl Olson

KO:hs