James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

Attorney for Defendant
U.S. SMALL BUSINESS ADMINISTRATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION,<br><br>Defendant. | Case No. 3:20-cv-04619 (MMC)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY AND IN OPPOSITION TO PLAINTIFF'S PREMATURE MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date on Motion for Summary Judgment: October 9, 2020, 9:00 am<br><br>Hearing Date on Motion to Stay: October 23, 2020, 9:00 am<br><br>Location: Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA<br><br>Judge: Honorable Maxine M. Chesney |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 5

      A.     This case should be stayed pending the resolution of the identical issue in
           earlier-filed cases in the District of Columbia. ....................................................... 5

      B.     In the alternative, the motion for summary judgment should be denied as
           premature. ............................................................................................................. 10

CONCLUSION ................................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Beck v. DOJ*, Civ. A. No. 88-3433 (JHG),
   1991 WL 519827 (D.D.C. Jan. 31, 1991) ............................................................................ 7

*Chronicle Pub. Co. v. Nat'l Broadcasting Co.*,
   294 F.3d 744 (9th Cir. 1961).............................................................................................. 6

*Church of Scientology of Cal. v. Dept. of the Army*,
   611 F.2d 738 (9th Cir. 1979)............................................................................................... 7

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962)............................................................................................... 6

*Clinton v. Jones*,
   520 U.S. 681 (1997) ........................................................................................................... 5

*CREW v. FEC*,
   711 F.3d 180 (D.C. Cir. 2013) ......................................................................................... 10

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
   498 F.3d 1059 (9th Cir. 2007)............................................................................................ 5

*Fiduccia v. U.S. Dep't of Justice*,
   185 F.3d 1035 (9th Cir. 1999)............................................................................................ 1

*Gerstein v. CIA*,
   2008 WL 4415080 (N.D. Cal. Sept. 26, 2008)................................................................ 12

*In re Scott*,
   709 F.2d 717 (D.C. Cir. 1983) .......................................................................................... 8

*Landis v. North American Co.*,
   299 U.S. 248 (1936) ............................................................................................ 5, 6, 9, 13

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979).............................................................................................. 6

*NRDC v. EPA*,
   2009 WL 1767570 (D.D.C. June 23, 2009) .................................................................... 11

*Our Children's Earth Found. v. EPA*,
   2008 WL 3181583 (N.D. Cal. Aug. 4, 2008) ................................................................... 8

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ........................................................................................................... 8

*Wiener v. FBI*,
  943 F.2d 972 (9th Cir. 1991) ............................................................................ 11

*Willis v. United States*,
  581 F. Supp. 2d 57 (D.D.C. 2008) .................................................................... 11

*Zemansky v. EPA*,
  767 F.2d 569 (9th Cir. 1985) ............................................................................ 10

## STATUTES

5 U.S.C. § 552(a)(4)(B) ....................................................................................... 1, 8

5 U.S.C. § 552(a)(6) ............................................................................................... 10

15 U.S.C. § 636(a)(36) ............................................................................................ 2

**INTRODUCTION**

In early July, the U.S. Small Business Administration (SBA) released detailed data on the loans made through the Paycheck Protection Program.  But the identities of the borrowers of the smallest loans were not included in that release; neither were the precise loan amounts of the larger loans.  In two earlier-filed Freedom of Information Act cases now pending in district court in the District of Columbia—which is expert in such matters, *see* 5 U.S.C. § 552(a)(4)(B)—the SBA explained that it was withholding that information pursuant to FOIA Exemptions 4 and 6.  Summary judgment briefing in those cases will be complete in less than two weeks.  Plaintiff in this case, the American Small Business League (ASBL), has filed an early summary judgment motion about the very same information.  To conserve judicial resources and reduce the possibility of inconsistent rulings, the SBA moves to stay this case pending resolution of the identical issues in the District of Columbia.

