CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
IRENE LEE (SBN 331485)
CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
Email: kolson@cofolaw.com
afield@cofolaw.com
ilee@cofolaw.com

Attorneys for Plaintiff
AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendant. | CASE NO. 3:20-cv-04619-MMC<br><br>**PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S OPPOSITION TO DEFENDANT UNITED STATES SMALL BUSINESS ADMINISTRATION'S MOTION TO STAY**<br><br>Date: October 23, 2020<br>Time: 9:00 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Place: Courtroom 7, 19th Floor |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
CASE NO. 3:20-cv-04619-MMC

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ......................................................................................................2

    A. THE SBA'S CONCLUSORY AND UNWARRANTED REQUEST FOR A STAY SHOULD BE REJECTED. ........................................................................................ 2

    B. THERE IS NOTHING PREMATURE ABOUT MOVING FOR SUMMARY JUDGMENT AS TO A FOIA REQUEST THAT THE SBA HAS, WITHOUT JUSTIFICATION, MADE A TACTICAL DECISION TO DELAY AND IGNORE, AND REFUSED TO FULFILL IN ANOTHER CASE. THE SBA'S STONEWALLING SHOULD NOT BE REWARDED BY FURTHER DELAYS. ........................................................................................ 10

    C. ASBL'S MOTION AND EVIDENCE, AND THE SBA'S FAILURE TO OPPOSE EITHER, VERIFY THAT SUMMARY JUDGMENT SHOULD BE GRANTED. ........................ 14

III. CONCLUSION ................................................................................................14

CANNATA, O'TOOLE, FICKES & OLSON LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL.: 415.409.8900 – FAX: 415.409.8904

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alltrade, Inc. v. Uniweld Products, Inc.*,
F.2d 622, 625 (9th Cir. 1991) ........ 8

*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,
836 F.3d 987 (9th Cir. 2016) ........ 8, 12

*ASBL v. U.S. Dep't of Def.*,
372 F. Supp. 3d 1018 (N.D. Cal. 2019) ........ 6

*ASBL v. U.S. Dep't of Def.*,
411 F. Supp. 3d 824 (N.D. Cal. 2019) ........ 6

*Beck v. U.S. Dep't of Justice*,
1991 WL 519827 (D.D.C. Jan. 31, 1991) ........ 9

*Beck v. U.S. Dep't of Justice*,
1991 WL 519827 (D.D.C. Jan. 31, 1991) ........ 9

*Bloomberg L.P. v. Bd. of Governors of the Federal Reserve System*,
601 F.3d 143 (2d Cir. 2010) ........ 6

*Buffalo Evening News, Inc. v. U.S. Small Bus. Admin.*,
666 F. Supp. 467 (W.D.N.Y. 1987) ........ 6

*California v. U.S. Envtl. Prot. Agency*,
360 F. Supp. 3d 984 (N.D. Cal. 2018) ........ 2, 3

*Center for Public Integrity v. U.S. Small Business Administration,*,
No. 20-cv-1614 (D.D.C.) ........ *passim*

*Chronicle Pub. Co. v. Nat'l. Broadcasting Co.*,
294 F.2d 744 (9th Cir. 1961) ........ 4

*Church of Scientology of Cal. v. U.S. Dep't of Army*,
611 F.2d 738 (9th Cir. 1979) ........ 8, 9

*Citizens United v. Fed. Election Com'n.*,
558 U.S. 310 (2010) ........ 5

*Clinton v. Jones*,
520 U.S. 681 (1997) ........ 2, 7

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ........ 2

*Courthouse News Serv. v. Planet*,
947 F.3d 581 (9th Cir. 2020) ........ 8, 10

*County of Santa Cruz v. Ctrs. for Medicare & Medicaid Servs.*,
2009 WL 816633 (N.D. Cal. Mar. 26, 2009) ........ 6

*CREW v. FEC*,
  711 F.3d 180 (D.C. Cir. 2013) .................................................................................................... 12

*Dellinger v. Mitchell*,
  442 F.2d 782 (D.C. Cir. 1971) ...................................................................................................... 3

*Dister v. Apple-Bay East, Inc.*,
  2007 WL 4045429 (N.D. Cal. Nov. 15, 2007) .............................................................................. 6

*Evans v. Cent'l Int. Agency*,
  No. 11-cv-2544, D. Colo. (Nov. 30, 2011) ................................................................................... 9

*Fiduccia v. U.S. Dept. of Justice*,
  185 F.3d 1035 (9th Cir. 1999) .................................................................................................. 9, 10

