KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
IRENE LEE (SBN 331485)
CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone:      (415) 409-8900
Facsimile:       (415) 409-8904
Email:           kolson@cofolaw.com
                 afield@cofolaw.com
                 ilee@cofolaw.com

Attorneys for Plaintiff,
AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>    Defendant. | Case No. 3:20-cv-04619-MMC<br><br>**PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  May 26, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................2

II.   STATEMENT OF FACTS ........................................................................................3

III.  ARGUMENT…………………………………………………………………………9

      A.    ASBL Is Eligible for an Award of Attorney's Fees……………………………9

      B.    ASBL Is Entitled to An Award of Attorney's Fees…………………………12

            1.    There Is a Strong Public Interest in the Disclosure of All Requested
                  Records.................................................................................................. 12

            2.    ASBL Derives No Commercial Benefit as a Result of the Disclosure of Any
                  of the Disputed Records and Made the Requests Solely for a Non-commercial
                  Purpose.................................................................................................. 15

            3.    The SBA Had No Colorable Basis to Withhold Responsive Records.......... 17

      C.    The Fees Sought Are Reasonable……………………………….………………18

            1.    ASBL's Hours Were Reasonably Incurred.................................................. 19

            2.    ASBL's Hourly Rates Are Commensurate with (indeed, lower than) the
                  Market Rates for the San Francisco Area………………………………..20

            3.    ASBL Is Entitled to All Costs Reasonably Incurred as a Result of this
                  Litigation………………………………..………………………………...20

            4.    ASBL Is Entitled to "Fees on Fees" .......................................................... 21

III.  CONCLUSION...................................................................................................21

CANNATA O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

*Bloomberg L.P. v. Board of Governors of the Federal Reserve System*
    601 F.3d 143 (2d Cir. 2010).................................................................... 18

*Church of Scientology of Cal. v. U.S. Postal Service.*
    700 F.2d 486 (9th Cir. 1983).............................................................. 12, 17

*Davy v. CIA*
    550 F.3d 1155 (D.C. Cir. 2008) ............................................................ 13

*Ecological Rights Foundation v. Federal Emergency Management Ag.*
    365 F. Supp. 3d (N.D. Cal. 2018) ......................................................... 17

*Exner v. F.B.I.*
    442 F. Supp. 1349 (S.D. Cal. 1978) ........................................................ 9

*Fenster v. Brown*
    617 F.2d 740 (D.C. Cir. 1979) .............................................................. 13

*First Amendment Coalition v. U.S. Dep't. of Justice*
    878 F.3d 1119 (9th Cir. 2017) ..................................................... 9, 11, 12

*Food Marketing Inst. v. Argus Leader Media*
    139 S. Ct. 2356 (2019) ......................................................................... 11

*Golden Gate Audobon Social., Incorporated v. U.S. Army Corps of Engineers*
    732 F. Supp. 1014 (N.D. Cal.1989)……………………………………..21

*Kuzma v. I.R.S.*
    821 F.2d 930 (2d Cir. 1987).................................................................. 21

*Long v. I.R.S.*
    932 F.2d 1309 (9th Cir. 1991)......................................................... 18, 19

*McKinley v. Federal Housing Fin. Agency*
    739 F.3d 707 (D.C. Cir. 2014) .............................................................. 16

*Poulsen v. Dep't. of Defense*
    994 F.3d 1046 (9th Cir. 2021)....................................................... 9, 10, 12

*PublicResource.org v. U.S. Internal Revenue Serv.*
    2015 WL 9987018 (N.D. Cal. Nov. 20, 2015)............................... 12, 20

*Rosenfeld v. U.S. Dep't. of Justice*

CANNATA, O'TOOLE, & OLSON LLP
100 PINE STREET, SUITE 350
SAN FRANCISCO CA. 94111

903 F. Supp. 2d 859 (N.D. Cal. 2012) ............................................................. 12

*Rosenfeld v. U.S. Dep't. of Justice*
904 F. Supp. 2d 988 (N.D. Cal. 2012) ............................................................. 20

*Taylor v. Sturgell*
553 U.S. 880 (2008) ........................................................................................ 11

*The Sierra Club v. U.S. Env't. Protection Agency*
75 F. Supp. 3d (N.D. Cal. 2014) .............................................................. *passim*

*Urban Air Initiative, Incorporated v. U.S. Env'tl. Protection Agency*
42 F. Supp. 3d (D.D.C. 2020) ......................................................................... 10

*WP Company LLC v. U.S. Dep't. of Homeland Sec.*
2023 WL 1778196 (D.D.C., Feb. 6, 2023) ........................................... 9, 13, 16

*WP Company LLC v. U.S. Small Bus. Admin.*
502 F. Supp. 3d 1 (D.D.C. 2020) ....................................................... 10, 13, 17

*WP Co., LLC v. U.S. Small Bus. Admin.*
514 F. Supp. 3d 267 (D.D.C. 2021) ............................................................... 18

*Williams v. Dep't. of Army*
1993 WL 372245 (N.D. Cal. Sept. 13, 1993) ................................................. 21

## **STATUTES**

5 U.S.C. § 552(4)(E)(i) ……………………………………………………...…2, 9

5 U.S.C. § 552(4)(E)(ii)………………………………………………………….9

5 U.S.C. § 552(a)(4)(E)(ii)(I) …………………………………………….…….11

5 U.S.C. §552(a)(4)(E)(i) …………………………………………………..…..20

5 U.S.C. section 552(a)(4)(E)(ii)(I) …………………………………………...…11

15 U.S.C. section 636(a) …………………………………………………….5, 11

28 U.S.C. § 1920…………………………………………………………...........21

CANNATA, O'TOOLE, & OLSON LLP
100 PINE STREET, SUITE 350
SAN FRANCISCO CA. 94111

## NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on Friday, May 26, 2023, at 9:00 a.m., in Courtroom 7, 19th Floor of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable Maxine M. Chesney, plaintiff American Small Business League ("plaintiff" or "ASBL") will and hereby does move for an Order awarding attorney's fees and costs in the above-entitled action.

This Motion is made on the grounds that plaintiff is eligible for and entitled to attorney's fees under 5 U.S.C. section 552(a)(4)(E) of the Freedom of Information Act ("FOIA"), and the amount requested is reasonable given the results obtained by plaintiff and the fact that plaintiff shed light on matters of great public interest, including the Paycheck Protection Program ("PPP") administered by defendant United States Small Business Administration ("SBA") and other SBA programs intended to advance the interests of small businesses. For example, the SBA initially claimed it had only nine pages of records showing communications among the White House, Congress and the SBA pertaining to additional funding for the PPP in 2020, but eventually disclosed over 17,000 pages of significant records as a result of extensive meet and confer efforts with ASBL and an order (Dkt. No. 65) from this Court.

