1    KARL OLSON (SBN 104760)
     AARON R. FIELD (SBN 310648)
2    IRENE LEE (SBN 331485)
     CANNATA, O'TOOLE & OLSON LLP
3    100 Pine Street, Suite 350
     San Francisco, California 94111
4    Telephone:    (415) 409-8900
     Facsimile:    (415) 409-8904
5    Email:        kolson@cofolaw.com
                   afield@cofolaw.com
6                  ilee@cofolaw.cm

7    Attorneys for Plaintiff,
     AMERICAN SMALL BUSINESS LEAGUE

8

9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13
     AMERICAN SMALL BUSINESS              Case No. 3:20-cv-04619-MMC
14   LEAGUE,
                                          **DECLARATION OF IRENE LEE IN**
15              Plaintiff,                **SUPPORT OF PLAINTIFF AMERICAN**
                                          **SMALL BUSINESS LEAGUE'S NOTICE OF**
16        vs.                             **MOTION AND MOTION FOR ATTORNEY'S**
                                          **FEES AND COSTS**
17   UNITED STATES SMALL BUSINESS
     ADMINISTRATION,                      _____
18
                Defendant.               Date:   May 26, 2023
19                                        Time:   9:00 a.m.
                                          Place:  Courtroom 7 – 19th Floor
20                                        Judge: Hon. Maxine M. Chesney

21

22

23

24

25

26

27

28

I, IRENE LEE, declare:

1.     I am a member in good standing of the State Bar of California.  I am an associate attorney at the law firm of Cannata O'Toole & Olson LLP, and I represent plaintiff American Small Business League ("ASBL") in this action.  I make this declaration based on my own personal knowledge, and, if called as a witness, I could testify to the facts stated herein.

2.     I submit this declaration to provide further information as to the review of the documents received from the United States Small Business Administration ("SBA") in response to the additional searches conducted in accordance with Docket Number 65 and the numerous meet-and-confer sessions and correspondence between ASBL's counsel and SBA's counsel which preceded Docket No. 65.

3.     On June 30, 2022, the SBA produced its first set of documents responsive to one of the additional searches.  The documents produced included emails regarding meetings with former President Donald Trump, emails regarding meetings with the White House Opportunity Revitalization Council ("WHORC") , legislative proposals, a list of completed tasks by the WHORC, draft reports (redacted in full) of the federal government's analysis of its response to COVID-19, draft CARES Act second quarterly report (redacted in part), the SBA's Continuity of Operations Plan, press releases, and other press-related emails.  On July 25, 2022, ASBL sent a letter to the SBA objecting to some of the redactions that were made under FOIA Exemption 5. The SBA did not respond to ASBL's disputes, and on July 29, 2022, informed ASBL via email that SBA did not have an obligation to address the substantive issues underlying the disputed redactions during the processing phase under Docket Number 65.  Attached hereto as **Exhibit A** is a true and correct copy of ASBL's July 25, 2022 letter.  Attached hereto as **Exhibit B** is a true and correct copy of the SBA's July 29, 2022 email correspondence.

4.     I reviewed the SBA's July 29, 2022 production, consisting of a total of 848 pages of documents.  Of note in this production is a copy of a May 7, 2020 letter from Nita M. Lowey, Chairwoman of the House Appropriations Committee, and a June 15, 2020 letter from the House Select Subcommittee on the Coronavirus Crisis to Treasury Secretary Steve Mnuchin and Jovita Carranza.  The SBA also produced a copy of a flash report by the SBA's Inspector General

regarding the implementation of Paycheck Protection Program ("PPP") requirements.

5. I reviewed the SBA's October 31, 2022 production, which consisted of 1,102 pages of documents. The SBA indicated that redactions were made pursuant to FOIA Exemptions 4, 5, and 6. Some important documents in this production include daily briefing points and COVID statistics for the time period around April 25-June 8, 2020, a December 2, 2020 follow up letter from members of the United States House of Representatives to the SBA and Treasury Department ("Treasury") about PPP and Economic Injury Disaster Loan ("EIDL") data, a heavily redacted email chain regarding the implementation of Title I of the CARES Act, a draft report from the Treasury entitled "Phase 4 – Small Business," a May 6, 2020 letter from Senator Joe Manchin to then-SBA head Jovita Carranza and then-Treasury Secretary Steve Mnuchin, emails from some members of the U.S. House of representatives to the SBA about problems farmers experienced with the EIDL program with regard to lien waivers, Congressman Al Lawson's letter dated April 24, 2020 to Steve Mnuchin and Jovita Carranza detailing his support of the PPP and Health Care Enhancement Act, as well as requesting a follow up from the SBA to HAECO's request for federal aid under the CARES Act, April 28, 2020 letter from Congressman Ben McAdams to Steve Mnuchin and Jovita Carranza requesting a list of businesses currently benefiting from the PPP and criticizing the relaunch of the PPP as to his constituents in Utah, and a news release regarding a bipartisan letter from the Senate to the Treasury and SBA on an administrative fix to the 7(a) Loan Program.

6. I reviewed the SBA's November 10, 2022 production. The production consisted of six parts, totaling 6,314 pages of documents. Much of the production consisted of similar documents previously produced, including Coronavirus talking points, a Draft Economic Report of the President – Household Response Chapter, updated information on EIDL from the SBA's Office of Disaster Assistance, draft Senate bills, a May 20, 2020 letter from Congress to Mnuchin and Carranza regarding economic and financial assistance to Veterans Service Organizations during COVID, follow-up subsidy estimates for a new stimulus package in or around October through December 2020, draft amendments to the PPP section of the CARES Act, emails about the amount and percentage of supplemental funding obligated and outlayed from the funding

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

provided to the SBA from the CARES Act, PPP, and Health Care Enhancement Act, Congressman Joe Courtney's letter to the SBA and Treasury dated April 27, 2020 regarding farmers, the CARES Act, and EIDL loans, and Letter from Senators Doug Jones and Tim Scott to the SBA and Treasury dated May 1, 2020 requesting further guidance on loan forgiveness. Redactions were made pursuant to FOIA Exemptions 5 and 6.

7.      I reviewed the SBA's November 18, 2022 production.  The SBA produced a total of 5,092 pages of documents in this production.  Redactions were made pursuant to FOIA Exemptions 4, 5, and 6.  Some notable documents include draft responses to questions from the Senate Committee on Small Business & Entrepreneurship, a letter from Congressman Josh Gottheimer to the SBA and Treasury dated July 21, 2020 requesting guidance on the agency fee structure under the PPP, draft bill language sent from congressional aides to the SBA and Treasury and amongst themselves, and draft sections of and a one-pager on the Continuing Small Business Recovery and Paycheck Protection Act.

8.      The SBA later produced documents on November 30, 2022, totaling 983 pages.

9.      I had been tasked by lead partner Karl Olson, to review each of the SBA's document productions to assess whether the SBA had improperly withheld information under an inapplicable FOIA exemption.  Because of this, I was required to do a page-by-page review of each of the documents produced and ultimately billed a substantial amount of hours on this task throughout July 2022 to December 2022.

10.      On December 22, 2022, ASBL sent another letter disputing redactions made pursuant to FOIA Exemption 5.  In response, the SBA agreed to release some unredacted version of the documents at issue on January 10, 2023; January 13, 2023; and February 14, 2023. Attached hereto as **Exhibits C, D, and E**, respectively, are true and correct copies of the SBA's January 10, 2023; January 13, 2023; and February 14, 2023 releases.

//

//

// //

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of March 2023 in Oakland, California.