In the alternative, the government asks the Court to deny plaintiff's motion for summary judgment as premature, and set an orderly schedule for the SBA to respond to plaintiff's Freedom of Information Act (FOIA) request and explain the basis for any information withheld under claim of exemption.  The SBA has not made a final response to plaintiff's FOIA request, much less explained any withholdings.  When an agency denies a FOIA request in whole or in part, "the agency bears the burden of justifying its denial with a sufficiently detailed description of what it is refusing to produce and why." *Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035, 1042 (9th Cir 1999).  That justification takes the form of a signed declaration, often called a *Vaughn* index, that accompanies the agency's summary judgment motion, filed after all productions are completed.  The Court should deny plaintiff's premature motion for summary judgment and follow the normal procedure for FOIA cases.

1

## BACKGROUND

On April 9, 2020, the American Small Business League submitted a Freedom of Information Act request to the U.S. Small Business Administration, seeking:

- All documents indicating, containing, or relating to any committee, advisory panels or groups that currently work or have worked with the Small Business Administration (SBA) between January 1, 2014 and present;

- All documents indicating, containing, or relating to the names of each individual on each committee, advisory panel, or group that currently works or has worked with the SBA between January 1, 2014 and present;

- All records of communications (written, oral, or electronic) containing, relating to, or based on any advisory panels or groups that currently work or have worked with the SBA between January 1, 2016 and the present; and

- All records of communications (written, oral, or electronic) containing, relating to, or based on the names of each individual on each committee, advisory panel, or group that currently works or has worked with the SBA between January 1, 2014 and present.

Pl.'s MSJ, Ex. A at 1. This request did not seek data regarding loans made through the Paycheck Protection Program, *see* 15 U.S.C. § 636(a)(36), which had begun accepting applications less than a week before.

An exchange of correspondence followed, in which the SBA asked ASBL to narrow or clarify its request, and ASBL confirmed that it was seeking records about committees, advisory groups and panels. Then, after a telephone call with ASBL's representative, the SBA wrote on April 16 to say that it was reformulating ASBL's request to read as follows:

- Records relating to any committee, advisory group or panel the SBA has established to

2

administer the $350 billion CARES Act[1] response to the coronavirus pandemic,
especially the members of that committee and any regulations which they have drafted
and correspondence among the members of that committee;

- A list of names and bios of members who serve on any of the active SBA advisory
  committees;

- Data showing how the appropriated funds from the CARES Act were distributed through
  PPP program; and

- Any communication between the White House, SBA, and Congress regarding requests
  for additional funding for the CARES Act and PPP Program.

Pl.'s MSJ, Ex. B at 1–2. ASBL's representative responded that it was "not withdrawing the other requests" set out in its initial letter. *Id.* at 2. Because many of the April 16 requests were not encompassed by the April 9 requests, the SBA has treated them as separate sets of FOIA requests.

On May 12, the *Washington Post* and other news organizations filed a Freedom of Information Act suit in the District of Columbia district court, seeking data on loans made through the Paycheck Protection Program. *See Washington Post, et al. v. U.S. Small Business Administration*, No. 20-cv-1240 (D.D.C.). On June 19, the Center for Public Integrity filed a related FOIA suit seeking the same information (as well as other records). *Center for Public Integrity v. U.S. Small Business Administration*, No. 20-cv-1614 (D.D.C.). At the time these suits were filed, the SBA had not made final responses to the FOIA requests. In the *Washington Post* case, the district court ordered the SBA to "issue a final response" to the FOIA requests and

---

[1] The Coronavirus Aid, Relief, and Economic Security Act was enacted on March 27, 2020. Pub. L. No. 116-136, 134 Stat. 281.

1  "produce any responsive non-exempt records" by July 13.  Minute Order of June 29, 2020,

2  *Washington Post*, No. 20-cv-1240 (D.D.C.).