*Gerstein v. Cent. Intelligence Agency*,
  2011 WL 89337 (N.D. Cal. Jan. 11, 2011) .................................................................................... 6

*Landis v. North American Company*,
  299 U.S. 248 (1936) ........................................................................................................ 2, 3, 4, 10

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ......................................................................................................... 3

*Taylor v. Sturgell,*
  553 U.S. 880 (2008) ...................................................................................................................... 9

*Vaughn v. Rosen,*
  484 F.2d 820 (D.C. Cir. 1973) ............................................................................................... 11, 13

## **STATUTES**

15 U.S.C. § 636 .................................................................................................................................... 2

# I. INTRODUCTION

In a tacit concession that it has no colorable argument against disclosure of the names and amounts of loan recipients under the so-called Paycheck Protection Program ("PPP"), the Small Business Administration ("SBA") mounted no defense of its position on the merits. It submitted *no evidence whatsoever* in support of its summary judgment opposition and motion to stay. Instead, it argues that this Court should step aside and keep the public in the dark about where $650 billion went until after Congress decides whether and how to spend hundreds of billions more dollars to extend the PPP, and until after an election in which that same public will pass judgment on the President and the Congress who enacted the PPP into law.

The calendar counts on this motion, just as it did when elected representatives spent $650 billion with the ostensible goal of keeping small businesses alive. If this Court does what the Trump Administration is asking it to do and stays ruling on a summary judgment motion which the SBA did not oppose on the merits, Americans will be deprived of vital information on whether the PPP achieved its intended purpose of helping small businesses, or gave too much to big businesses, until after they cast ballots on November 3. By the time the public finds out how much large businesses who received loans in the $5 to $10 million range grabbed from the PPP pie, elected representatives will be insulated from public scrutiny and thousands more small businesses will have shut their doors partly because large New York law firms and big restaurant chains which didn't need the loans fed at the public trough.[1] Hundreds of California businesses received multi-million-dollar PPP loans but reported saving no jobs, while pandemic-ravaged small businesses had to close. But because of the SBA's position, the public doesn't know how much the big businesses got. If the SBA gets its way, voters will have cast their ballots without being fully informed about a historically massive – and historically expensive – taxpayer-funded government program.

---

[1] The Kasowitz law firm in New York, which grossed over $216 million in 2019, and which has represented President Trump, enjoyed a $5 to $10 million loan. (Mark Olson Declaration filed with Motion for Summary Judgment, ECF No. 20-4, at ¶ 2.) That happened while hundreds of San Francisco restaurants closed.

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
CASE NO. 3:20-cv-04619-MMC

CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

This is a simple case, and the SBA's failure to defend its position on the merits makes it simpler. The only question is whether information which the SBA has always disclosed under its 7(a) loan program[2] should still be disclosed, or whether under some sort or strange logic, the more government money is spent, the less the public gets to know about where it went.

This Court is perfectly capable of deciding this question without waiting for another court to decide it first,[3] and need not and should not step aside until after a consequential election. ASBL's summary judgment motion should be granted, and the SBA's belated stay request should be denied.[4]

## II. ARGUMENT

### A. THE SBA'S CONCLUSORY AND UNWARRANTED REQUEST FOR A STAY SHOULD BE REJECTED.

The SBA bears the burden of proving its entitlement to the stay that it seeks. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In considering the SBA's request, the Court should consider

> (1) 'the possible damage which may result from the granting of a stay,' (2) 'the hardship or inequity which a party may suffer in being required to go forward,' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'

*California v. U.S. Envtl. Prot. Agency*, 360 F. Supp. 3d 984, 993 (N.D. Cal. 2018) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Landis v. North American Company*, 299 U.S. 248, 254-55 (1936)). To demonstrate that a stay is warranted, "'if there is even a fair possibility that the stay for which [the SBA] prays will work damage to [someone] else,' then [the SBA] 'must make out a clear case of hardship or inequity in being required to go forward.'" *California*, 360 F. Supp. 3d. at 993 (citing *Landis*, 299 U.S. at 255). As our Supreme Court

---

[2] 15 U.S.C. section 636(a).
[3] Summary judgment briefing closed in this case on September 25. Briefing in the District of Columbia ("DC") case to which the government refers closed on September 29. This motion is noticed for hearing October 23. No hearing has been scheduled in the DC case.
[4] Notably, the government said nothing about asking for a stay until the day before its opposition to ASBL's motion for summary judgment was due. And its "judicial economy" argument is illusory, because when it was asked to consolidate this case with one in the Central District of California in the name of judicial economy, it refused, requiring additional effort by the parties. See Reply Declaration of Karl Olson, ECF No. 25-1, at ¶3, filed herewith.

explained in *Landis*, "Only in *rare* circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255 (emphasis added); *see also, e.g.*, *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971) (reversing order staying proceedings until the resolution of the same question in a similar case in another district under *Landis*, despite claims of judicial economy); *California*, 360 F. Supp. 3d at 993 (holding that a stay pending an agency rulemaking regarding regulations of central importance to a case was not warranted because even if the agency was diligent in the rulemaking process, the process involves some "ordinary uncertainty" that creates at least a "fair possibility of harm" to plaintiffs).