This Motion is based on this Notice of Motion; the Memorandum of Points and Authorities in support; the anticipated Reply in support; the declarations of Karl Olson, Lloyd Chapman, Thomas R. Burke, Michael Ram, Aaron Field, and Irene Lee in support; the Court's records and files in this action; and any other evidence or argument the Court may receive before or at the hearing on this Motion.

## RELIEF SOUGHT

An award of all attorney's fees and costs reasonably incurred as a result of litigating the above-entitled action, including fees reasonably incurred on this motion.

## ISSUES TO BE DECIDED

1.     Whether ASBL is eligible for an award of attorney's fees and costs under the Freedom of Information Act, 5 U.S.C. § 552(4)(E)(i).

2.     Whether ASBL is entitled to an award of attorney's fees and costs under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(4)(E)(i).

3.     Whether ASBL's requested amount of fees is reasonable.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This fee motion seeks to recover hundreds of thousands of dollars in attorney's fees and costs reasonably and necessarily incurred by ASBL in several years of litigation against the SBA. The SBA initially took the position it did not need to disclose names of recipients and amounts of or other information about loans provided under the so-called Paycheck Protection Program ("PPP"), which rolled out hundreds of billions of dollars in relief funds to blunt the economic impact of the COVID-19 pandemic. ASBL sought the records to determine the extent to which PPP funds benefitted big businesses rather than the small businesses whom the PPP was primarily intended to benefit. SBA's position on names and loan amounts was rejected and the names and loan amounts of PPP recipients were ultimately disclosed. SBA later disclosed additional information about PPP loans called for by ASBL's FOIA request for PPP loan data and summary judgment motion in this case, following meet and confer efforts by ASBL.

ASBL also made a FOIA request seeking communications among the White House, Congress and the SBA related to additional funds for the PPP. SBA took the counter-intuitive, and demonstrably false, position that it had only nine pages of records responsive to that request. Eventually, after years of litigation, numerous conference calls, and an order from this Court, the SBA changed its position and disclosed 17,000 pages of records.

ASBL files the instant motion to seek an award of attorney's fees and costs incurred in this action in its successful effort to pry these records loose from the SBA. After several years of back-and-forth, and substantial delay from the SBA, ASBL has received thousands of pages

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

of records in response to the FOIA requests at issue, and additional data about PPP loans.

During the course of the action, the SBA released vital information on the PPP, including

borrower, loan amount, and other previously-withheld loan-level data. The SBA also released

information related to important advocacy groups, including the Regional Regulatory Fairness

Boards, that highly influence the agency's small business programs. The SBA further released

**17,000** pages of documents relating to efforts by the White House, Congress, and the SBA to

obtain additional funding for the Coronavirus Aid, Relief, and Economic Security ("CARES")

Act and the PPP, despite initially claiming there were **only nine** pages of responsive

documents. Overall, ASBL's efforts to obtain records responsive to its FOIA requests were

successful, and, as such ASBL is both eligible for and entitled to an award of attorney's fees

and costs.

## II.     STATEMENT OF FACTS

Plaintiff ASBL is an organization located in Petaluma, California that promotes and

advocates for the interests and legal rights of small businesses, including women-, veteran-, and

minority-owned small businesses, which are entitled to specified shares of federal contracting

dollars under the Small Business Act, as well as benefits from the $659 billion "Paycheck

Protection Program" (PPP) established in March 2020 in response to the COVID-19 pandemic.

Declaration of Lloyd Chapman ("Chapman Decl."), ¶ 2. ASBL uses FOIA and other tools to

investigate whether federal government programs for small businesses are working as intended,

testing and checking whether what agencies like the SBA tell the public matches what these

agencies say internally, and examining actual data about how small business programs are

implemented. *Id*. ASBL then makes statements and speaks and writes publicly about what it

learns. ASBL publishes important documents it obtains through FOIA on its website,

informing decisions and input by Congress, agency administrators, and the public about how

small business programs and policies should be designed, implemented, and improved. *Id*.

ASBL's efforts are often intended to focus the public's attention on one longstanding, persistent

problem in particular: that government programs meant to help small businesses sometimes

disproportionately help large businesses instead. *Id.* ASBL regularly makes FOIA requests and analyzes and publishes information that it has obtained through FOIA, and it has successfully prosecuted many FOIA lawsuits. *Id.* at ¶ 3.

On April 9, 2020, ASBL submitted a FOIA request to the SBA for records pertaining to any committees, advisory panels, or groups that have worked with the SBA from January 1, 2014 to present. Declaration of Karl Olson ("Olson Decl."), ¶ 2, Ex. A. This was recorded by the SBA as FOIA Request Nos. SBA-2020-000566 ("566"), SBA-2020-001132 ("1132"), SBA-2020-001133 ("1133"), and SBA-2020-001134 ("1134"). *Id.* On April 16, 2020, during a discussion of FOIA request 566 (1132/1133/1134), ASBL further requested, among others, records regarding the distribution of funds through the CARES Act and additional funding for the CARES Act and the Paycheck Protection Program ("PPP"). *Id.*, Ex. B, C. FOIA Request No. SBA-2020-001133 was later limited in or around January 2021 to documents relating to ASBL, its president Lloyd Chapman, Raytheon Technologies Corporation, the Regional Regulatory Fairness Boards, Secretary of Defense Lloyd Austin, and the Advisory Committee on Veterans Affairs. *Id.*, Ex. D.

On April 9, 2020, ASBL submitted a FOIA request for records pertaining to the SBA's Press Office and Terrence Sutherland. Olson Decl., ¶ 3, Ex. E. This was recorded as FOIA Request No. SBA-2020-000565 ("565"). *Id.* On June 1, 2020, ASBL submitted a FOIA request for all emails regarding the SBA's Regional Regulatory Fairness Boards. *Id.*, Ex. F. This was documented as FOIA Request No. SBA-2020-001532 ("1532"). *Id.* On June 19, 2020, ASBL submitted a FOIA request for emails and correspondences by certain enumerated individuals in the National Small Business Development Center Advisory Board, Women's Business Enterprise National Council, and National Women's Business Council. This was documented as FOIA Request No. SBA-2020-001953 ("1953").[1] *Id.*, Ex. G.