IRENE LEE

# EXHIBIT A



Karl Olson
kolson@cofolaw.com

July 25, 2022

**<u>By Email Only</u>**
David A. Fishman
Karen Hunter
Office of General Counsel
U.S. Small Business Administration
david.fishman@sba.gov
karen.hunter@sba.gov

Indraneel Sur
Civil Division, Federal Programs Branch
United States Department of Justice
indraneel.sur@usdoj.gov

      Re:    *American Small Business League v. United States Small Business Administration*, Case No. 3:20-cv-04619-MMC (N.D. Cal)

Dear Counsel:

      We have received and reviewed the SBA's June 30, 2022 production in response to the Court's June 8, 2022 Order (ECF 65) and object to the SBA's withholding of the following records under FOIA Exemption 5 pursuant to the deliberative process privilege: a draft list of completed action items by the White House Opportunity and Revitalization Council ("WHORC") regarding COVID-19 (SBA 000017-21), a draft list of legislative proposals (SBA 000022), all records of the Draft Economic Report of the President (SBA 000023-65, SBA 000115-354, SBA 000396-417), and all records of the Draft CARES Act Second Quarterly Report (SBA 000355-395).

      FOIA Exemption 5 protects from disclosure inter-agency or intra-agency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5). The SBA, in its letter of June 30, 2022, asserts that all of these records are exempt under Exemption 5 pursuant to the deliberative process privilege. The deliberative process privilege exempts from disclosure records that are both "predecisional" and "deliberative." *Assembly of State of Cal. v. U.S. Dep't. of Commerce*, 968 F.2d 916, 920 (9th

**San Francisco Office:** 100 Pine Street, Suite 350  San Francisco, California 94111  Phone: 415.409.8900
**Walnut Creek Office:** 1255 Treat Boulevard, Suite 300  Walnut Creek, California 94597  Phone: 925.932.7171
www. cofolaw.com

Cir. 1992). A document is "predecisional" if it was prepared in order to assist an agency decisionmaker in arriving at his decision. *Id.* (citing *Renegotiation Bd. v. Grumman Aircraft Eng'g. Corp.*, 421 U.S. 168, 184 (1975)). A document is "deliberative" if the disclosure of the material would expose an agency's decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions. *Assembly of State of Cal.*, 968 F.2d at 920 (citing *Dudman Commc'ns. Corp. v. Dep't. of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)). The Ninth Circuit has recognized that materials can be categorized as either factual or deliberative and such categorization is "a useful rule-of-thumb favoring disclosure of factual documents, or the factual portions of deliberative documents where such a separation is feasible." *Assembly of State of Cal.*, 968 F.2d at 921 (citing *Julian v. U.S. Dep't. of Justice*, 806 F.2d 1411, 1419 (9th Cir. 1986) ("communications containing purely factual material are not typically within the purview of Exemption 5"). To the extent that a document is exempt from disclosure, FOIA provides that any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt from disclosure. *Transgender Law Ctr. v. Immigration & Customs Enf't.*, 33 F.4th 1186, 1200 (9th Cir. 2022) (citing 5 U.S.C. § 552(b)).

With regard to the draft list of completed action items by the WHORC, this list is neither predecisional nor deliberative and therefore does not qualify for the deliberative process privilege. It is not a list of items that the WHORC intends to complete, but rather a list of actions that have already been taken. This list does not become predecisional simply because it is labeled as a draft and it was distributed in advance of a meeting. Material that predates a decision chronologically, but did not contribute to that decision, is not predecisional in any meaningful way. *Carter v. U.S. Dep't. of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002). It does not appear from the context of the documents that this draft list of completed action items contributed materially to any further decisions made by the WHORC. The only information that ASBL can gather from the documents is that the list of completed items was distributed in anticipation of an "Economic Development and Entrepreneurship Workstream Meeting," not that any of the completed tasks contributed to a decision, if any. More importantly, this list is not deliberative because it does not reveal the mental processes of the WHORC. It is, according to the description of the document on SBA 000016, a list of factual information about tasks that have been completed and does not enable the public to reconstruct any of the deliberative process, and therefore should be produced in full. *See, Assembly of State of Cal.*, 968 F.2d at 922.

The same can be said with regard to the list of legislative proposals (SBA 000022). To the extent that any of these proposals have been made to the legislature, such proposals are now factual and should be unredacted and produced.

As for both the Draft Economic Report of the President and the Draft CARES Act Second Quarterly report, any and all factual data regarding economic performance should be disclosed. It is important to note that this data was already collected in 2020 and is presumably already publicly available. Moreover, it is clear that there is at least some factual data contained in these reports based on descriptions provided in unredacted cover emails. For example, SBA 000023 states that the "PPP is mentioned starting on page 14" of the Draft Economic Report of

the President and advises the recipients to "note the jobs data on page 15." This jobs data should be disclosed. Similarly, SBA 000355 describes the Draft CARES Act Second Quarterly Report as a report on "the Economic Impact of the Coronavirus Response Funds," which presumably includes data on jobs, inflation, and other factual materials. To the extent that these reports are composed entirely of factual data (and dated factual data at that), they should be disclosed in their entirety. *See e.g.*, *Julian*, 806 F.2d at 1420 (holding that a presentence investigation report composed primarily of factual data about the subject prisoner is essentially factual and non-privileged material that cannot be withheld under Exemption 5). Any and all factual data that is reasonably segregable should be unredacted and produced to ASBL.

We ask that the SBA provide unredacted versions of all of the records identified in this correspondence in the SBA's next production, on or around July 29, 2022. If the SBA believes that these documents are still exempt from disclosure pursuant to Exemption 5 and the deliberative process privilege, we ask that the SBA provide all reasonably segregable records within the documents identified.

Very truly yours,

CANNATA, O'TOOLE, FICKES & OLSON LLP

KARL OLSON

KO:hs

cc:    Aaron R. Field
       Irene Lee


**EXHIBIT B**

**Subject:** RE: American Small Business League v. United States Small Business Administration, Case No. 3:20-cv-04619-MMC (N.D. Cal)

**Date:** Friday, July 29, 2022 at 3:23:39 PM Pacific Daylight Time

**From:** Sur, Indraneel (CIV)

**To:** Kristel Gelera, david.fishman@sba.gov

**CC:** Karl Olson, Irene Lee, Aaron R. Field

**Attachments:** image001.jpg

Good afternoon, counsel.  SBA has received Plaintiff's letter of July 25, 2022, in which Plaintiff expresses certain views regarding application of particular FOIA exemptions to records SBA produced under the Court's order of June 8, 2022 (Doc. 65) ("Order").  SBA will not respond at this time to the views expressed in Plaintiff's letter because doing so would be inconsistent with the Order.

The schedule governing this action is provided in the Order. Under that Order, SBA is currently processing the records responsive to Plaintiff's "two new searches," and that processing is "to be completed on or before December 1, 2022."  Order ¶ 2.  SBA is also making "monthly production[s]" of "responsive, non-exempt records to Plaintiff," "until production is complete."  Order ¶ 3.  The Order also provides that the "parties shall file a joint status report" on December 15, 2022, "that indicates whether further litigation regarding SBA's processing of records responsive to Plaintiff's two new searches, and any claimed FOIA exemptions, or other disputed issues, will be necessary and, if so, a proposed schedule for briefing and further proceedings."  Order ¶ 4.

The Order does not support the notion that SBA must respond, during the currently ongoing processing phase, to Plaintiffs' views in correspondence regarding FOIA exemptions applied to particular records responsive to Plaintiff's two new searches.  To the contrary, if there are "disputed issues" as to "claimed FOIA exemptions" calling for further litigation, the schedule for such litigation is to be proposed in the joint status report in December 2022, as described in Paragraph 4 of the Order.