3       On July 6, 2020, SBA released detailed information on each of the 4.9 million PPP loans

4  made to that point.  The loan-level data included the following fields: city, state, ZIP code,

5  NAICS code;[2] business type; race/ethnicity; gender; veteran status; nonprofit status; jobs

6  reported as retained; date approved; lender; and congressional district.  For loans of $150,000 or

7  more, it also included business names and street addresses, and loan amounts expressed in ranges

8  (not precise values) as follows: $150,000 to $350,000; $350,000 to $1 million; $1 million to $2

9  million; $2 million to $5 million; $5 million to $10 million.  For loans of less than $150,000, the

10  loan-level data included the precise amount of the PPP loan, but not the business name or street

11  address.[3]

12       On July 21, the district court entered a summary judgment briefing schedule in the

13  *Washington Post* case, with the SBA's motion for summary judgment due four weeks later, on

14  August 18, and briefing on the parties' cross-motions to be completed by September 29.  On

15  August 11, after the SBA made its response to the PPP data portion of the Center for Public

16  Integrity's request, the district court entered the identical schedule for summary judgment

17  briefing.  The SBA timely filed its summary judgment motion in both cases, along with a

18  declaration explaining that certain data had been withheld pursuant to Exemptions 4 and 6 of the

19  Freedom of Information Act.

---

[2] The North American Industry Classification System (NAICS) code is a self-assigned code that best fits a business's primary industry.  For example, barber shops are assigned NAICS code 812111, while beauty salons are assigned NAICS code 812112, and nail salons are assigned NAICS code 812113.

[3] The PPP loan data, which has now been updated through August 8, 2020, is available at https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-protection-program?utm_medium=email&utm_source=govdelivery#section-header-11.

1        The American Small Business League filed the instant case on July 10.  At that time the

2   SBA had not—and it still has not—made a final response to ASBL's request for PPP data, or to

3   most of the other parts of its FOIA requests, which the SBA continues to process.  The SBA

4   answered on August 14 and this Court issued a scheduling order three days later, setting a case

5   management conference for October 16.

6        ASBL filed a partial motion for summary judgment on September 4.  In its motion, at 15,

7   the League admitted that the SBA had not yet "informed ASBL of whether or the extent to which

8   it intends to disclose records in response to ASBL's FOIA request," nor "whether or the extent to

9   which it intends to withhold records or information based on FOIA exemptions, or, if so, what

10  exemptions it believes apply."  But the League pointed to the SBA's position in the earlier-filed

11  *Washington Post* case in the District of Columbia, including the declaration filed by the SBA,

12  and asked this Court to rule on the position that the government had taken there.  ECF No. 20 at

13  19–25.

14                                    **ARGUMENT**

15  **A.    This case should be stayed pending the resolution of the identical issue in**

16          **earlier-filed cases in the District of Columbia.**

17        "The District Court has broad discretion to stay proceedings as an incident to its power to

18  control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay

19  proceedings is incidental to the power inherent in every court to control the disposition of the

20  causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

21  How this can best be done calls for the exercise of judgment, which must weigh competing

22  interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55

23  (1936). *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th

1    Cir. 2007) (affirming "the general principle that a district court possesses the inherent power to

2    control its docket and promote efficient use of judicial resources"); *CMAX, Inc. v. Hall*, 300 F.2d

3    265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the

4    causes on its docket in a manner which will promote economy of time and effort for itself, for

5    counsel, and for litigants. The exertion of this power calls for the exercise of a sound

6    discretion.").

7         "A trial court may, with propriety, find it is efficient for its own docket and the fairest

8    course for the parties to enter a stay of an action before it, pending resolution of independent

9    proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857,

10   863–64 (9th Cir. 1979); *Chronicle Pub. Co. v. Nat'l Broadcasting Co.*, 294 F.3d 744, 746 (9th

11   Cir. 1961) (noting that "the district court has the general power to stay proceedings on equitable

12   principles pending the outcome of some other proceeding").  The power to grant a stay pending

13   proceedings in another court is not limited to those instances where the parties and issues are

14   identical. *See Landis*, 299 U.S. at 254–55; *Leyva*, 593 F.2d at 863–64 ("This rule applies whether

15   the separate proceedings are judicial, administrative, or arbitral in character, and does not require

16   that the issues in such proceedings are necessarily controlling of the action before the court.").

17   "Especially in cases of extraordinary public moment, the individual may be required to submit to

18   delay not immoderate in extent and not oppressive in its consequences if the public welfare or

19   convenience will thereby be promoted." *Landis*, 299 U.S. at 256. "In such cases the court may

20   order a stay of the action pursuant to its power to control its docket and calendar and to provide

21   for a just determination of the cases pending before it." *Leyva*, 593 F.2d at 863–64.