The decision in *Landis* itself verifies that a stay would be inappropriate here. In *Landis*, two companies sued the Securities and Exchange Commission ("SEC") in Washington, D.C. district court to enjoin enforcement of a law on the ground that it was unconstitutional and void. *Landis*, 299 U.S. at 249. In a separate proceeding in New York, the SEC sued numerous other companies under the law, and those companies cross-complained and asserted that the law was unconstitutional as well. *Id.* at 249-50. The SEC moved in the Washington, D.C. district court to stay the case until the validity of the law was "determined by the Supreme Court" in the New York case, or until that case had otherwise been terminated. *Id.* at 251. The Supreme Court set forth the following rule:

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Id.* at 255.

The SBA ignores the rule of *Landis*, and suggests a stay should be granted here as a matter of course, simply because a case involving the same information is pending in a different court. But *Landis reversed* a stay order issued on a similarly conclusory basis. And the main cases interpreting *Landis* that the SBA cites carefully applied the *Landis* framework before reaching a decision. *See Leyva v. Certified Grocers of Cal., Ltd*, 593 F.2d 857, 864 (9th Cir. 1979) (remanding the case to determine whether both a stay and continuance of a prior stay was

justified under the circumstances); *Chronicle Pub. Co. v. Nat'l. Broadcasting Co.*, 294 F.2d 744, 747, 749 (9th Cir. 1961) (holding that a stay was not an abuse of discretion after weighing all of the valid considerations presented, including the balance of equities and the orderly course of justice).

Applying *Landis* here, the SBA's motion to stay should be denied. *First*, the SBA's motion would cause obvious hardship here: it would delay a decision on ASBL's motion until after Congress decides whether (and if so how) to spend hundreds of billions more taxpayer dollars on additional COVID-19 relief efforts, and until after the November election. ASBL and the public need complete information about how PPP dollars were spent *now*, and not later, so that they can engage with their representatives about future relief efforts in a fully informed manner. Congress is currently in the process of debating yet another bill to aid COVID-19 relief efforts, the Health and Economic Recovery Omnibus Emergency Solutions ("HEROES") Act, which could cost taxpayers $2.2 trillion. It is paramount that the public receive information about PPP spending in order to ensure that future spending under the proposed HEROES Act (or a rival Senate bill) would comply with its legislative intent. *See* Aimee Picchi, *$2.2 Trillion HEROES Act Would Provide Second Round of Stimulus Checks*, CBSNews (Oct. 2, 2020, 1:42 PM), https://www.cbsnews.com/news/second-stimulus-check-600-unemployment-heroes-act/. Furthermore, the public needs this information so that it can use the ballot box to register approval or disapproval about what elected officials did with $650 billion of taxpayer money. That, of course, is the essence of democracy. *See Multi Ag. Media v. Dep't of Ag.*, 515 F.3d 1224, 1232 (D.C. Cir. 2008) (collecting cases on the importance of access to information about government spending under FOIA). This is especially important given the PPP's historic $650 billion price tag, the importance of the PPP to the continued survival of small businesses and their millions of American employees during the COVID-19 pandemic, and recent reports that the PPP may have been plagued by hundreds of millions of dollars' worth of fraud. *See* Declaration of Karl Olson in Support of Plaintiff's Motion for Summary Judgment ("Karl Olson Decl."), ECF No. 20-1, Ex. I, AA. Whether and how the PPP worked is still one of the most important questions in American public life, as Congress remains deadlocked on further economic relief

legislation.[5] *See* Karl Olson Decl., Ex. I, O, Z, AA. The public is entitled to an accounting of how the SBA has spent $584.3 billion in public money so far and who benefitted from that spending, not just the SBA's selective account of that spending, which omits details of 7(a) loans that have historically been made public.