---

[1] SBA improperly assessed fees against ASBL for FOIA Request Nos. 565, 1532, and 1953 for failing to provide a fee reduction to ASBL as a news gathering organization. Olson Decl., ¶ 7. ASBL filed a separate suit against the SBA based on these improper fee assessments, prevailed, and was awarded attorney's fees and costs totaling $116,911.17. *See, Am. Small Bus. League v. U.S. Small Bus. Admin.*, No. 4:21-cv-02877-DMR, Dkt. No. 56 at 23 (N.D. Cal. Jan. 18, 2023).

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

ASBL moved for partial summary judgment on September 4, 2020, seeking records responsive to its April 16 request for "[d]ata showing show the appropriated funds from the CARES Act were distributed through the Paycheck Protection Program (PPP)," as follows:

> ASBL seeks an order granting summary judgment for it and against defendant under Rule 56 and mandating immediate disclosure of one sub category of information at issue for which disclosure is obviously required and urgently needed: the same information about each and every loan approved by the SBA as part of the $650 billion Paycheck Protection Program ("PPP") that the SBA publishes on its website about other loans made pursuant 15 U.S.C. section 636(a) (including whether and the extent to which each borrower's PPP loan was forgiven, which is analogous to the "GrossChargeOffAmount" data the SBA publishes about7(a) loans).

Dkt. No. 20 at 1. Rather than ruling on the merits, this Court stayed the case, including ASBL's motion, pending the result of a summary judgment motion in *WP Company LLC v. U.S. Small Bus. Admin.*, Civil Action Nos. 20-1240 (JEB), 20-1614 (JEB) (D.D.C.). Dkt. No. 35. On November 5, 2020, the court in *WP Company LLC* granted the plaintiffs' motion for partial summary judgment in that case, ordering the SBA to "release the names, addresses, and precise loan amounts of all individuals and entities that obtained PPP and EIDL COVID-related loans by November 19, 2020." Dkt. No. 36-1 at 40.

Counsel for ASBL alerted counsel for the SBA, by telephone and in writing, soon afterward that the *WP Company LLC* order did not cover all of the records ASBL sought in its partial summary judgment motion, and identified the information not covered by that order to the SBA's counsel. Declaration of Aaron R. Field ("Field Decl.") ¶¶ 6-12 & Exs. A-B. This Court lifted the stay on November 20, 2020. Dkt. No. 38. The SBA disclosed PPP loan information covered by the *WP Company LLC* court's November 5, 2020 order, on or about December 1, 2020. Field Decl. ¶ 10. However, it did not disclose some of the other information identified by ASBL, including "paid in full" and "charge off" information for finally determined PPP loans, to ASBL until January 27, 2021. Field Decl. ¶¶ 6-14. ASBL's correspondence with the SBA, through counsel and the SBA's filings in *Washington Post LLC* show that ASBL's advocacy in this case catalyzed the disclosure of this additional information. *Id.*

5

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S
FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 3:20-cv-04619-MMC

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

On January 22, 2021, the SBA produced a total of nine pages of documents in response to ASBL's request for documents regarding additional funding for the CARES Act and PPP (SBA-2020-000566). Olson Decl., ¶ 6, Ex. H. ASBL was surprised by such a small production given that the program involved the expenditure of hundreds of billions of dollars in federal funds. *Id.*

On February 2, 2021, ASBL's counsel contacted the SBA regarding what search terms the SBA had used to produce only nine pages of responsive records. Olson Decl., ¶ 11. The SBA refused to tell ASBL and eventually told this Court on or about February 5, 2021 during a Case Management Conference discussion that SBA would not disclose the search terms used unless ASBL agreed to treat that information as an inadmissible settlement communication. *Id.* Following the February 5, 2021 CMC, ASBL's counsel called and corresponded with defense counsel about what search terms SBA had used. ASBL challenged the adequacy of SBA's search terms on February 26, 2021 and asked again on March 4, 2021 what search terms SBA had used. Again, the SBA declined to disclose the search terms and the matter was discussed again at a further CMC on March 26, 2021, again without resolution. *Id.*, Ex. I.

On February 8, 2021, after improperly assessing excessive fees against ASBL, the SBA produced 1,005 pages of documents responsive to FOIA Request No. SBA-2020-000565 relating to the SBA's Press Office and Terrence Sutherland. Olson Decl., ¶ 7. On February 12, 2021, March 10, 2021, April 15, 2021, May 14, 2021, June 21, 2021, April 4, 2022, and April 5, 2022, the SBA released records responsive to FOIA Request No. SBA-2020-001532, regarding the Regional Regulatory Fairness Board. *Id.* On February 18, 2022 and April 14, 2022, ASBL notified the SBA of improper withholdings made by the agency and disputed the agency's assertion of FOIA Exemption 5 throughout the document production. *Id.* After reassessing its withholdings, the SBA released some of the disputed documents on May 6, 2022. *Id.*

On August 20, 2021, this Court ordered the SBA to produce all non-Regional Regulatory Fairness Board records responsive to the April 9, 2020 FOIA requests by December

1  17, 2021.  Dkt. No. 51.  On September 29, 2021, the SBA released records in response to

2  ASBL's narrowed FOIA Request No. SBA-2020-001133.  Olson Decl., ¶ 8.

3        From January 2022 to March 2022, ASBL and the SBA began discussing a possible

4  settlement of this action, including the resolution of attorney's fees and ASBL's pending FOIA

5  request for documents regarding requests for additional funding for the CARES Act and PPP

6  (FOIA Request No. 566).  On February 11, 2022, ASBL proposed ten new search terms to the

7  SBA in an attempt to obtain further records and to ensure that all responsive records were

8  located.  Olson Decl., ¶ 12, Ex. J.  On February 23, 2022, ASBL sent its first settlement demand

9  for attorney's fees incurred in this action.  *Id.*, ¶ 43.  The SBA refused to engage with ASBL to

10  resolve attorney's fees prior to resolution of the underlying FOIA dispute.  *Id.*  On March 1,

11  2022, the SBA informed ASBL that, given the large amount of "hits" for each proposed search

12  term and the SBA's deadline to move for summary judgment, the SBA could not undertake any

13  additional substantial effort to translate these "hits" into responsive documents.  *Id.*, ¶ 13.  The

14  parties agreed to limit the number of search terms, and on March 3, 2022, ASBL proposed three

15  new search terms to the SBA.  *Id.*, Ex. K.  The SBA agreed to conduct a search and to produce

16  responsive documents using two of ASBL's proposed search terms.  *Id.*

17        Finally, **more than 16 months after its initial production of only nine pages of**

18  **records**, on May 24, 2022, the SBA agreed to use more inclusive search terms proposed by

19  ASBL, but the SBA took the position that it would take a year to produce the records resulting

20  from the more inclusive search.  *Id.*, ¶ 14.  ASBL took the position that the records could and

21  should be produced in much less than a year, and eventually this Court ordered, in Docket No.