The context surrounding the Scheduling Order also does not support addressing, during the processing phase, Plaintiff's correspondence regarding application of FOIA exemptions, in light of the burdens that would impose. SBA's unrefuted submission underlying the Order made that clear:  SBA's Office of General Counsel (OGC) has only three attorneys and one paralegal "responsible for handling individual FOIA responses as well as advising the program offices on their responses.  Although those three attorneys handle FOIA requests, they are also responsible for other ongoing litigation against SBA, including, but not limited to, FOIA litigation."  Decl. of Eric S. Benderson in Support of Mot. for Modification of Sched. ¶ 14 (May 26, 2022) (Doc. 62-1).  For SBA to respond, during the processing stage, to contentions regarding the applications of FOIA exemptions to individual records, would "require SBA to reduce the number of pages processed in other active FOIA requests, and it would risk draining agency resources currently engaged in responding to deadlines in other Federal court cases (including cases outside the FOIA context)."  *See* Decl. ¶ 19.

Sincerely,

* * *

Indraneel Sur

U.S. Dep't of Justice | Civil Division | Federal Programs Branch

DOJ mobile (202) 532-5748 | indraneel.sur@usdoj.gov

**From:** Kristel Gelera <kgelera@cofolaw.com>
**Sent:** Monday, July 25, 2022 6:04 PM
**To:** david.fishman@sba.gov; karen.hunter@sba.gov; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>
**Cc:** Karl Olson <kolson@cofolaw.com>; Irene Lee <ILee@cofolaw.com>; Aaron R. Field <afield@cofolaw.com>
**Subject:** [EXTERNAL] American Small Business League v. United States Small Business Administration, Case No. 3:20-cv-04619-MMC (N.D. Cal)

Dear Counsel,

Please see the attached letter on behalf of Plaintiff American Small Business League with regard to the above-mentioned case.

Thank you,
Kristel

_____
Kristel Gelera
Legal Assistant



100 Pine Street, Suite 350
San Francisco, California 94111
Direct: 415.798.8980
Telephone: 415.409.8900
Fax: 415.409.8904
**Please consider the environment before printing this e-mail**

----------------------------------------------------------------------------------------------------------------[SEP]For further information about our firm or directions to our San Francisco or Walnut Creek offices, please visit our Firm Website at http://www.cofolaw.com [SEP]-------------------------------------------------------------------------------------------------------------[SEP]This electronic mail transmission is intended only for the addressee(s) shown above. It may contain information that is confidential, or otherwise protected from disclosure as an attorney-client or attorney work-product privileged communication. Any review, dissemination or use of this transmission or its contents by persons other than the addressee(s) is strictly prohibited.

If you have received this transmission in error, please notify us immediately by telephone at (415) 409-8900, and destroy this document.

If this communication relates to a debt, *THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.*

# EXHIBIT C

| **Subject:** | RE: ASBL v. SBA, 20-cv-4619 |
| --- | --- |
| **Date:** | Tuesday, January 10, 2023 at 7:27:44 PM Pacific Standard Time |
| **From:** | Bickford, James (CIV) |
| **To:** | Karl Olson |
| **CC:** | Aaron R. Field, Kristel Gelera, Irene Lee |
| **Attachments:** | Olson -- No 20-cv-04619_Response_01.10.2023.pdf, ASBL_Release_01.10.2023.pdf |

Karl,

Here is SBA's response to your letter of December 22. I look forward to speaking with you on Thursday.

With my best,

James

---

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Thursday, January 05, 2023 9:51 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
**Subject:** [EXTERNAL] RE: ASBL v. SBA, 20-cv-4619

Thanks James. Why don't you use the following dial-in: (800) 503-2899, access code 8678715#

Regards, Karl

---

**From:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Sent:** Thursday, January 5, 2023 5:49 PM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Thank you, Karl – and next Thursday at 10:30 Pacific sounds good to me. Do you want to set up the call or should I?

Obviously you should feel free to push things back if you haven't had enough time to digest the agency's forthcoming response, but I don't expect that that will be a problem.

With my best,

James

---

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Thursday, January 05, 2023 6:32 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** [EXTERNAL] RE: ASBL v. SBA, 20-cv-4619

Welcome back James.

Happy to talk next week.  How about Thursday, January 12 at 10:30 a.m. Pacific?

Obviously, we would hope and expect to have the agency's response to our letter sufficiently in advance of our call to be able to be able to review it adequately.

Regards, Karl Olson

---

**From:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Sent:** Thursday, January 5, 2023 8:02 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

I have returned to my office after a year away, and am taking this case back from Indraneel.  I am still getting up to speed on what I missed, though I gather that we have another statement due to the court on Wednesday, January 18.  I also understand that you sent a letter to SBA shortly before Christmas; I expect to transmit the agency's response early next week.

Could we set up a call next Wednesday or Thursday to talk about where this case stands and what we should say to the court the following week?

With my best,

James

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

---

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Monday, August 09, 2021 7:32 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

James,

We do not agree to a further stay, for various reasons, including but not limited to the fact that the DC case overlaps with only part of our case.  We will agree, however, to a two-week extension of time on your brief on the condition that we get a corresponding extension of two weeks for our opposition/cross-motion and that other briefs get a corresponding two-week extension as well, and that there be no further continuances absent good cause.

Happy to discuss if you would like.

On another matter, we are mailing a check (under protest) for the payment of the disputed search fees tomorrow.

Regards, Karl Olson

---

**From:** Bickford, James (CIV) [mailto:James.Bickford@usdoj.gov]
**Sent:** Monday, August 9, 2021 9:36 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

I didn't hear from Aaron last week, and we need to get our motion on file.  Given the unexpected remand in the Washington Post case, we think that we should stay the briefing schedule here so that we can discuss how to proceed at our August 20 status conference.  I would also be open to seeking a two-week extension of our deadline (until August 30) to achieve the same result, if for some reason you preferred that approach.

Please let me know whether ASBL will consent to a brief stay (or, in the alternative, a two-week extension) as soon as you can.

With my best,

James

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Friday, July 30, 2021 2:59 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

James,

We will consider this. I am on vacation next week, so it may be Aaron who gets back to you

Regards, Karl

---

**From:** Bickford, James (CIV) [mailto:James.Bickford@usdoj.gov]
**Sent:** Friday, July 30, 2021 11:03 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>
**Subject:** ASBL v. SBA, 20-cv-4619

Karl,

I hope that the summer is treating you well.

As I trust that you know, the district court in DC decided the cross-motions for summary judgment in the Washington Post PPP case on July 15. The court concluded that SBA had properly withheld the borrowers' DUNS numbers, and ordered "a remand . . . for the agency to more fully support its withholdings with respect to interim loan status information and borrower tax-identification numbers." As status report is due in that case on August 16.

Under the Court's scheduling order in this case, the government's motion for summary judgment would be due that same day. We intend to move for a stay of the briefing schedule in light of the DC district court's remand order, so that the parties and the court can consider the matter at our August 20 conference. Please let me know if ASBL will consent to a limited stay of briefing until the August 20 conference.

Separately, I understand that SBA has completed its production of documents related to the Regional Regulatory Fairness Board, and has provided a cost estimate for processing the remainder of the request, but has not received payment from ASBL. Please let me know if ASBL intends to make payment (under protest) so that we can complete the processing in this case.

With my best,

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or

use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.