22        Although not required, courts have deferred to other district courts in FOIA cases

23   involving requests for the same records.  In *Evans v CIA*, No. 11-cv-2544 (D. Colo.), the district

1    court entered a stay pending resolution of an earlier-filed case regarding the same records in the

2    District of Columbia.  *See* Minute Order of Nov. 30, 2011 ("This action is stayed for 30 days

3    after a final judgment is entered in *Judicial Watch v. Dept. of Defense*, Civil Action No. 11-890-

4    (JEB) (D.D.C.).").  And in *Beck v. DOJ*, Civ. A. No. 88-3433 (JHG), 1991 WL 519827, at * 5

5    (D.D.C. Jan. 31, 1991), *aff'd in part*, 1992 WL 360498 (D.C. Cir. Nov. 19, 1992) (per curiam,

6    summary affirmance), the district court dismissed a FOIA action as it pertained to a set of Drug

7    Enforcement Administration documents that were the same records at issue in a case filed in the

8    Western District of Texas, on grounds of federal comity.

9        In *Church of Scientology of Cal. v. Dept. of the Army*, 611 F.2d 738, 749–50 (9th Cir.

10   1979), the Ninth Circuit affirmed the district court's refusal to order the release of a document

11   that was the subject of pending litigation in federal district court in the District of Columbia. The

12   district court relied on "the doctrine of federal comity, a discretionary doctrine which permits

13   one district to decline judgment on an issue which is properly before another district." *Id.* at 749.

14   "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to

15   avoid the embarrassment of conflicting judgments." *Id.*  "Comity works most efficiently where

16   previously-filed litigation is brought promptly to the attention of the district court, and the court

17   defers." *Id.*

18       Here, as ASBL concedes, two earlier-filed cases pending in district court in the District of

19   Columbia present exactly the same question that ASBL has raised in its motion for summary

20   judgment: whether the SBA must disclose the PPP borrower names and loan amounts that ASBL

21   seeks, or whether that information is exempt from disclosure under FOIA.  *See Washington Post,*

22   *et al. v. U.S. Small Business Administration*, No. 20-cv-1240 (D.D.C. filed May 12, 2020);

23   *Center for Public Integrity v. U.S. Small Business Administration*, No. 20-cv-1614 (D.D.C. filed

7

1    June 19, 2020).  These two cases are pending before the same district judge, and being handled

2    in a coordinated fashion.  The SBA filed its motions for summary judgment on August 18.

3    Plaintiffs filed their cross-motions on September 8, and briefing will conclude on September 29.

4          Because ASBL is not a plaintiff in those cases, the SBA is not moving to dismiss ASBL's

5    claim for those records from this case. *Cf. Taylor v. Sturgell*, 553 U.S. 880 (2008) (holding that a

6    non-party to an earlier judgment cannot be precluded from bringing a FOIA suit involving the

7    same documents at issue in the prior judgment). However, there are compelling reasons for the

8    Court to exercise its discretion to stay this case until there is a decision in the *Washington Post*

9    and *Center for Public Integrity* cases.  In these FOIA cases (as in most FOIA cases), the only

10   issue is the propriety of the Government's withholdings; the identity of the plaintiff is irrelevant.

11         FOIA grants the district court in the District of Columbia venue for all FOIA cases, *see* 5

12   U.S.C. § 552(a)(4)(B), and, as a result, that district handles more FOIA cases than any other

13   jurisdiction.  (Indeed, this case could have been brought in the District of Columbia and

14   coordinated with the earlier-filed cases pending there.)  This case falls squarely within the

15   mainstream of FOIA litigation routinely handled by the district courts in D.C., which have

16   "'substantial expertise' in working with the FOIA." *In re Scott*, 709 F.2d 717, 720 (D.C. Cir.

17   1983) (quoting S. Rep. No. 854, 93d Cong., 2d Sess. 12-13 (1974) (FOIA legislative history)).