*Second*, because a stay would harm ASBL and the public, the SBA bears the burden of proving that proceeding without a stay would cause it clear hardship or inequity, and it cannot meet that burden. It has hardly tried. *It has submitted no evidence whatsoever in support of its motion*, or, for that matter, in opposition to ASBL's motion for summary judgment. And even if the SBA's unsupported assertions in its brief are accepted as true (and they shouldn't be), they do not warrant a stay. The SBA has not identified any hardship whatsoever that would result from this case moving forward. The thrust of its stay motion – that another case involving the same information, which it has already briefed, is pending in Washington, D.C. – Motion to Stay, Dkt. #24-1 (hereafter "Stay Motion"), at 7:18-8:1 – makes clear that proceeding with this case would cause it no hardship at all, since briefing on summary judgment here is now complete. Far from causing the SBA any hardship, hearing the summary judgment motion on October 23, as currently scheduled, would be just and economical.

*Third*, the ordinary administration of justice militates against a stay. The SBA claims that judicial economy weighs in favor of a stay because a stay would "reduce the risk of conflicting judicial decisions on the propriety of the same withholdings of information." *See* Stay Motion at 9:8-9. In support of its argument, the SBA broadly claims that because FOIA grants the Washington, D.C. district court with jurisdiction to hear all FOIA cases, this Court should defer to the Washington, D.C. district court presiding over *WP Company, et al. v. U.S. Small Business Administration*, No. 20-cv-1240 (D.D.C.) and *Center for Public Integrity v. U.S. Small Business Administration*, No. 20-cv-1614 (D.D.C.) (hereinafter "*WP Company*"), and force ASBL to wait

---

[5] In an analogous context, the Supreme Court has noted that prompt disclosure of campaign expenditures can provide information to citizens to keep elected officials accountable. "This transparency enables the electorate to make informed decisions and give proper weight to different speakers and messages." *See Citizens United v. Fed. Election Com'n.*, 558 U.S. 310, 371 (2010). The same consideration should be given to PPP borrower names and amounts because the information is essential to holding the SBA and the government accountable for its spending, and to assisting voters in making informed decisions.

on the sidelines while the court in that case makes its decision (and, potentially, while any appeals from that decision are resolved, which could take years). Stay Motion at. 8:11-13. The SBA's supposition about the number of FOIA cases handled in Washington, D.C. is unsupported by any statistics, and ignores that FOIA cases can be brought wherever a requester resides, including this Court. 5 U.S.C. § 552(a)(4)(B). If Congress had intended that all FOIA cases be heard in the District of Columbia, it would have said so.[6]

ASBL has successfully litigated many FOIA cases in the Northern District of California, including one recent case before Judge Alsup that resulted in two published decisions on novel FOIA issues last year. *See ASBL v. U.S. Dep't of Def.*, 372 F. Supp. 3d 1018 (N.D. Cal. 2019); *ASBL v. U.S. Dep't of Def.*, 411 F. Supp. 3d 824 (N.D. Cal. 2019). This Court, of course, is perfectly capable of deciding FOIA cases in general and this case in particular, and the absence of argument or evidence in opposition to the plaintiff's motion for summary judgment makes the Court's job easier., and the government's merits arguments are non-existent. *See e.g.*, *Gerstein v. Cent. Intelligence Agency*, No. C 06-4643 MMC, 2011 WL 89337 (N.D. Cal. Jan. 11, 2011); *County of Santa Cruz v. Ctrs. for Medicare & Medicaid Servs.*, C-07-2889 MMC, 2009 WL 816633 (N.D. Cal. Mar. 26, 2009). Moreover, briefing on ASBL's motion for summary judgment was completed on September 25, 2020, four days *before* summary judgment briefing in *WP*

---

[6] Even though the issues presented overlap, and the information at issue is the same, a ruling in *WP Company* will not necessarily resolve the issues presented here, especially if the plaintiffs in *WP Company* lose. The legal arguments presented in the two cases are different. For example, here, unlike in *WP Company*, ASBL has argued that the information at issue is not "submitted by a person," because it was generated by the SBA in the course of its performance of executive functions, which is an independent basis for granting summary judgment to ASBL as to Exemption 4. *See Bloomberg L.P. v. Bd. of Governors of the Federal Reserve System*, 601 F.3d 143, 145-49 (2d Cir. 2010); *Buffalo Evening News, Inc. v. U.S. Small Bus. Admin.*, 666 F. Supp. 467, 468-69 (W.D.N.Y. 1987). The requesters, of course, are different. And the *WP Company* court's ruling will not be binding on this Court unless it is affirmed by the Supreme Court. That wouldn't happen for years, if it happens at all, which further militates against a stay. This Court should not approve that sort of indefinite delay. *See Dister v. Apple-Bay East, Inc.*, Case No. C 07–01377 SBA, 2007 WL 4045429, at *5 (N.D. Cal. Nov. 15, 2007) (denying request for a stay pending a Ninth Circuit decision in another matter, and reasoning that even if the Ninth Circuit's ruling might be helpful, "it does not necessarily follow that all defendants, even ones who vigorously oppose any stay, should be forced to wait many months to resolve their own disputes"); *see also id.* ("As it is unclear when the Ninth Circuit will render its opinion, Dister's request for a stay is open-ended and would require both parties to simply sit and wait for months on the sidelines of their own action. The granting of a stay at this juncture would foreclose any possibility of the parties resolving their dispute in a timely fashion . . . .").