22  65, that the SBA should finish production of the records in far less than a year.  *Id.*

23        On May 26, 2022, the SBA filed an administrative motion to vacate the summary

24  judgment briefing schedule and to set a processing rate for these two new searches, estimated to

25  produce 5,000 pages of documents.  Dkt. No. 62.  This Court vacated the summary judgment

26  briefing schedule on May 27, 2022 and ordered that the SBA process the documents at a rate of

27  825 pages per month by December 1, 2022 (a rate faster than the SBA had requested).  Dkt.

28

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

Nos. 63, 65. By December 1, 2022, the SBA had produced over **17,000 pages** of documents in response to the two new searches, well above its initial estimate that there were 5,000 pages of responsive records (and substantially more than the nine pages it had initially produced on January 22, 2021, and had initially claimed were the only responsive records). Olson Decl., ¶ 14. The belated production included correspondence from Congress to the SBA which was sharply critical of how SBA had handled the PPP rollout. Declaration of Irene Lee ("Lee Decl."), ¶¶ 4-6. In order to assess whether the SBA improperly withheld information under inapplicable FOIA exemptions, ASBL was required to do a page-by-page review of each of the documents produced, which caused ASBL's counsel to bill a substantial amount of hours to this case. *Id.* at ¶ 9.

On July 25, 2022, ASBL informed the SBA of disputed withholdings from its June 30, 2022 production. Lee Decl., Ex. A. The SBA responded on July 29, 2022 that it would not respond to challenges to the validity of the redactions during the processing phase. *Id.*, Ex. B. On December 22, 2022, ASBL informed the SBA of disputed withholdings from its latest productions from June 2022 to November 2022. Olson Decl., ¶ 15. On January 10, 2023 and January 13, 2023, the SBA withdrew its withholdings on three pages of documents that were produced. *Id.* On February 14, 2023, the SBA agreed to release two more pages of documents in full, but maintained that it would require additional time to reassess the other withholdings at issue. *Id.*; *see also*, Lee Decl., Exs. C-E.

On February 23, 2023, ASBL informed the SBA that it would not litigate the remaining SBA withholdings and agreed with the SBA that the merits phase of this litigation had concluded. Olson Decl., ¶ 15. ASBL did this not because it agreed that the remaining withholdings were proper or justified, but because it had already procured 17,000 pages of records from the SBA and because it seemed that litigating the status of a few more did not justify the time and energy and expense of further litigation. *Id.* Recouping the hundreds of thousands of dollars of attorney's fees ASBL had already incurred through an attorney's fees motion was a higher priority. *Id.*

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

Many of the records disclosed by the SBA, after it agreed to expand its search terms at ASBL's insistence, concerned dissatisfaction from both Democratic and Republican members of Congress at the SBA and Treasury Department's implementation and administration of the PPP. Olson Decl., ¶ 16, Group Exhibit L.

On March 6, 2023, ASBL sent a second demand for attorney's fees. Olson Decl., ¶ 43. The parties then met and conferred before this motion was filed on March 17, 2023. *Id.*, ¶ 44.

## III. ARGUMENT

### A. ASBL Is Eligible for an Award of Attorney's Fees

"[T]he award of FOIA counsel fees 'has as its fundamental purpose the facilitation of citizen access to the courts,' and should not be subject to 'a grudging application.'" *First Amendment Coal.*, 878 F.3d at 1130 (quoting *Exner v. F.B.I.*, 442 F. Supp. 1349, 1351-52 (S.D. Cal. 1978)); *The Sierra Club v. U.S. Env't. Prot. Agency*, 75 F. Supp. 3d 1125, 1142 (N.D. Cal. 2014) (court may take into consideration "'whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate,'" "keeping in mind 'the basic policy of the FOIA to encourage the maximum feasible public access to government information'").

Under FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(4)(E)(i). A complainant has "substantially prevailed" for purposes of this provision if the complainant has obtained relief through either: (1) "a judicial order, or an enforceable written agreement or consent decree;" or (2) "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(4)(E)(ii). A complainant need not show causation in order to satisfy the first factor, but may need to show causation in order to satisfy the second factor. *Poulsen v. Dep't. of Defense*, 994 F.3d 1046, 1050, 1052 (9th Cir. 2021). A complainant becomes eligible for a fee award after satisfying either factor. *Id.* at 1050.

Scheduling orders providing for production of records by a certain date are sufficient to constitute "a judicial order" under FOIA. *See, e.g.*, *WP Co. LLC v. U.S. Dep't. of Homeland*

*Sec.*, No. 1:20-cv-1487 (TNM), 2023 WL 1778196 at *2 (D.D.C., Feb. 6, 2023); *see also,*

*Urban Air Initiative, Inc. v. U.S. Env'tl. Prot. Agency*, 42 F. Supp. 3d 301, 311 (D.D.C. 2020)

("Scheduling orders requiring production by a certain date may qualify – even when the orders

adopt timelines proposed by the agency and agreed to by the plaintiff – because with their

entry, the plaintiff has gained a judgment that can be enforced through contempt."). "That is

because once an order is adopted by a court explicitly requiring an agency to release

documents, its compliance can no longer be described as voluntary, and the legal relationship

between the parties has been changed by virtue of an enforceable order." *Urban Air Initiative*,

42 F. Supp. 3d at 312.

Here, ASBL has prevailed based on both a judicial order by the Court (Dkt. No. 65) and

a voluntary or unilateral change in position by the SBA. This Court's scheduling order setting

the production rate for records responsive to two new FOIA searches (at a rate faster than what

the government wanted) is a judicial order that is enforceable through contempt and is a judicial

order for purposes of FOIA fee awards. *See*, Dkt. No. 65; *see also*, *Urban Air Initiative*, 42 F.

Supp. 3d at 311.