**U.S. SMALL BUSINESS ADMINISTRATION**
**WASHINGTON, DC 20416**

OFFICE OF GENERAL COUNSEL

January 10, 2023

Karl Olson
Cannata, O'Toole,
Fickes, & Olson LLP
100 Pine Street, Suite 350
San Francisco, CA 94111
kolson@cofolaw.com

Re:     *American Small Business League v. U.S. Small Business Administration*, 3:20-cv-4619
        (N.D. Cal.)

Dear Mr. Olson,

The U.S. Small Business Administration ("SBA") is in receipt of your letter dated December 22, 2022 regarding the document production, of over 17,000 pages, that was completed by SBA on November 30, 2022.

As you know, on April 16, 2020, the American Small Business League ("ASBL") requested, among other things, "Any communication between the White House, SBA, and Congress regarding requests for additional funding for the CARES Act and PPP Program." SBA completed its response to that portion of the ASBL request on January 22, 2021.

In May 2022, in an effort to resolve this litigation without the need for further briefing, SBA agreed to conduct two additional email searches, and to process the documents responsive to those searches for release to ASBL. Each search required an email address from one of the following domains: who.eop.gov, mail.house.gov, or senate.gov. In addition, the first search required that the following four words appear somewhere in the document: health, care, enhancement, and act. The second search also required that one of the following words or phrases appear somewhere in the document: shake shack, lakers, ruth's, or potbelly. SBA completed its production of records identified by these searches on November 30, 2022. SBA did not review those records for responsiveness to ASBL's original request for "communication[s] between the White House, SBA, and Congress regarding requests for additional funding for the CARES Act and PPP Program."

In your recent letter you object to various documents that were withheld ("the Withheld Documents") in full or in part, under Exemption 5 of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), from the production completed by SBA on November 30, 2022. Those documents were identified in the indices provided with each production set. You objected to the withholding, in full or in part, of documents you described as follows:

1. a draft list of completed action items by the White House Opportunity and Revitalization Council ("WHORC") regarding COVID-19 (SBA 000017-21);
2. a draft list of legislative proposals (SBA 000022);
3. all records of the Draft Economic Report of the President (SBA 000023-65, SBA 000115-453 and SBA 000396-417);
4. all records of the Draft CARES Act Second Quarterly Report (SBA 000355-395);
5. email correspondences about the implementation of the CARES Act (SBA 003972-3976);
6. all email correspondences regarding and responses to follow-up questions from Congress to the SBA and/or Treasury (SBA 003977-4026, SBA 005919-5960, SBA 5977-6018, and SBA 011162-11216);
7. email correspondences regarding COVID-19 talking points (SBA 004580-4597);
8. all draft House and Senate bills and email correspondences attaching said bills (SBA 004606-4998, SBA 004999-5185; SBA 006390-6704; SBA 008211-8792; SBA 009239-9261; SBA 009846-9858; SBA 010140-10975, SBA 011222-11255; SBA 011256-11298; SBA 011676-11711; SBA 011717-11745; SBA 011560-11660; SBA 012272-12729; SBA 012767-12779; and SBA 012837-12855);
9. email correspondences and documents requesting subsidy and cost estimates for a stimulus package and for the 7a and 504 Programs (SBA 006705-6829; SBA 008086-8210 and SBA 009282-9406); and
10. email correspondences referencing current PPP lending figures (SBA 008793-8794).

As an initial matter, SBA notes that the documents numbered Bates Nos. 004580 through 004597 have already been released in full in the original submission. Also, after having reviewed your letter, SBA has determined that the document identified by Bates No. 005919 can be released without substantive redaction and that document is attached.

With respect to the remainder of the documents, the portions of the Withheld Documents that have been redacted are protected from release by FOIA's Exemption 5 under the Deliberative Process Privilege. The Withheld Documents are pre-decisional as they consist of draft materials that are not in final format as well as pre-decisional statements or opinions from federal personnel made to assist with governmental decision making. The Withheld Documents, including talking points, emails and proposals, are also deliberative in that they reflect the recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of federal personnel during deliberations regarding the coordinated federal response to the COVID-19 pandemic.[1]

To the extent that there are matters in the Withheld Documents related to agencies other than SBA, as you noted, the Deliberative Process Privilege ("DPP") protects both intra-agency and inter-agency deliberations. As you have noted, Bates Number 00016, for example, sets forth that "PPP is mentioned starting on Page 14". However, Bates Number 00016 goes on to say that clearance is "requested from WH counsel, NEC and Treasury", thus indicating that the opinions

---

[1] For example, Bates No. 00017-21 are not list of tasks that have been "completed" but are instead a list of proposed tasks to be undertaken by various federal agencies, which tasks were the subject of the discussion referred to in Bates No. 00016.

of other agencies, in addition to SBA, were still being sought regarding the draft documents attached to the email.  Those documents are protected from release by the DPP, as are the other correspondence documents between the agencies and/or the White House identified as being protected by the DPP by SBA.

Similarly, any emails, memoranda and communications created as part of, and during, the agency's deliberations on actions to be taken in response to the COVID-19 pandemic that were transmitted to Congress are also protected from release by the DPP.  A federal agency does not waive its DPP privilege when matters created as part of its deliberative process are transmitted to Congress, including Congressional staff members.  *See Rockwell Int'l Corp. v. U.S. Dep't of Just.*, 235 F.3d 598, 604 (D.C. Cir. 2001).

Further, with respect to information that is deemed to be "factual" in nature, that information is intrinsically entwined with protected DPP material and cannot be reasonably segregated.  As you are aware, over 17,000 pages were produced by SBA.  SBA conducted a document-by-document review of the multitude of records in order to produce all responsive and releasable documentation, while preserving its and the Government's privileges.

Finally, as you also noted, PPP loan data information is publicly available at  PPP data (sba.gov). Any correspondence regarding loan data estimates between SBA and its federal partners is protected from disclosure by the DPP to the extent the data was used to facilitate or inform decision-makers on efforts to confront the economic instability caused by the COVID-19 pandemic.

In the event you would like to discuss this further or would like to discuss resolving this matter please feel free to reach out to our litigation counsel, James Bickford, at (202) 305-7632.

Sincerely,

David A. Fishman
Senior Legal Counsel For FOIA and Privacy Act
Assistant General Counsel for Litigation
"

| **To:** | Hershey, Michael S[Michael.Hershey@sba.gov] |
|---|---|
| **From:** | CLA[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=B4D338279D0E43A29371921673D38E9C-CLA] |
| **Sent:** | Tue 10/13/2020 9:30:08 AM (UTC-04:00) |
| **Subject:** | FW: LRM: [CMB-116-199] Due 10/21/2020 Wednesday at 11:00 AM -- TREASURY Questions for the Record on Implementation of Title I of the CARES Act |

Senate Small Business Committee QFRs.docx

Do we need someone to review these Treasury responses  to draft QFRs or just send as an FYI

# John D. Ford

**Office of Congressional and Legislative Affairs**
**U.S. Small Business Administration**
409 Third Street, S.W.
Washington, DC  20416
Tel: (202) 619-0297
Fax: (202) 205 -7374
john.ford@sba.gov