18   Although the D.C. district court's ruling in the *Washington Post* and *Center for Public Integrity*

19   cases will not be binding, this Court respectfully would benefit from that court's analysis and

20   conclusions as to whether the very information at issue here is exempt from disclosure under

21   FOIA. *See Our Children's Earth Found. v. EPA*, 2008 WL 3181583, at *6 (N.D. Cal. Aug. 4,

22   2008) (explaining that "the federal courts in the District of Columbia have 'long been on the

1    leading edge' of interpreting the FOIA" (quoting *Matlack, Inc. v. EPA*, 868 F. Supp. 627, 630 &

2    n. 3 (D. Del. 1994)).

3          Staying the case pending a decision in the earlier-filed cases will not prejudice ASBL, as

4    briefing will soon be completed there. Thus, there is no reason to believe that the stay will be

5    "immoderate in extent." *Landis*, 299 U.S. at 256–57. A stay would also conserve the resources of

6    the parties and the Court in litigating the case. A decision in the earlier-filed cases has the

7    potential to affect the parties' litigating positions in this case and the Court's analysis of the

8    merits of the case.  And a stay would reduce the risk of conflicting judicial decisions on the

9    propriety of the same withholdings of information.  It would therefore promote judicial economy

10   to stay this case pending a decision in the D.C. cases. During the course of that stay, the SBA

11   would continuing working on responding to ASBL's FOIA requests that are not at issue in its

12   motion for summary judgment.

13          Staying these proceedings pending a decision from the D.C. district court will promote

14   "economy of time and effort for [the Court], for counsel, and for litigants." *Landis*, 299 U.S. at

15   254. For all of the foregoing reasons, the SBA respectfully requests that the Court stay

16   proceedings in this matter until 30 days after the district court issues its decision in *Washington*

17   *Post, et al. v. U.S. Small Business Administration*, No. 20-cv-1240 (D.D.C.), and *Center for*

18   *Public Integrity v. U.S. Small Business Administration*, No. 20-cv-1614 (D.D.C.).  No more than

19   30 days after that decision, the parties to this action will confer and jointly propose to the Court a

20   schedule for proceeding in this action.

21

22

1   **B.      In the alternative, the motion for summary judgment should be denied as**

2   **premature.**

3          In the alternative, ASBL's motion for partial summary judgment should be denied as

4   premature.  The normal process for adjudicating FOIA cases is for the agency to complete its

5   production of responsive records, for the parties to meet and confer about the plaintiff's

6   challenges to that production, and then for the agency to move for summary judgment and

7   defend its production, including any withholdings.  ASBL provides no reason to deviate from

8   that process here, and adjudicate *the propriety of what it expects the SBA to withhold from one*

9   *portion of its response* to two four-part FOIA requests.

10         The posture of this case is quite common.  In April, ASBL submitted two FOIA requests

11  seeking eight separate groups of records.  It sued in July, seeking to compel the production of

12  responsive records.  ASBL could do so because FOIA provides that an agency shall make a

13  "determination" on each request within twenty—or, in unusual circumstances, thirty—business

14  days.  5 U.S.C. § 552(a)(6).  "[I]f an agency fails to make and communicate its 'determination'

15  whether to comply with a FOIA request within [those] statutory timelines, the requester 'shall be

16  deemed to have exhausted his administrative remedies,'" and may file suit in district court.

17  *CREW v. FEC*, 711 F.3d 180, 184 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(a)(6)(C)(i)).  In such

18  cases, the standard practice is for the Court to oversee the agency's production.  *See, e.g.*,

19  *Zemansky v. EPA*, 767 F.2d 569, 570 (9th Cir. 1985) ("Zemansky sued EPA to obtain

20  appropriate responses to [his FOIA] requests. While the litigation was pending, EPA provided

21  Zemansky hundreds of pages of documents. . . .").  It is not, as ASBL suggests, MSJ at 18, for

22  the Court to entertain immediate summary judgment briefing.