*Company*. Karl Olson Decl., Ex. H. ASBL and the public should not be forced to wait until after the election – and after the information at issue is no longer as useful to the public – to have their rights under FOIA vindicated.

The SBA relies on two Supreme Court cases that, read in their entirety, undermine its position. The SBA opens with *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Stay Motion at 5:17-18. But *Clinton* makes the central point that, "The proponent of a stay bears the burden of establishing its need." 520 U.S. at 708. The SBA has fallen far short of meeting that burden here, having presented no evidence at all, and having made no showing of need whatsoever, let alone a showing that would overcome the hardship a stay would cause ASBL and the American public. Moreover, the Supreme Court in *Clinton* rejected a sitting President's request for a stay. In *Clinton*, Paula Jones, a former Arkansas state employee, sued President Clinton for alleged sexual misconduct before he became President. The President made various arguments about why the case should be stayed, including the argument that "in all but the most exceptional cases the Constitution requires federal courts to defer such cases until his term ends." *Id*. at 684. The Supreme Court *rejected* all of these arguments, and held that it was an abuse of discretion for the district court to have deferred trial until after the President left office. *Id*. at 707. The Supreme Court eventually concluded, "Like every other citizen who properly invokes that jurisdiction [of the Courts], respondent has a right to an orderly disposition of her claims." *Id*. at 710. If a person as important and busy as the President of the United States is not entitled to a stay in a tort case, the SBA is clearly not entitled to a stay in this case, which seeks to remedy the SBA's unlawful withholding of public information about how the government has spent hundreds of billions of taxpayer dollars.

*Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) cuts against the SBA's arguments as well, and verifies this Court's statutory role, and ASBL's statutory rights in this Court under FOIA. In *Taylor*, a FOIA case like this one, the high court, in a unanimous decision written by Justice Ginsburg, rejected the argument that a FOIA requester could be bound by claim preclusion by a decision involving another party seeking the same documents. The Court held: "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in*

7

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
CASE NO. 3:20-cv-04619-MMC

*personam* in which he is not designated as a party or to which he has not been made a party by service of process." *Id.* (internal quotation marks omitted, italics in original). This means that the SBA wants this Court to stay proceedings in favor of a parallel Washington, D.C. case even though the Supreme Court has made clear that the result in that case will *not* bind ASBL.

The SBA claims that "federal comity" dictates that this Court should step aside (and brush ASBL aside, too) pending the outcome of *WP Company*, citing *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 749-50 (9th Cir. 1979), *overruled on other grounds in Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016). The SBA, however, fails to mention that in *Church of Scientology*, the Church of Scientology was the plaintiff in *both* the lower court cases before the Ninth Circuit and the D.C. case discussed. *Id.* at 750. The Ninth Circuit emphasized that – unlike most FOIA cases, pursuant to *Taylor* – there was no "question that the Church was the plaintiff in both cases," so "the issue of exemption [could] not be relitigated" based on the doctrine of collateral estoppel. *Id.* at 751. Here, ASBL is not a plaintiff in *WP Company*. Further, *Church of Scientology* pre-dates the Supreme Court's decision in *Taylor*, which makes clear that ASBL has and should be permitted to vindicate its own right of access under FOIA. *See Taylor*, 553 U.S. at 893 ("A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit."), 903 ("[A] successful FOIA action results in a grant of relief to the individual plaintiff. . . ."). *Church of Scientology* does not support delaying a decision in this important case, in which effectuating ASBL's right of access under FOIA hinges on obtaining a ruling immediately. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) ("To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression.").[7]

---

[7] *Church of Scientology* is distinguishable for another reason as well: it involved not "federal comity" in the abstract, but rather the "first-to-file" rule, which, while not necessarily "bound by technicalities," *Church of Scientology*, 611 F.2d at 749, clearly does not apply here. The applicability of that rule hinges on three prerequisite considerations: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Bryant v. Oxxford Exp., Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000); *see also Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (referring to these rules as "prerequisites" and "basic requirements"). Here, the "first-to-file" rule does not apply, because *ASBL is not a party to WP Company, and ASBL has nothing to do with the plaintiffs in that*