Docket Number 65 is not the only judicial order that allows ASBL to be eligible for a

fee award. In Docket Number 51, the Court ordered the SBA to disclose all remaining non-

Regional Regulatory Fairness Board records by December 17, 2021. ECF No. 51. The SBA

has completed its disclosure of all non-exempt responsive records, including the records subject

to that order. Olson Decl., ¶ 8. That order alone makes ASBL eligible for a fee award. *See*

*Poulsen*, 994 F.3d at 1053-54 (holding that an order requiring "[the] production of responsive,

non-exempt documents subject to FOIA by July 20, 2018" was enough to establish the

plaintiff's eligibility for fees).

Also, in *WP Company LLC v. U.S. Small Bus. Admin.*, 502 F. Supp. 3d 1, 27-28 (D.D.C.

2020), the D.C. district court ordered the SBA to disclose the name of each PPP loan recipient

and the amount of each PPP loan, which comprises some of the same information sought by

ASBL here. Following that order, the SBA disclosed this information to ASBL. Olson Decl., ¶

10

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S
FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 3:20-cv-04619-MMC

5. This qualifies as a judicial order through which ASBL obtained relief in this case, even though that order was issued in a separate case. The plain language of 5 U.S.C. section 552(a)(4)(E)(ii)(I) supports the proposition that the *WP Company LLC* order, and the SBA's disclosure of responsive records to ASBL afterward, makes ASBL eligible for fees. *See*, 5 U.S.C. § 552(a)(4)(E)(ii)(I) (" . . . a judicial order, or an enforceable written agreement or consent decree . . .") *see also*, *First Amendment Coalition v. U.S. Dep't of Justice*, 878 F.3d 1119, 1131 (9th Cir. 2017) (Berzon, J., concurring in the judgment) ("[T]o 'obtain relief' from an agency simply means to receive the information a requestor is seeking, whether that be documents, a *Vaughn* index, or a response acknowledging the existence of relevant documents."); *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019) (holding that where an examination of the plain language of the statute yields a clear answer as to the statute's meaning, that is dispositive of the statutory interpretation analysis). So does FOIA's purpose, creating a *public* right of access to agency records, which led the Supreme Court's similar holding in *Taylor v. Sturgell*, 553 U.S. 880, 893-94, 903 (2008) that FOIA imposes "no statutory constraint" or other restraint "on successive actions" over the same documents.

In addition, ASBL's lawsuit led to a voluntary and unilateral change in the SBA's position regarding the subject FOIA requests. First, because of ASBL's lawsuit and another one in Washington D.C., the SBA disclosed borrower names and amounts of PPP loans after initially withholding the information under FOIA Exemptions 4 and 6, pursuant to this Court's order dated August 20, 2021. Moreover, because of ASBL's FOIA requests, summary judgment motion, and meet and confer efforts in this case, the SBA disclosed additional loan-level PPP loan data to both ASBL and the plaintiffs in *WP Company LLC*. *See* Field Decl. Second, after ASBL initiated its lawsuit and after it initially produced only nine pages of documents, the SBA eventually agreed (after numerous meet-and-confer sessions and Case Management Conferences) to conduct two new FOIA searches for records relating to efforts to obtain additional funding for the CARES Act and PPP. These new searches ultimately resulted in a rolling production totaling more than 17,000 pages of documents after the SBA initially

produced only nine pages. ASBL is eligible for an award of attorney's fees given its protracted, legally well-founded, and successful efforts to pry loose a wealth of data and thousands of pages of records from the SBA relating to a controversial, multi-billion-dollar government program[2].

**B.     ASBL Is Entitled to An Award of Attorney's Fees**

Once a plaintiff demonstrates that it is eligible for attorney's fees, then the district court may, in the exercise of its discretion, determine that the complainant is entitled to fees. *Poulsen*, 994 F.3d at 1050. In making such a determination, the district court must consider four criteria: (1) the public interest from disclosure; (2) any commercial benefit to the plaintiff resulting from disclosure; (3) the nature of the plaintiff's interest in the disclosed records; and (4) whether the government's withholding of records had a reasonable basis in law. *Sierra Club*, 75 F. Supp. 3d at 1142. The fourth factor is not dispositive and can be outweighed where the other relevant factors favor an award. *PublicResource.org v. U.S. Internal Revenue Serv.*, No. 13-cv-02789-WHO, 2015 WL 9987018 at *5 (N.D. Cal. Nov. 20, 2015) (citing *Rosenfeld v. U.S. Dep't. of Justice*, 903 F. Supp. 2d 859, 870 (N.D. Cal. 2012). These factors are also not exhaustive and the four criteria should be considered in conjunction with existing law on attorney's fee awards. *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 492 (9th Cir. 1983), abrogated in part on other grounds as recognized in *First Amendment Coal. v. U.S. Dep't. of Justice*, 878 F.3d 1119, 1127 (9th Cir. 2017). All of these factors weigh in favor of ASBL.

**1.     There Is a Strong Public Interest in the Disclosure of All Requested Records**

Under the first factor, a "'public benefit may result even though the specific document is for the plaintiff's sole use.'" *Sierra Club,* 75 F. Supp. 3d at 1142. In *Sierra Club*, the requester's "effort to inform the public of pollutants exposed to the air by non-compliant companies undoubtedly confers a benefit on the public." *Id*. at 1143. Here, ASBL's focus on

---

[2] The SBA's own Inspector General criticized the SBA's administration of the Paycheck Protection Program, pointing to thousands of loans doled out to recipients who apparently defrauded the government. (Olson Decl. ¶ 19.)

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

increasing transparency about the PPP, the SBA's Press Office, the SBA's advisory boards, and the SBA's involvement with the Department of Defense (through Raytheon and Lloyd Austin) "undoubtedly confers a benefit on the public." "[T]he actual information sought 'need not be of public interest as long as there is a public benefit from the fact of its disclosure.'" *Sierra Club,* 75 F. Supp. 3d at 1143. Moreover, the plaintiff's actual ability to disseminate documents it obtained is not dispositive in determining whether its efforts served a public benefit for purposes of attorney's fees entitlement. *Id.* at 1143-44. "Given the purpose of plaintiffs' organizations to oversee and enforce compliance with the CAA [Clean Air Act], the Court finds that plaintiffs provided a significant public benefit." *Id.* at 1143. The same is true here with respect to ASBL's advocacy for small businesses and its FOIA requests aimed at determining whether the SBA complied with the Small Business Act's purposes.