---

**From:** Bronack, Candice M. EOP/OMB <Candice_M._Bronack@omb.eop.gov>
**Sent:** Friday, October 9, 2020 9:19 AM
**To:** 'AGRICULTURE' <usdaleg@obpa.usda.gov>; 'COMMERCE' <clrm@doc.gov>; 'HEALTH & HUMAN SERVICES' <lrm@hhs.gov>; 'HOUSING & URBAN DEVELOPMENT' <HUDLRM@hud.gov>; 'JUSTICE' <justice.lrm@usdoj.gov>; 'LABOR' <dol-sol-leg@dol.gov>; CLA <CLA@sba.gov>; 'Social Security Administration' <ODCLCA.LRM.SSA@ssa.gov>
**Cc:** Renier, Jessica J. EOP/OMB <Jessica.J.Renier@omb.eop.gov>; Enger, Michelle A. EOP/OMB <Michelle_A._Enger@omb.eop.gov>; Curtis, Tyler T. EOP/OMB <Christopher_T._Curtis@omb.eop.gov>; Stratton, Terry W. EOP/OMB <Terry_W_Stratton@omb.eop.gov>; Ghavalyan, Mariam EOP/OMB <Mariam.Ghavalyan@omb.eop.gov>; Klein, Robert T. EOP/OMB <rtklein@omb.eop.gov>; McNeal, Chris G. EOP/OMB <Christopher.G.McNeal@omb.eop.gov>; Turner, Austin F. EOP/OMB <Austin_F_Turner@omb.eop.gov>; Lee, Jessica K. EOP/OMB <Jessica_K._Lee@omb.eop.gov>; Askew, Emily E. EOP/OMB <Emily_E_Askew@omb.eop.gov>; DL OMB HEALTH PHB <DL.OMB.HEALTH.PHB@OMB.eop.gov>; DL OMB EIML Labor <DL.OMB.EIML.Labor@OMB.eop.gov>; DL OMB NRD AB <DL.NRP.NRDAB@whmo.mil>; DL OMB BRD PAYGO CREW <DL.OMB.BRD.PAYGOCREW@OMB.eop.gov>; Chaudhary, Nida EOP/OMB <Nida_Chaudhary@omb.eop.gov>; DL OMB OGC Coronavirus <DL.OMB.OGCCoronavirus@omb.eop.gov>; DL-WHO-WHGC-LRM <DL-WHO-WHGC-LRM@WHO.eop.gov>; DL OMB STAFF OIRA-LRM <DL.STAFF.OIRA-LRM@whmo.mil>; Taber, Jamie R. EOP/OMB <Jamie_R_Taber@omb.eop.gov>; Lukens, Gideon F. EOP/OMB <Gideon_F_Lukens@omb.eop.gov>; Hodgson, Christopher M. EOP/OVP <Christopher.M.Hodgson@ovp.eop.gov>; Cantrell, Benjamin B. EOP/OVP <Benjamin.B.Cantrell@ovp.eop.gov>; DL-OPD-NEC-LRM <DL-OPD-NEC-LRM@OPD.eop.gov>; Crews, John G. EOP/WHO <John.G.Crews@who.eop.gov>; Williams, James H. EOP/WHO <James.H.Williams@who.eop.gov>; Riley, Sean M. EOP/WHO <Sean.M.Riley@who.eop.gov>; Andrews, Tom S. EOP/WHO <Thomas.S.Andrews@who.eop.gov>; Yaworske, Jason A. EOP/OMB <Jason.A.Yaworske@omb.eop.gov>; McIntyre, Natalie M. EOP/OMB <Natalie.M.McIntyre@omb.eop.gov>; Fike, Hugh D. II EOP/OMB <Hugh.D.Fike@omb.eop.gov>; Vaeth, Matt J. EOP/OMB <Matthew_Vaeth@omb.eop.gov>; Ventura, Alexandra EOP/OMB <Alexandra_Ventura@omb.eop.gov>
**Subject:** LRM: [CMB-116-199] Due 10/21/2020 Wednesday at 11:00 AM -- TREASURY Questions for the Record on Implementation of Title I of the CARES Act

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

DEADLINE: 11:00 AM Wednesday, Oct 21 2020

Attached for your review are Treasury responses to Questions for the Record from a June 10th hearing before the Senate Small Business Committee titled Implementation of Title I of the CARES Act.  Please review the 40-page QFRs and send any comments by the deadline above.  Thanks.

-------------------------------------------------

LRM ID: CMB-116-199
EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET

Legislative Liaison Officer - See Distribution

FROM: Ventura, Alexandra (for) Assistant Director for Legislative Reference
SUBJECT: LRM: [CMB-116-199] Due 10/21/2020 Wednesday at 11:00 AM -- TREASURY Questions for the Record on Implementation of Title I of the CARES Act

OMB CONTACT: Candice Bronack(OMB)
E-Mail: candice_m._bronack@omb.eop.gov
PHONE: (202) 395-7843
FAX: (202) 395-3109

In accordance with <A href="https://www.whitehouse.gov/wp-content/uploads/2017/11/Circular-019.pdf">OMB Circular No. A-19</A>, OMB requests the views of your agency on the above subject before advising on its relationship to the program of the President.

Please advise us if this item will affect direct spending or receipts for the purposes of the Statutory Pay-as-You-Go Act of 2010.

Candice M. Bronack
Legislative Analyst – Legislative Reference Division
Office of Management & Budget
████████
Candice_M._Bronack@omb.eop.gov

SBA_005920

# EXHIBIT D

| **Subject:** | RE: ASBL v. SBA, 20-cv-4619 |
| **Date:** | Friday, January 13, 2023 at 8:35:50 AM Pacific Standard Time |
| **From:** | Bickford, James (CIV) |
| **To:** | Karl Olson |
| **CC:** | Aaron R. Field, Kristel Gelera, Irene Lee |
| **Attachments:** | ASBL_Release_01.12.2023.pdf |

Karl,

I am attaching a copy of SBA 4580 with only the cell phone number withheld. My apologies for the confusion with this document.

Sincerely,

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

**From:** Bickford, James (CIV)
**Sent:** Tuesday, January 10, 2023 10:28 PM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

Here is SBA's response to your letter of December 22. I look forward to speaking with you on Thursday.

With my best,

James

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Thursday, January 05, 2023 9:51 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>; Irene Lee

<[lLee@cofolaw.com](mailto:lLee@cofolaw.com)>
**Subject:** [EXTERNAL] RE: ASBL v. SBA, 20-cv-4619

Thanks James.  Why don't you use the following dial-in:  (800) 503-2899, access code 8678715#

Regards, Karl

---

**From:** Bickford, James (CIV) <[James.Bickford@usdoj.gov](mailto:James.Bickford@usdoj.gov)>
**Sent:** Thursday, January 5, 2023 5:49 PM
**To:** Karl Olson <[kolson@cofolaw.com](mailto:kolson@cofolaw.com)>
**Cc:** Aaron R. Field <[afield@cofolaw.com](mailto:afield@cofolaw.com)>; Kristel Gelera <[kgelera@cofolaw.com](mailto:kgelera@cofolaw.com)>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Thank you, Karl – and next Thursday at 10:30 Pacific sounds good to me.  Do you want to set up the call or should I?

Obviously you should feel free to push things back if you haven't had enough time to digest the agency's forthcoming response, but I don't expect that that will be a problem.

With my best,

James

---

**From:** Karl Olson <[kolson@cofolaw.com](mailto:kolson@cofolaw.com)>
**Sent:** Thursday, January 05, 2023 6:32 PM
**To:** Bickford, James (CIV) <[James.Bickford@usdoj.gov](mailto:James.Bickford@usdoj.gov)>
**Cc:** Aaron R. Field <[afield@cofolaw.com](mailto:afield@cofolaw.com)>; Kristel Gelera <[kgelera@cofolaw.com](mailto:kgelera@cofolaw.com)>
**Subject:** [EXTERNAL] RE: ASBL v. SBA, 20-cv-4619

Welcome back James.