1    When production is complete, a plaintiff may challenge the adequacy of the agency's

2   search or the propriety of any of its withholdings under claim of exemption.  Summary judgment

3   briefing follows the completion of production so that the parties and the court can efficiently

4   address all search issues and claims of withholdings at the same time.  *See, e.g.*, *Willis v. United

5   States*, 581 F. Supp. 2d 57, 64–65 (D.D.C. 2008) (explaining that the court denied as premature

6   plaintiff's motion for an "[o]rder directing the government to release all requested records"

7   because they "related to the merits of the parties' FOIA . . . arguments that were yet to be

8   determined"); *NRDC v. EPA*, No. 08-1429 (PLF), 2009 WL 1767570, at *1 (D.D.C. June 23,

9   2009) (denying without prejudice a FOIA requester's motion for summary judgment because "an

10   immediate award of judgment typically is considered premature" prior to the federal agency's

11   production obligations).

12    The agency generally moves for summary judgment first because it is the agency's

13   burden to establish the adequacy of its search and the propriety of any withholdings under

14   FOIA's exemptions.  The agency does this by submitting a declaration explaining its search and

15   justifying its withholdings, along with its motion for summary judgment.  *See, e.g.*, *Wiener v.

16   FBI*, 943 F.2d 972, 977 (9th Cir. 1991) ("[G]overnment agencies seeking to withhold documents

17   requested under the FOIA have been required to supply the opposing party and the court with a

18   '*Vaughn* index,' identifying each document withheld, the statutory exemption claimed, and a

19   particularized explanation of how disclosure of the particular document would damage the

20   interest protected by the claimed exemption." (footnote omitted)).  The purpose of the

21   declaration is to "'afford the FOIA requester a meaningful opportunity to contest, and the district

22   court an adequate foundation to review, the soundness of the withholding'" and the adequacy of

23   the search.  *Id.* (quoting *King v. Dep't of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987)).  This

1   Court has followed this well-worn procedure in FOIA cases.  *E.g.*, *Gerstein v. CIA*, 2008 WL

2   4415080 (N.D. Cal. Sept. 26, 2008) (Chesney, J.) (evaluating the adequacy of explanations in

3   government affidavits after the government filed its motion for summary judgment and the FOIA

4   requester filed a cross-motion).

5        ASBL's motion for summary judgment seeks to short-circuit this standard procedure.

6   ASBL seeks to litigate the propriety of withholdings before they have even occurred in this case.

7   It has moved for summary judgment at the very outset of the litigation, before the agency has

8   produced documents in response to plaintiff's FOIA requests and withheld any information, on

9   the basis of what the agency has done in litigation in the District of Columbia.  But as noted

10  above, the overlap between this case and the parallel cases in the District of Columbia provides

11  good reason to stay this case pending a decision in those cases, not a reason for the Court to

12  adjudicate summary judgment based on the record from another case.  *See, e.g.*, MSJ at 21

13  (discussing the SBA's briefing in *Washington Post*).

14       ASBL brought this suit after submitting two separate four-part FOIA requests that mostly

15  sought records about SBA committees, advisory groups and panels.  One of those eight parts

16  sought data on loans made through the Paycheck Protection Program.  The SBA has not yet

17  made a final response to that portion, or most of the other portions, of the League's FOIA

18  request.  The SBA asks the Court to stay its resolution of the PPP data portion of this case until

19  the District of Columbia district court resolves the identical question, for the reasons set forth

20  above.  Plaintiff would have the Court take the opposite course, ruling on the PPP data issue *on*

21  *the basis of papers filed in the District of Columbia*.  Even if this Court wishes to proceed

22  simultaneously, it should afford the SBA an opportunity to present a declaration in this Court,

23  rather than ruling on arguments presented elsewhere.  This Court should exercise its inherent

1   power "to control the disposition of the causes on its docket" by denying Plaintiff's motion as

2   premature. *Landis*, 299 U.S. at 254–55.

3                                        **CONCLUSION**

4          For the reasons set forth above, the Court should stay this case pending the resolution of

5   earlier-filed proceedings in the District of Columbia.  In the alternative, the Court should deny

6   Plaintiff's motion as premature and address SBA's response to plaintiff's FOIA requests at the

7   October 16 case management conference.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: September 18, 2020