The SBA also relies on two unpublished decisions from other districts, in other Circuits, to support its position: *Beck v. U.S. Dep't of Justice*, Civ. A. No. 88-3433 (JHG), 1991 WL 519827, at * 5 (D.D.C. Jan. 31, 1991), and a one-sentence November 30, 2011 Minute Order in *Evans v Cent'l Int. Agency*, Case No. 11-cv-2544 (D. Colo), which is unavailable on WestLaw. Neither case is binding on this Court, and neither case contains reasoning that should persuade this Court to close the courthouse doors to ASBL here. And, regardless, both cases are easily distinguishable. In *Evans*, the CIA moved to stay the entire case soon after it filed its answer, before any summary judgment motion had been filed, on the basis that briefing on the merits was already "well underway" in another case involving the same documents in Washington, D.C. Here, ASBL has already moved for summary judgment, and briefing on ASBL's motion was completed *before* briefing on the cross-motions for summary judgment in *WP Company* concluded. In *Beck*, a Washington, D.C. district court deferred to a similar proceeding in Texas *that had been brought by the same plaintiff*, and thus that would have resulted in a ruling that was binding on that plaintiff. 1991 WL 519827, at **1, 5. Here, ASBL is not a party to *WP Company*, and a ruling in that case would not be controlling in this one. Finally, like *Church of Scientology*, both cases predate *Taylor*, which verifies that ASBL has an independent right of access under FOIA and makes clear that ASBL should be permitted to vindicate that right independently. *See Taylor*, 553 U.S. at 893. These cases do not support the SBA's tactical request for a stay.

The SBA concedes, Stay Motion at 1:18-20, that it "bears the burden of justifying its denial with a sufficiently detailed description of what it is refusing to produce and why." *Fiduccia v. U.S. Dept. of Justice*, 185 F.3d 1035, 1042 (9th Cir. 1999). But having made that concession, it disingenuously tries to use its failure to meet that burden to support its request for a stay, which would frustrate ASBL's right of access for even longer. There is nothing in FOIA, or in any FOIA case law, that allows an agency to tactically ignore FOIA requests, contrary to FOIA's response timelines, and then use that tactical decision to obtain a stay when sued, delaying compliance for

*case*. Moreover, the outcome of *WP Company* will not be binding on ASBL, which has an independent right to the records at issue, which it is entitled to litigate for itself, as *Taylor* makes clear. Thus, a stay here would be contrary to, rather than protective of, judicial economy. A stay would do nothing but needlessly prolong this case and delay ASBL's receipt of the records to which it is entitled.

even longer. *Fiduccia* itself rejects that sort of twisted logic, holding: "The value of information is partly a function of time . . . Congress gave agencies 20 days, not years, to decide whether to comply with requests and notify the requesters, and authorized agencies to give themselves extensions for 10 days for unusual circumstances." *Id*. at 1041. The Ninth Circuit added: "So long as the Freedom of Information Act is the law, we cannot repeal it by construction that vitiates any practical utility it may have." *Id*. The same is true, *a fortiori*, here, where public access to vital information about a $650 billion program is needed before a Presidential and Congressional election that may hinge, in substantial part, on the administration's COVID-19 response. This case is a quintessential example of one in which justice delayed would be justice denied, and in the words of the Ninth Circuit in *Fiduccia*, "The value of information is partly a function of time."[8]

In short, this case is about as far as it gets from the kind of "rare case" in which a stay might be justified under *Landis*. There is a certainty, not a "rare possibility," that ASBL and the public will be seriously harmed by a stay: a delay in access will frustrate education and advocacy about the PPP when it matters most, before more spending is approved and before this year's election. Indeed, this case proves the rule that, as the Ninth Circuit explained earlier this year in the context of access to judicial records, "To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." *Courthouse News Serv.*, 947 F.3d at 594 (internal citations and quotation marks omitted). The information at issue is at the heart of the universe of information that FOIA is meant to make public. *See, e.g.*, *Multi Ag. Media*, 515 F.3d at 1232. And the SBA has offered *nothing* – not even a non-conclusory argument, let alone actual evidence – to support its request for a stay. The SBA's motion to stay should be denied, and ASBL's summary judgment motion should be granted.