In addition, courts have held that there is a public interest in government spending, and "in other FOIA contexts, courts 'have recognized a public interest in determining whether government programs . . . involve fraud, waste, or abuse.'" *WP Co. LLC,* 2023 WL 1778196 at *2 (quoting *WP Co. LLC v. SBA,* 502 F. Supp. 3d at 23). "Such news 'add[s] to the fund of information that citizens may use in making vital political choices.'" *WP Co. LLC,* 2023 WL 1778196 at *2 (quoting *Fenster v. Brown,* 617 F.2d 740, 744 (D.C. Cir. 1979)). Moreover, the District of Columbia has recognized that even though the same request for information has been made by other requesters, "that only makes this factor weigh less heavily in the [requester's] favor; it does not tip the balance toward the agencies." *WP Co. LLC,* 2023 WL 1778196 at *2. Simply put, "this factor favor[s] the plaintiff where '[a]t least one of the requested documents was not previously available to the public' and that document provided important information." *Id.* at *3 (quoting *Davy v. CIA,* 550 F.3d 1155, 1159 (D.C. Cir. 2008)).

There is no doubt that, both at the height of the COVID-19 pandemic and today, there was and is substantial public interest in the disclosure of PPP information, including but not limited to borrower names and loan amounts. *See, e.g.*, Mark Niquette & Zachary R. Midler, *Names of Small-Business Borrowers From Paycheck Protection Program Won't Be Released,*

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

*Mnuchin Says*," Time (June 12, 2020, 11:00 AM EDT), https://time.com/5852828/mnuchin-ppp-borrowers-names-secret/; *see also* Dkt. No. 20 at 2:5-14:11, 24:12-25:11 (discussing the background, need for, and public interest in disclosure of PPP loan data and information about the SBA's administration of the PPP). After the disclosure of such information to the public and reports of widespread fraud in the program, the public was even more interested in the disclosure of information explaining or otherwise pertaining to the PPP, its defects, and the SBA and United States Treasury's inability to ensure that taxpayer funds were properly distributed. *See*, Olson Decl., Group Exhibit L; *see also*, Stacy Cowley and Ella Kooze, *1 Percent of P.P.P. Borrowers Got Over One-Quarter of the Loan Money*, The New York Times (Dec. 2, 2020), https://www.nytimes.com/2020/12/02/business/paycheck-protection-program-coronavirus.html; Jonathan Ponciano, *New PPP Loan Data Reveals Most of the $525 Billion Given Out Went to Larger Businesses – And a Few with Trump, Kushner Ties*, Forbes (Dec. 2, 2020, 10:10 am EST), https://www.forbes.com/sites/jonathanponciano/2020/12/02/new-ppp-loan-data-reveals-most-of-the-525-billion-given-out-went-to-larger-businesses-some-with-trump-kushner-ties/?sh=42ed4185a439.

In terms of records pertaining to the SBA's Press Office, the public maintains an interest in the release of such records, especially after the SBA's failure to be transparent with the public during the initial round of funding for the PPP. These records also serve as a check on the SBA and are essential to ensuring that the SBA is performing its duties as it should. For example, while the SBA represents that 11 federal agencies received an "A+" grade for meeting small business contracting goals in Fiscal Year 2021, and that 10 federal agencies, including the SBA, received an "A" grade for meeting the same goals, the underlying data released by the SBA shows that goals for women and minority-owned small businesses have not been met. Cheryl Winokur Monk, *Main Street Lands Record $154 Billion in Federal Contract, but Fewer Small Businesses Benefit*, CNBC (Jul 26, 2022, 11:25 am EDT) https://www.cnbc.com/2022/07/26/main-street-businesses-land-record-154-billion-in-federal-contracts.html. In addition, there is public interest in the SBA's representations regarding the

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

Economic Injury Disaster Loan ("EIDL") program, another program developed in response to the COVID-19 pandemic. Joanna Fantozzi, *The Senate Small Business Committee Urges the SBA to Distribute the $800 Million Left in EIDL Loans*, Nation's Restaurant News (Aug. 8, 2022) https://www.nrn.com/coronavirus/senate-small-business-committee-urges-sba-distribute-800-million-left-eidl-loans. Specifically, the SBA had represented that the EIDL program had run out of funding, when, in reality, the program still has approximately $800 million in leftover funds. *Id.* Members of the U.S. Senate Small Business Committee are now urging the SBA to release those funds and to process the remaining EIDL loan applications that have been submitted. *Id.* Because the SBA continues to misrepresent the performance of its economic relief programs, there is a public interest in disclosure of records relating to the SBA's Press Office to verify the SBA's statements.

There is also a strong public interest in records pertaining to the Regional Regulatory Fairness Boards and other SBA advisory boards because of the role they play in the development and operation of federal small business programs. These boards, supposedly comprised of small business owners, "advise the SBA on regulatory issues impacting small businesses, report substantiated claims of excessive federal enforcement actions against small businesses, and contribute to an annual report to Congress." *Spanberger Presses U.S. Small Business Administration to Cut Red Tape for Small Businesses, Hear Concerns About Excessive Federal Regulations*, U.S. House of Representatives (Aug. 11, 2022) https://spanberger.house.gov/posts/spanberger-presses-u-s-small-business-administration-to-cut-red-tape-for-small-businesses-hear-concerns-about-excessive-federal-regulations. The public, therefore, relies on these boards to ensure that the interests of small businesses are properly being represented. *Id.* Records between the SBA and its advisory boards shed light on whether these boards are adequately representing and advocating for small businesses throughout the country. As such, there is a strong public interest in the disclosure of such records. Therefore, the first factor weighs in ASBL's favor.

**2.     ASBL Derives No Commercial Benefit as a Result of the Disclosure of Any of the Disputed Records and Made the Requests Solely for a**

Courts generally consider the second and third factors together and to determine "whether the plaintiff had a sufficient private incentive to pursue his FOIA request even without the prospect of obtaining attorneys' fees." *WP Co. LLC*, 2023 WL 1778196 at *3 (quoting *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 712 (D.C. Cir. 2014) (internal quotations omitted). This is so that courts can determine whether a requester seeks documents for public information purposes or for private advantage. *WP Co. LLC*, 2023 WL 1778196 at *3 (citing *Davy*, 550 F.3d at 1160). "Unsurprisingly, then, these factors usually favor FOIA requests from reporters." *WP Co. LLC*, 2023 WL 1778196 at *3.