Happy to talk next week.  How about Thursday, January 12 at 10:30 a.m. Pacific?

Obviously, we would hope and expect to have the agency's response to our letter sufficiently in advance of our call to be able to be able to review it adequately.

Regards, Karl Olson

---

**From:** Bickford, James (CIV) <[James.Bickford@usdoj.gov](mailto:James.Bickford@usdoj.gov)>
**Sent:** Thursday, January 5, 2023 8:02 AM
**To:** Karl Olson <[kolson@cofolaw.com](mailto:kolson@cofolaw.com)>
**Cc:** Aaron R. Field <[afield@cofolaw.com](mailto:afield@cofolaw.com)>; Kristel Gelera <[kgelera@cofolaw.com](mailto:kgelera@cofolaw.com)>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

I have returned to my office after a year away, and am taking this case back from Indraneel.  I am still getting up to speed on what I missed, though I gather that we have another statement due to the court on Wednesday, January 18.  I also understand that you sent a letter to SBA shortly before Christmas; I expect to transmit the agency's response early next week.

Could we set up a call next Wednesday or Thursday to talk about where this case stands and what we should say to the court the following week?

With my best,

James

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Monday, August 09, 2021 7:32 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

James,

We do not agree to a further stay, for various reasons, including but not limited to the fact that the DC case overlaps with only part of our case. We will agree, however, to a two-week extension of time on your brief on the condition that we get a corresponding extension of two weeks for our opposition/cross-motion and that other briefs get a corresponding two-week extension as well, and that there be no further continuances absent good cause.

Happy to discuss if you would like.

On another matter, we are mailing a check (under protest) for the payment of the disputed search fees tomorrow.

Regards, Karl Olson

**From:** Bickford, James (CIV) [mailto:James.Bickford@usdoj.gov]
**Sent:** Monday, August 9, 2021 9:36 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

I didn't hear from Aaron last week, and we need to get our motion on file.  Given the unexpected remand in the Washington Post case, we think that we should stay the briefing schedule here so that we can discuss how to proceed at our August 20 status conference.  I would also be open to seeking a two-week extension of our deadline (until August 30) to achieve the same result, if for some reason you preferred that approach.

Please let me know whether ASBL will consent to a brief stay (or, in the alternative, a two-week extension) as soon as you can.

With my best,

James

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Friday, July 30, 2021 2:59 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

James,

We will consider this.  I am on vacation next week, so it may be Aaron who gets back to you

Regards, Karl

**From:** Bickford, James (CIV) [mailto:James.Bickford@usdoj.gov]
**Sent:** Friday, July 30, 2021 11:03 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>
**Subject:** ASBL v. SBA, 20-cv-4619

Karl,

I hope that the summer is treating you well.

As I trust that you know, the district court in DC decided the cross-motions for summary judgment in the Washington Post PPP case on July 15.  The court concluded that SBA had properly withheld the borrowers' DUNS numbers, and ordered "a remand . . . for the agency to more fully support its withholdings with respect to interim loan status information and borrower tax-identification numbers."  As status report is due in that case on August 16.

Under the Court's scheduling order in this case, the government's motion for summary judgment would be due that same day.  We intend to move for a stay of the briefing schedule in light of the DC district court's remand order, so that the parties and the court can consider the matter at our August 20 conference.  Please let me know if ASBL will consent to a limited stay of briefing until the August 20 conference.

Separately, I understand that SBA has completed its production of documents related to the Regional Regulatory Fairness Board, and has provided a cost estimate for processing the remainder of the request, but has not received payment from ASBL.  Please let me know if ASBL intends to make payment (under protest) so that we can complete the processing in this case.

With my best,

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

**To:** Nevins, Kristan K. EOP/WHO[Kristan.K.Nevins@who.eop.gov]
**From:** Nevins, Kristan K. EOP/WHO[Kristan.K.Nevins@who.eop.gov]
**Sent:** Mon 3/9/2020 9:41:35 AM Eastern Daylight Time
**Subject:** FW: Coronavirus Talking Points 3.9
**Attachment:** Remarks by Vice President Pence in Press Gaggle After Meeting with Cruise Line Executives | Fort Lauderdale, FL
**Attachment:** Press Briefing by Health and Human Services Secretary Azar and Food and Drug Administration Commissioner Hahn
**Attachment:** Coronavirus 3.9.docx
**Attachment:** COVID-19 Additional Guidance Questions and Answers 3-7-2020.pdf

---

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

All,

Please see attached talking points sent to your comms team this morning.  In addition, I attached the FAQs distributed on Saturday to your HR offices.  Your DepSecs/representative should be tracking these from the EPMC calls over the weekend.

Don't hesitate if there are any questions,
kkn

---

**From:** Miller, Katie R. EOP/OVP <Katie.R.Miller@ovp.eop.gov>
**Sent:** Monday, March 9, 2020 7:27 AM
**To:** Miller, Katie R. EOP/OVP <Katie.R.Miller@ovp.eop.gov>
**Cc:** O'Malley, Devin M. EOP/OVP <Devin.M.O'Malley@ovp.eop.gov>; Fetalvo, Ninio J. EOP/OVP <Ninio.J.Fetalvo@ovp.eop.gov>; Kelly.Love@hq.doe.gov
**Subject:** Coronavirus Talking Points 3.9

Good morning – Please find attached the latest talking points labeled "Coronavirus 3.9".

**Also attached:**
- A transcript of Pence press gaggle in Florida.
- Press briefing with Secretary Azar and FDA Commissioner Hahn on testing

**Today's Look Ahead:**
- The Vice President and Members of the Coronavirus Task Force will host an on-camera briefing immediately following the task force meeting at 5:30PM.
- Secretary Azar is on America's Newsroom at 10AM, Administrator Verma is on Outnumbered at 1PM, Dr. Fauci is on Hannity, Good Morning America at 7am, and Fox and Friends at 8am.

Lastly, please welcome to Kelly Love to our team and please include her on emails.

Thanks,
Katie

—
**Katie Miller**
Press Secretary
Vice President Mike Pence
Cell: (b) (6)

**EXHIBIT E**

| **Subject:** | RE: ASBL v. SBA, 20-cv-4619 |
| **Date:** | Tuesday, February 14, 2023 at 2:50:26 PM Pacific Standard Time |
| **From:** | Bickford, James (CIV) |
| **To:** | Karl Olson |
| **CC:** | Aaron R. Field, Irene Lee, Kristel Gelera |
| **Attachments:** | ASBL v. SBA, Bates 8793-94.pdf |

Karl,

The Small Business Administration is releasing the two-page email at Bates 8793 and 8794, which I have attached here.

The other documents identified in your most recent letter are draft responses to questions for the record from the Senate Committee on Small Business and Entrepreneurship. The drafts at Bates 3977 – 4026 and Bates 11162 – 11216 were prepared by SBA; the drafts at Bates 5919 – 5960 and Bates 5977 – 6019 were prepared by the Department of the Treasury and circulated to SBA. In consultation with Treasury, SBA is reviewing these drafts to determine whether any portion of them was adopted by either agency as its final response to any of the these questions. Any portion of these drafts that was adopted as either agency's final response will be released; the remainder of the drafts will be withheld under the deliberative process privilege as incorporated into FOIA Exemption 5.

As you note, our next status report is due this Friday, February 17. Please let me know how ASBL would like to proceed. SBA is happy to set a briefing schedule on any substantive challenges that ASBL wishes to raise at summary judgment, or on ASBL's demand for fees. Alternatively, we could file another status report informing the Court that the parties are continuing to negotiate, and seeking leave to file a further report in March.