**B.  THERE IS NOTHING PREMATURE ABOUT MOVING FOR SUMMARY JUDGMENT AS TO A FOIA REQUEST THAT THE SBA HAS, WITHOUT JUSTIFICATION, MADE A**

---

[8] In *Fiduccia*, the agency's proposed delay was measured in years, but on the other hand the timeliness of obtaining the information was not the issue that it is here. Presidential elections only come along every four years, and Congressional elections every two years. That is why the PPP information should be disclosed *now*, not later.

10

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
CASE NO. 3:20-cv-04619-MMC

**TACTICAL DECISION TO DELAY AND IGNORE, AND REFUSED TO FULFILL. THE SBA'S STONEWALLING SHOULD NOT BE REWARDED BY FURTHER DELAYS.**

The SBA next contends that ASBL's motion for summary judgment should be "denied as premature." This contention is based on a litany of self-serving, sparsely-cited assertions about how the SBA thinks FOIA cases should work (or, more accurately, how the SBA wishes that FOIA cases would work). The SBA insists that it needs to make a formal determination before anything else can happen, and asserts, without support, that "[t]he agency generally moves for summary judgment first." Stay Motion at 11. The reason for these purported procedures is, according to the SBA, that the SBA needs to "submit[] a declaration explaining its search and justifying its withholdings," as it bears the burden of proof on exemptions. *Id.* The SBA cites cases that reference the D.C. Circuit's decision in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), to support its position.

This line of argument is irreconcilable with the rest of the SBA's brief. The SBA spends most of its brief arguing that ASBL's motion should be stayed because the SBA has already responded as to "the very same information" that is at issue on the summary judgment motion here, in its *WP Company* opposition. Stay Motion at 1:6-10. The SBA is right about this; it has already responded (and objected to disclosure) as to "the very same information" at issue on this motion. As a result, the idea that ASBL's motion is "premature" is clearly incorrect. There is no mystery about what the SBA's position is as to this information. The SBA has already announced it in a sworn declaration in *WP Company*, which ASBL provided to this Court with its motion for summary judgment. *See* ECF No. 20 at 21. There is no rational justification for denying ASBL's summary judgment motion simply because the SBA – for tactical reasons – has not deigned to formally communicate its denial to ASBL yet.

The SBA's claims about the procedure for adjudicating FOIA cases are inconsistent with FOIA itself, and with Ninth Circuit case law. FOIA provides: "On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, *has jurisdiction to enjoin the agency from withholding agency records and to order the production of*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
CASE NO. 3:20-cv-04619-MMC

*any agency records improperly withheld from the complainant.*" 5 U.S.C. § 552(a)(4)(B) (emphasis added); *see also Taylor*, 553 U.S. at 885 (stating that "If an agency refuses to furnish the requested records, the requester may file suit in federal court and obtain an injunction 'order[ing] the production of any agency records improperly withheld.' ") (quoting 5 U.S.C. § 552(a)(4)(B)). There is no doubt that the records at issue here are being withheld, and ASBL has demonstrated that the withholding is improper, so there is nothing premature about ordering their disclosure. Furthermore, the Ninth Circuit made clear in a recent *en banc* decision that summary judgment motions work the same way in FOIA cases as always. *See Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016) (*en banc*). There is no special requirement that the government move first, and the SBA cites no authority that says otherwise.

Also, any federal rules at play "should be construed, administered, and employed by the court and the parties to ensure the just, speedy, and inexpensive determination of every action and proceeding," pursuant to Rule 1 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 1. Rule 56 provides that summary judgment motions can be brought *at any time*, and there is no contrary rule in the Northern District of California. *See* Fed. R. Civ. Proc. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery") (emphasis added). Rule 56(d) provides a limited, narrow way for a non-moving party to argue that a summary judgment motion is premature, but it requires the non-moving party to support its request for a continuance with *evidence*, so it is unavailable to the SBA, which has offered no evidence here. *See* Fed. R. Civ. Proc. 56(d) (authorizing a continuance "[i]f a nonmovant shows *by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition") (emphasis added). Finally, the SBA does not dispute that, as the D.C. Circuit held in *CREW v. FEC*, 711 F.3d 180, 184 (D.C. Cir. 2013), FOIA's administrative exhaustion requirement is no obstacle to this lawsuit, because the SBA has largely ignored ASBL's request contrary to FOIA's response timelines.