With regard to records relating to the SBA's Press Office, the SBA's advisory boards, and the SBA's Regional Regulatory Fairness Boards (FOIA Request Nos. 565, 1532, 1953), Magistrate Judge Ryu has already found that ASBL has not derived a commercial benefit as a result of the disclosure of such records and that such records requests were not made for a commercial use. *See, Am. Small Bus. League v. U.S. Small Bus. Admin.*, No. 4:21-cv-02877-DMR, 2022 WL 2047557 at **12-13 (N.D. Cal. June 7, 2022).[3]

As to the remaining requests, ASBL again did not make these requests for a commercial benefit or for commercial use. ASBL is a not-for-profit organization that advocates for small business concerns. Chapman Decl., ¶ 2. It has not and will not receive PPP funds or financial aid from other SBA and federal programs, such as EIDL. *Id.* at ¶ 7. ASBL also does not have any contracts (whether a direct contract or subcontract) with any federal agencies, including the SBA, and, as such, does not derive any commercial benefit from the disclosure of information regarding Raytheon or Lloyd Austin. *Id.* As stated, ASBL's intent in seeking the disclosure of such records is to ensure that small businesses are given a fair opportunity to become involved in federal contracts, as required under the Small Business Act, and to verify that small business programs are functioning as intended by Congress. *Id.* Therefore, the second and third factors

---

[3] That lawsuit challenged SBA's imposition of excessive "search fees" for processing FOIA requests. Magistrate Judge Ryu ruled largely for ASBL on the merits and then granted in large part ASBL's motion for attorney's fees.

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

weigh in ASBL's favor. [4]

**3.    The SBA Had No Colorable Basis to Withhold Responsive Records**

Under the fourth factor, "a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester." *Ecological Rights Found. v. Fed. Emergency Mgmt. Ag.*, 365 F. Supp. 3d 993, 1000-01 (N.D. Cal. 2018) (quoting *Church of Scientology of Cal.*, 700 F.2d at 492 n. 6).  To the extent that there is a dispute regarding the adequacy of a search, agencies must demonstrate such adequacy "beyond material doubt" or "beyond a material doubt." *Transgender Law Ctr. v. Immigration & Customs Enf't.*, 46 F.4th 771, 779 (9th Cir. 2022).

With regard to FOIA Request Nos. 565, 1532, and 1953, the SBA withheld the disclosure of records and improperly assessed search and review fees against ASBL, a news media representative that is not subject to such fees. *Am. Small Bus. League*, No. 4:21-cv-02877-DMR, Dkt. No. 30 at 26-20-24.  It was, therefore, improper for the SBA to withhold records responsive to these requests under the basis that ASBL must pay search and review fees prior to the release of such records and the SBA did not have a colorable basis in law to assess such fees.

As for FOIA Request Nos. 566, 1132, 1133, and 1134, the SBA had no colorable basis in law to withhold responsive records for two reasons.  First, PPP loan-level data is not exempt from disclosure under FOIA Exemption 4.  *See* Dkt. No. 20 at 19:19-22:23.  As acknowledged by the District Court for the District of Columbia, such data is not exempt under FOIA Exemption 4 because it does not consist of confidential commercial information that is customarily and actually treated as private. *WP Co. LLC*, 502 F. Supp. 3d at 16.  The SBA had notified PPP loan applicants through a form disclaimer in the PPP loan application that the information provided was subject to disclosure under FOIA. *Id.*  In short, from the start of the PPP and EIDL loan programs, the SBA believed that the loan-level data it received from PPP

---

[4] In the *ASBL v. SBA* case before Magistrate Judge Ryu, the SBA did not contest that the second and third factors weighed in ASBL's favor, and the Court so found.

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

loan applicants was not exempt from disclosure, expressly disclaimed that this information

would be automatically disclosed, and could not have had a colorable basis to withhold that

information later in response to FOIA requests. *Id.* Second, this data is also not exempt under

FOIA Exemption 6 for invasion of a substantial privacy interest because the limited public

interest in nondisclosure is greatly outweighed by a "significant public interest in shedding light

on SBA's administration of the PPP and EIDL program." *Id.* at 27. Finally, the SBA should

have known from prior cases, including one case in which the SBA was a party, that the

requested PPP loan data did not qualify as information obtained from a person, a textual

statutory prerequisite to successfully invoke Exemption 4. *See Bloomberg L.P. v. Bd. of*

*Governors of the Federal Reserve System*, 601 F.3d 143, 145-49 (2d Cir. 2010) (holding that a

FOIA request for information about emergency bank loans "loan by loan, for the name of the

borrowing bank, the amount of the loan, the origination and maturity dates, and the collateral

given" did not seek information that had been "submitted by a person" within the meaning of

Exemption 4, because "the only information sought [was] a summary report of actions that were

taken by the government"); *Buffalo Evening News, Inc. v. U.S. Small Bus. Admin.*, 666 F. Supp.

at 468-69 (holding that, as here, information about emergency disaster loans and other loans

approved by the SBA was not "obtained from a person" within the meaning of Exemption 4,

but rather "generated by the defendant SBA in the course of its involvement with its

borrowers"). The fourth factor therefore weighs in ASBL's favor. Since all of the factors

weigh in ASBL's favor, ASBL is entitled to an award of attorney's fees and costs. [5]

### C.    The Fees Sought Are Reasonable

"[O]nce a party is deemed both eligible and entitled to fees, 'the award must be given and

the only room for discretion concerns the reasonableness of the amount requested.'" *Sierra Club*,

75 F. Supp. 3d at 1137 (quoting *Long v. I.R.S.*, 932 F.2d 1309, 1314 (9th Cir. 1991)). ASBL

seeks a total of $525,205.19 in attorney's fees and costs. This consists of $462,702.50 in

---

[5] The Court in the *Washington Post* case granted the media's attorney's fees motion after ruling against SBA on the merits. *See*, *WP Co., LLC v. U.S. Small Bus. Admin.*, 514 F. Supp. 3d 267, 280 (D.D.C. 2021) .

attorney's fees, which have been reduced in the exercise of billing judgment, $2,502.69 in costs, and $60,000 in estimated "fees on fees." This total is consistent with the amount of time and work associated with ASBL's motion for summary judgment, ASBL's opposition to the SBA's motion to stay, ASBL's opposition to the SBA's administrative motion, and extensive efforts to informally resolve the underlying dispute regarding the seven FOIA requests at issue.