With my best,

James

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Tuesday, February 14, 2023 1:22 PM

**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>; Kristel Gelera <kgelera@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
**Subject:** [EXTERNAL] RE: ASBL v. SBA, 20-cv-4619

James, in advance of the Joint Status Report due on Friday, I'm wondering if you have any word on the SBA's position related to the documents it has withheld and redacted.

Regards, Karl Olson

---

**From:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Sent:** Wednesday, January 18, 2023 1:07 PM
**To:** Kristel Gelera <kgelera@cofolaw.com>; Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
**Subject:** Re: ASBL v. SBA, 20-cv-4619

Karl,

You have my authority to file the draft JSR that I circulated this morning. Thanks to you and your firm for handling the filing.

I'll be back in touch in February, after SBA completes its re-review of the documents identified in your most recent letter.

With my best,

James

> On Jan 18, 2023, at 9:56 AM, Bickford, James (CIV) <James.Bickford@usdoj.gov> wrote:
>
> Thanks Karl and Kristel both. This looks basically fine to me, but I don't see any need to submit separate statements on this one. I've reformatted and made some cosmetic changes to the text – does the attached work for ASBL? I'm sending it clean as the redline was a bit of a mess.
>
> If this all right with you I'll get it cleared on my end.
>
> Thanks,
>
> James
>
> ---
>
> **From:** Kristel Gelera <kgelera@cofolaw.com>
> **Sent:** Wednesday, January 18, 2023 12:33 PM
> **To:** Karl Olson <kolson@cofolaw.com>; Bickford, James (CIV) <James.Bickford@usdoj.gov>
> **Cc:** Aaron R. Field <afield@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
> **Subject:** [EXTERNAL] Re: ASBL v. SBA, 20-cv-4619
>
> All,
>
> Attached is the draft JSR in pleading format.

Thank you,
Kristel

_____

Kristel Gelera
Legal Assistant
<image002.jpg>
100 Pine Street, Suite 350
San Francisco, California 94111 [SEP] Telephone: 415.409.8900 [SEP] Fax: 415.409.8904
**Please consider the environment before printing this e-mail**
----------------------------------------------------------------------------------------------------------------[SEP]For
further information about our firm or directions to our San Francisco or Walnut Creek
offices, please visit our Firm Website at http://www.cofolaw.com [SEP]-------------------------------
----------------------------------------------------------------------------------[SEP]This electronic mail
transmission is intended only for the addressee(s) shown above. It may contain
information that is confidential, or otherwise protected from disclosure as an attorney-
client or attorney work-product privileged communication. Any review, dissemination or
use of this transmission or its contents by persons other than the addressee(s) is strictly
prohibited.

If you have received this transmission in error, please notify us immediately by telephone
at (415) 409-8900, and destroy this document.

If this communication relates to a debt, *THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY
INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS
COMMUNICATION WILL BE USED FOR THAT PURPOSE.*

---

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Wednesday, January 18, 2023 9:17 AM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>; Irene Lee
<ILee@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

We are OK with that.  I've drafted a short JSR (attached) which we will send to you on pleading
paper shortly.

Regards, Karl

---

**From:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Sent:** Wednesday, January 18, 2023 9:03 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

Will ASBL agree to tell the court that we are discussing whether summary judgment briefing will be necessary in this case, and to propose that we file another status report by February 17? And if not, how does ASBL propose to proceed?

If I don't hear back from you shortly, SBA will prepare a separate filing proposing that the parties continue to discuss the remaining disputes in this case and file another JSR by February 17.

Sincerely,

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

---

**From:** Bickford, James (CIV)
**Sent:** Monday, January 16, 2023 1:21 PM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

I got your letter from Friday night. SBA is willing to take a last, careful look at the documents you identified (approximately 200 pages by my rough count) – but the personnel who would conduct the review are out of the office for the next two weeks.

For the purposes of Wednesday's status report, I would suggest telling the court that we are discussing whether summary judgment briefing will be necessary in this case, and proposing that we file another status report by February 17. That would give us about two weeks for SBA to review the records and get you a response, and then for us to talk about where we go from there. Please let me know if that's acceptable to your client.

With my best,

James

---

**From:** Irene Lee <ILee@cofolaw.com>
**Sent:** Friday, January 13, 2023 8:18 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>; Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** [EXTERNAL] Re: ASBL v. SBA, 20-cv-4619

Dear James,

Please find attached a correspondence from Karl Olson in response to the SBA's letter dated January 10, 2023, as referenced below and during yesterday's call.

Sincerely,
Irene Lee

_____

Irene Lee
Attorney at Law

<image003.jpg>
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone: 415.409.8900
Direct Dial: 415.798.8931
Fax: 415.409.8904

**Please consider the environment before printing this e-mail**

------------------------------------------------------------------------------------

IMPORTANT NOTICE:  Our offices are temporarily closed in compliance with public health directives and/or recommendations for the San Francisco Bay Area.  All of our attorneys and paralegals are working remotely.  Please contact me or our office manager, Jessica Toscano (jtoscano@cofolaw.com), if you have questions or concerns.

------------------------------------------------------------------------------------

For further information about our firm or directions to our San Francisco or Walnut Creek offices, please visit our Firm Website at http://www.cofolaw.com

------------------------------------------------------------------------------------

This electronic mail transmission is intended only for the addressee(s) shown above. It may contain information that is confidential, or otherwise protected from disclosure as an attorney-client or attorney work-product privileged communication. Any review, dissemination or use of this transmission or its contents by persons other than the addressee(s) is strictly prohibited.

If you have received this transmission in error, please notify us immediately by telephone at (415) 409-8900, and destroy this document.

If this communication relates to a debt, *THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.*

---

**From:** Karl Olson <kolson@cofolaw.com>
**Date:** Friday, January 13, 2023 at 9:19 AM
**To:** "Bickford, James (CIV)" <James.Bickford@usdoj.gov>
**Cc:** "Aaron R. Field" <afield@cofolaw.com>, Kristel Gelera <kgelera@cofolaw.com>, Irene Lee <ILee@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Got it James.

We'll work on getting a letter to you later today before close of business your time along the lines of what we discussed yesterday.

Regards, Karl

---

**From:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Sent:** Friday, January 13, 2023 8:36 AM
**To:** Karl Olson <kolson@cofolaw.com>

Karl,

I am attaching a copy of SBA 4580 with only the cell phone number withheld.  My apologies for the confusion with this document.

Sincerely,

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

---

**From:** Bickford, James (CIV)
**Sent:** Tuesday, January 10, 2023 10:28 PM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

Here is SBA's response to your letter of December 22.  I look forward to speaking with you on Thursday.

With my best,

James

---

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Thursday, January 05, 2023 9:51 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>; Irene Lee <ILee@cofolaw.com>
**Subject:** [EXTERNAL] RE: ASBL v. SBA, 20-cv-4619

Thanks James.  Why don't you use the following dial-in:  (800) 503-2899, access code 8678715#

Regards, Karl

---

**From:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Sent:** Thursday, January 5, 2023 5:49 PM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Thank you, Karl – and next Thursday at 10:30 Pacific sounds good to me.  Do you want to set up the call or should I?

Obviously you should feel free to push things back if you haven't had enough time to digest the agency's forthcoming response, but I don't expect that that will be a problem.

With my best,

James

---

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Thursday, January 05, 2023 6:32 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** [EXTERNAL] RE: ASBL v. SBA, 20-cv-4619

Welcome back James.