The SBA's arguments about its burden of proof turn the principles it cites on their heads. Decisions like *Vaughn* were meant to help *requesters* and courts hold federal agencies to their

12

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
CASE NO. 3:20-cv-04619-MMC

burden of proof, not to allow agencies to ignore that burden and be rewarded with a free pass on compliance until they feel like issuing a formal determination, even after a FOIA lawsuit has been filed, and even if they are already months or years late. *See Vaughn*, 484 F.2d at 823-28 (discussing FOIA's "overwhelming emphasis on disclosure," the government's burden of proof, challenges to requesters in enforcing FOIA, and the need for *more* from the government to meet its burden of justifying non-disclosure). Far from supporting the SBA, the government's burden of proof in FOIA cases, and the D.C. Circuit's decision in *Vaughn*, undermine the SBA's claim that this motion should be denied as premature because it hasn't chosen to send ASBL a formal determination letter yet.

The SBA invites this Court to disregard FOIA, the Ninth Circuit's *en banc* decision in *Animal Legal Defense Fund*, and the plain language of Rule 56, and to adopt its manufactured, self-serving view of the proper procedure here, based on two district court cases: *Willis v. United States*, 581 F. Supp. 2d 57, 64–65 (D.D.C. 2008), and *NRDC v. EPA*, No. 08-1429 (PLF), 2009 WL 1767570, at *1 (D.D.C. June 23, 9 2009). Neither decision allows this Court to rule contrary to *Animal Legal Defense Fund* and Rule 56, since neither is from this Circuit. Also, both decisions are highly unpersuasive here. *NRDC* asserts that "an immediate award of judgment typically is considered premature" without any citation to authority. 2009 WL 1767570, at *1. Even if that were right (and it isn't), this case is far from "typical." Here, unlike in *NRDC*, the SBA has made its withholdings and exemption claims clear. In *Willis*, the Court tersely referred to its earlier denial of a series of procedurally improper motions, including its denial of an "Emergency Motion for Order directing the government to release all requested records" because it related to the merits of FOIA arguments that were "yet to be determined." *Id.* at 64-65. Here, the FOIA arguments at issue have been determined by the SBA (and made in the *WP Company* case); the SBA just hasn't admitted that it has made that determination to ASBL yet, because it wants to delay disclosure for as long as possible. The passing statements that the SBA relies on in these cases do not justify denying ASBL's well-reasoned and thoroughly-supported summary judgment motion. The SBA cannot ignore statutory timelines and then use its non-compliance to argue that ASBL's motion is premature.

13

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
CASE NO. 3:20-cv-04619-MMC

In addition to being contrary to FOIA, Ninth Circuit case law, and Rule 56, the SBA's made-up FOIA procedure would undermine FOIA's policy objectives by giving agencies a free pass to delay FOIA responses indefinitely, or at least until courts order agencies to provide them to requesters. Especially where, as here, the agency has already made and announced, to a court, its position on the "very same information" involved here, Stay Motion at 1:10, allowing the agency to defeat a summary judgment motion based on the falsehood that it has *not* yet made such a determination would give the agency a free pass to violate the law for no good reason. The SBA's request that the summary judgment motion be denied as premature should be rejected, and that motion should be granted.

### C. ASBL'S MOTION AND EVIDENCE, AND THE SBA'S FAILURE TO OPPOSE EITHER, VERIFY THAT SUMMARY JUDGMENT SHOULD BE GRANTED.

The SBA's failure to present any evidence or merits arguments in opposition to ASBL's summary judgment motion verifies that the motion should be granted. ASBL has more than carried its summary judgment burden. *See* ECF No. 20. The SBA clearly is withholding the records at issue. The SBA has denied ASBL's request for these records, both because the SBA failed to respond to it within the statutory timeline, and because the SBA has already announced its decision to withhold responsive records based on Exemption 4 and Exemption 6, as it asserted in a declaration in *WP Company*. Finally, the SBA's contention that these exemptions apply is meritless; it contradicts not only the plain language of the exemptions themselves, but also the SBA's assurance of *disclosure* on its PPP application form. If the SBA had legitimate substantive arguments against ASBL's summary judgment motion, it could and would have made them. It did not. Because ASBL's arguments all have merit, the summary judgment motion should be granted without delay.

## III. CONCLUSION

The SBA's motion to stay should be denied. The SBA should be ordered to disclose immediately the same information about PPP borrowers and loans – including borrower names and loan amounts – that it discloses about decades worth of other 7(a) borrowers and loans. The

public has a right to know where $650 billion in government money went, and it has a right to know before it casts votes on the public officials who spent that money.

Respectfully submitted,

Dated: October 2, 2020  CANNATA, O'TOOLE, FICKES & OLSON LLP

By: */s/Karl Olson*
KARL OLSON

Karl Olson
Aaron R. Field
Irene Lee

Attorneys for Plaintiff
AMERICAN SMALL BUSINESS LEAGUE