### 1. ASBL's Hours Were Reasonably Incurred

Courts in the Northern District of California have applied the lodestar method to determine whether a fee applicant's request for attorney's fees is reasonable. *See*, *Sierra Club*, 75 F. Supp. 3d at 1148. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and submitting evidence supporting the hours worked and hourly rates. *Id.* If these two figures are reasonable in light of the difficulty of the case and the attorneys involved, then there is a "'strong presumption' that their product 'represents a reasonable award.'" *Id.* at 1137 (quoting *Long*, 932 F.2d at 1314).

Here, all of the hours claimed by ASBL are reasonable. Initially, ASBL moved for partial summary judgment soon after the start of the litigation, on September 4, 2020, in order to facilitate the prompt adjudication of this matter. *See*, Dkt. No. 20. Most of the hours spent thereafter involved negotiating with the SBA to conduct more expansive searches that would adequately capture all responsive documents, as well as hours spent reviewing documents, analyzing the validity of FOIA exemptions claimed, and disputing meritless redactions. Olson Decl., ¶¶ 9-15. After these and other records were released, ASBL expediently reviewed thousands of pages of records that were produced in response to these seven FOIA requests. *Id.* at ¶ 17. This review was extensive and required a substantial amount of time to review the documents produced in order to properly determine whether the SBA's withholdings were valid and whether ASBL would continue to dispute the government's claimed basis for withholding documents. *Id.*; *see also*, Lee Decl., ¶ 9. ASBL also expended a significant amount of time disputing many of the withholdings that the SBA made in its subsequent productions over the past three years. Olson Decl., ¶ 17. This review would ultimately result in the further

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

production of documents from the SBA, including records relating to the Regional Regulatory Fairness Boards and those relating to efforts to obtain additional funding for the CARES Act and PPP. *See id.*, Group Exhibit L; *see also*, Lee Decl., Exs. C-E.

### 2. ASBL's Hourly Rates Are Commensurate with (indeed, lower than) the Market Rates for the San Francisco Area

The hourly rates sought here are clearly reasonable and comparable to (indeed, lower than) those in the San Francisco area for FOIA litigation. Specifically, ASBL requests an hourly rate of $850 per hour for senior partner Karl Olson (who has over 40 years experience), $425 per hour for junior partner Aaron Field, $350 per hour for associate Irene Lee, and $185 per hour for paralegals and legal assistants. Mr. Olson's requested rate is consistent with – indeed lower than – other attorneys, like him, who have approximately 40 years of litigation experience, most of which is in media and First Amendment law.

The requested hourly rates are also consistent with those previously approved in the Northern District. *See, e.g.*, *PublicResource.org*, 2015 WL 9987018 at *6 (approving rates at $645, $565, and $395 per hour for work done in 2015 in a FOIA case); *Rosenfeld v. U.S. Dep't. of Justice*, 904 F. Supp. 2d 988, 1001-03 (N.D. Cal. 2012) (approving rates of $700 per hour for an attorney with 28 years of experience, $550 for an attorney with 21 years of experience, $250 per hour for an attorney with 10 years of experience, $200 per hour for legal fellows, and $100 per hour for student interns in a 2012 FOIA case); *American Small Business League v. Small Business Administration*, No. 4:21-cv-02877-DMR, Dkt. No. 56 at 12:14-13:1 (N.D. Cal. Jan. 18, 2023) [approving $800 an hour for senior partner Karl Olson, $400 for Aaron Field, $325 for Irene Lee]. It follows that the hourly rates sought here are reasonable and should be awarded.

### 3. ASBL Is Entitled to All Costs Reasonably Incurred as a Result of this Litigation

Under FOIA, a court may also award "other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. §552(a)(4)(E)(i). Allowable costs include fees of the clerk and marshal; fees for printed or

20

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 3:20-cv-04619-MMC

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

electronically recorded transcripts necessarily obtained for use in the case; fees for printing and

witnesses; fees for copies of papers; docket fees; and fees for experts and interpreters. *Williams*

*v. Dep't. of Army*, No. C 92-20088 JW, 1993 WL 372245 at *6 n. 9 (N.D. Cal. Sept. 13, 1993)

(citing 28 U.S.C. § 1920). "[C]osts such as photocopying, postage, covers, exhibits, typing,

transportation, and parking fees may also be recovered in a FOIA action to the extent that they are

reasonable." *Williams*, 1993 WL 372245 at *6 (citing *Kuzma v. I.R.S.*, 821 F.2d 930, 933 (2d Cir.

1987)).

ASBL currently requests $2,502.69 in costs, most of which consist of fees for filing,

service of process, and teleconferences. ASBL made substantial efforts to informally resolve

this matter and, during the past three years, had dozens of teleconferences with representatives

of the SBA to resolve the issue and to obtain responsive records from the agency. Olson Decl.,

¶ 42. These efforts included requests to conduct subsequent searches to ensure that a proper

search was conducted, requests to narrow the FOIA request, and requests to conduct searches

using alternate search terms. *Id.* These efforts ultimately resulted in the disclosure of over

17,000 pages of documents. *Id.*

### 4. ASBL Is Entitled to "Fees on Fees"

ASBL currently seeks $60,000 that it estimates it will incur in drafting, preparing, and

arguing this motion for attorney's fees, otherwise referred to as "fees on fees." "It is well

settled that a plaintiff entitled to fees on the merits is also entitled to compensation for time

expended on the fee application." *Golden Gate Audobon Soc., Inc. v. U.S. Army Corps of*

*Engineers*, 732 F. Supp. 1014, 1021 (N.D. Cal.1989) (awarding, *inter alia*, all of the fees

requested for litigating the fee petition because government defendants vigorously opposed

plaintiffs' fee motion, raising difficult issues concerning entitlement and allocation, and

plaintiffs were required to submit five briefs on the fees issue). The amount sought for "fees on

fees" is reasonable and well-below other awards for "fees on fees" in similar cases. Burke

Decl. ¶ 18 (stating that Mr. Burke had been awarded $80,000 in "fees on fees").

### IV. CONCLUSION

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

ASBL has substantially prevailed in this action against the SBA, having forced the agency to produce tens of thousands of pages of responsive records that the agency previously and improperly withheld. As such, ASBL is eligible for and entitled to attorney's fees under FOIA and should be awarded the total amount requested: $525,205.19.

Respectfully submitted,

DATED: March 27, 2023          CANNATA O'TOOLE & OLSON LLP

                              By:     /s/ Karl Olson
                                      KARL OLSON

                              Karl Olson
                              Aaron R. Field
                              Irene Lee

                              Attorneys for Plaintiff
                              AMERICAN SMALL BUSINESS LEAGUE