Happy to talk next week.  How about Thursday, January 12 at 10:30 a.m. Pacific?

Obviously, we would hope and expect to have the agency's response to our letter sufficiently in advance of our call to be able to be able to review it adequately.

Regards, Karl Olson

---

**Sent:** Thursday, January 5, 2023 8:02 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

I have returned to my office after a year away, and am taking this case back from Indraneel. I am still getting up to speed on what I missed, though I gather that we have another statement due to the court on Wednesday, January 18. I also understand that you sent a letter to SBA shortly before Christmas; I expect to transmit the agency's response early next week.

Could we set up a call next Wednesday or Thursday to talk about where this case stands and what we should say to the court the following week?

With my best,

James

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Monday, August 09, 2021 7:32 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

James,

We do not agree to a further stay, for various reasons, including but not limited to the fact that the DC case overlaps with only part of our case. We will agree, however, to a two-week extension of time on your brief on the condition that we get a corresponding extension of two weeks for our opposition/cross-motion and that other briefs get a corresponding two-week extension as well, and that there be no further continuances absent good cause.

Happy to discuss if you would like.

On another matter, we are mailing a check (under protest) for the payment of the disputed search fees tomorrow.

Regards, Karl Olson

---

**From:** Bickford, James (CIV) [mailto:James.Bickford@usdoj.gov]
**Sent:** Monday, August 9, 2021 9:36 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

Karl,

I didn't hear from Aaron last week, and we need to get our motion on file. Given the unexpected remand in the Washington Post case, we think that we should stay the briefing schedule here so that we can discuss how to proceed at our August 20 status conference. I would also be open to seeking a two-week extension of our deadline (until August 30) to achieve the same result, if for some reason you preferred that approach.

Please let me know whether ASBL will consent to a brief stay (or, in the alternative, a two-week extension) as soon as you can.

With my best,

James

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW

Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

---

**From:** Karl Olson <kolson@cofolaw.com>
**Sent:** Friday, July 30, 2021 2:59 PM
**To:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Cc:** Aaron R. Field <afield@cofolaw.com>; Kristel Gelera <kgelera@cofolaw.com>
**Subject:** RE: ASBL v. SBA, 20-cv-4619

James,

We will consider this. I am on vacation next week, so it may be Aaron who gets back to you

Regards, Karl

---

**From:** Bickford, James (CIV) [mailto:James.Bickford@usdoj.gov]
**Sent:** Friday, July 30, 2021 11:03 AM
**To:** Karl Olson <kolson@cofolaw.com>
**Cc:** Aaron R. Field <afield@cofolaw.com>
**Subject:** ASBL v. SBA, 20-cv-4619

Karl,

I hope that the summer is treating you well.

As I trust that you know, the district court in DC decided the cross-motions for summary judgment in the Washington Post PPP case on July 15. The court concluded that SBA had properly withheld the borrowers' DUNS numbers, and ordered "a remand . . . for the agency to more fully support its withholdings with respect to interim loan status information and borrower tax-identification numbers." As status report is due in that case on August 16.

Under the Court's scheduling order in this case, the government's motion for summary judgment would be due that same day. We intend to move for a stay of the briefing schedule in light of the DC district court's remand order, so that the parties and the court can consider the matter at our August 20 conference. Please let me know if ASBL will consent to a limited stay of briefing until the August 20 conference.

Separately, I understand that SBA has completed its production of documents related to the Regional Regulatory Fairness Board, and has provided a cost estimate for processing the remainder of the request, but has not received payment from ASBL. Please let me know if ASBL intends to make payment (under protest) so that we can complete the processing in this case.

With my best,

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.

<2023.01.18__ CAND_20cv4619 draft Joint Status Report Under ECF No. 65 -- DOJ 1pm.docx>

**To:**     Hershey, Michael S[Michael.Hershey@sba.gov]; Moore, Sean (SBC)[Sean_Moore@sbc.senate.gov]
**Cc:**     Nutter, Olivia (SBC)[Olivia_Nutter@sbc.senate.gov]; Wheeler, Kevin (SBC)[Kevin_Wheeler@sbc.senate.gov]
**From:**  Wheeler, Kevin (SBC)[Kevin_Wheeler@sbc.senate.gov]
**Sent:**   Tue 4/28/2020 3:14:47 PM (UTC-04:00)
**Subject:** RE: PPP2 / 1pm
[Letter to SBA-Treasury re Implementation of interim COVID-19 bill FINAL.pdf](#)

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

Mike, I appreciate the fast response, but it doesn't make sense that the $30 billion set-aside for community financial institutions (CFI), and insured depository institutions and credit unions with less than $10b in assets used this funding given that the new lenders in the CFI category have not been approved.

The law set $30b as a floor. Will SBA set aside more, and based on the bicameral, dem letter sent Saturday night, why didn't Administrator Carranza "Set aside at least $10 billion for MDIs and CDFIs to make PPP loans"?

Thanks. Kevin

---

**From:** Hershey, Michael S <Michael.Hershey@sba.gov>
**Sent:** Tuesday, April 28, 2020 3:05 PM
**To:** Wheeler, Kevin (SBC) <Kevin_Wheeler@sbc.senate.gov>; Moore, Sean (SBC) <Sean_Moore@sbc.senate.gov>
**Cc:** Nutter, Olivia (SBC) <Olivia_Nutter@sbc.senate.gov>
**Subject:** RE: PPP2 / 1pm

Yes, correct. And you have what I have right now. When that data is broken down more and available, I'll share it.

**From:** Wheeler, Kevin (SBC) <Kevin_Wheeler@sbc.senate.gov>
**Sent:** Tuesday, April 28, 2020 2:58 PM
**To:** Hershey, Michael S <Michael.Hershey@sba.gov>; Moore, Sean (SBC) <Sean_Moore@sbc.senate.gov>
**Cc:** Nutter, Olivia (SBC) <Olivia_Nutter@sbc.senate.gov>; Wheeler, Kevin (SBC) <Kevin_Wheeler@sbc.senate.gov>
**Subject:** RE: PPP2 / 1pm

Hi, Mike. Thanks for sending this information.

You don't mean that the $30b cap for this group is already exhausted do you? If so, could we have a list of the lenders?

"(ii) COMMUNITY FINANCIAL INSTITUTIONS, SMALL INSURED DEPOSITORY INSTITUTIONS, AND CREDIT UNIONS.—In making loan guarantees under this paragraph after the date of enactment of this clause, the Administrator shall guarantee not less than $30,000,000,000 in loans made by—

"(I) community financial institutions;

"(II) insured depository institutions with consolidated assets of less than $10,000,000,000; and

"(III) credit unions with consolidated assets of less than $10,000,000,000."

**From:** Hershey, Michael S <Michael.Hershey@sba.gov>
**Sent:** Tuesday, April 28, 2020 2:25 PM
**To:** Moore, Sean (SBC) <Sean_Moore@sbc.senate.gov>; Wheeler, Kevin (SBC) <Kevin_Wheeler@sbc.senate.gov>
**Subject:** PPP2 / 1pm

Paycheck Protection Program lending figures as of 1:00pm.

Overall
Number of approved loans:    475,000+
$ volume of approved loans:  $52 billion+
Number of lenders:            5,100+

Lenders < $10B:
Number of approved loans:    331,119
$ volume of approved loans: <mark>Nearly $30B (cap reached, they will now submit loans the overall funds)</mark>

Lenders btw $10B – $50B:
Number of approved loans:    Nearly 84,000
$ volume of approved loans:  $10 billion+