KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
IRENE LEE (SBN 331485)
CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
Email: kolson@cofolaw.com
afield@cofolaw.com
ilee@cofolaw.com

Attorneys for Plaintiff,
AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendant. | Case No. 3:20-cv-04619-MMC<br><br>**PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Date: May 26, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................…..1

II. ARGUMENT………………………………………………………………………...3

    A. ASBL Is Both Eligible For and Entitled to the Fees Requested ………………..3

        1. ASBL Is Eligible for Fees for All FOIA Requests at Issue in this Litigation……………..……………..…………….………………...3

        2. ASBL Is Entitled to a Fee Award for All FOIA Requests at Issue…………….5

    B. Apportionment Is Not Appropriate Here ……………………………………….8

    C. ASBL's Fee Demand Is Reasonable ……………………………………………9

        1. ASBL's Fees On its Motion for Summary Judgment Are Reasonable………. 9

        2. ASBL Is Entitled to Fees for Litigation-Related Work Before July 2020……12

        3. ASBL's Fee Award Should Not Be Reduced for "Block Billing"…………...13

        4. ASBL Should be Awarded Fees Incurred in the Review of Documents Relating to Communications Between Congress and the White House………………..13

        5. ASBL's Fees Regarding Advisory Board Records Are Reasonable…………15

III. CONCLUSION ...................................................................................................……15

i

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-CV-04619-MMC

# TABLE OF AUTHORITIES

## **CASES**

*Am. Civil Liberties Union of N. Cal. v. Drug Enf't. Admin.*
  No. C 11-01997 RS, 2012 WL 5951312, at *5 (N.D. Cal. Nov. 8, 2012) .......................... 14

*Church of Scientology of Cal. v. U.S. Postal Service.*
  700 F.2d 486 (9th Cir. 1983) ........................................................................................ 4, 7

*Courthouse News Serv. v. Planet*
  947 F.3d 581 (9th Cir. 2020) ........................................................................................... 10

*Elec. Privacy Info. Ctr. v. U.S. Dep't. of Homeland Sec.*
  811 F. Supp. 2d 216 (D.D.C. 2011) ............................................................................ 14, 15

*Exner v. F.B.I.*
  443 F. Supp. 1349 (S.D. Cal. 1978) ................................................................................... 3

*First Amendment Coalition v. U.S. Dept. of Justice*
  878 F.3d 1119 (9th Cir. 2017) ................................................................................... 3, 4, 7

*Fischer v. SJB-P.D. Inc.*
  214 F.3d 1115 (9th Cir. 2000) ......................................................................................... 13

*Garcia v. Resurgent Capital Servs.*
  No. C-11-1253 EMC, 2012 WL 3778852 at *8 (N.D. Cal. Aug. 30, 2012) ..................... 13

*Hensley v. Eckerhart*
  461 U.S. 424, 435 (1983) ............................................................................................... 8, 9

*Ibrahim v. Department of Homeland Security*
  912 F.3d 1147 (9th Cir. 2019) ........................................................................................... 9

*King v. U.S. Dep't. of Just.*
  830 F.2d 210 (D.C. Cir. 1987) ......................................................................................... 11

*Moreno v. City of Sacramento*
  534 F.3d 1106 (9th Cir. 2008) ......................................................................................... 12

*Poulsen v. Department of Defense*
  994 F.3d 1046 (9th Cir. 2021) ........................................................................................ 1, 5

*PublicResource.org v. U.S. Internal Revenue Serv.,*
  No. 13-cv-02789-WHO, 2015 WL 9987018 at *5 (N.D. Cal. Nov. 20, 2015) ................... 7

*Rosenfeld v. U.S. Dep't. of Justice*

ii

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-CV-04619-MMC

| | |
|---|---|
| 1 | 903 F. Supp. 2d 859 (N.D. Cal. 2012) ........................................................................................ 7 |
| 2 | *S. Cal. Pub. Radio v. U.S. Small Bus. Admin*. |
| 3 | No. 2:20-CV-06490-ODW (ASx), 2021 WL 6752245 (C.D. Cal. Sept. 3, 2021) ................ 12 |
| 4 | *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.* |
| 5 | 802 F. Supp. 2d 1125 (C.D. Cal. 2011) .................................................................... 6, 9 |
| 6 | *Transgender Law Ctr. v. Immigration & Customs Enf't.,* |
|  | 46 F.4th 771 (9th Cir. 2022) ........................................................................................ 7 |
| 7 | *Urban Air Initiative, Inc. v. U.S. Env'tl. Prot. Agency* |
| 8 | 442 F. Supp. 3d 301 (D.D.C. 2020) ............................................................................ 5 |
| 9 | *Wiener v. F.B.I.* |
| 10 | 943 F.2d 972 (9th Cir. 1991) .............................................................................. 10, 11 |
| 11 | *WP Co., LLC v. U.S. Small Bus. Admin.* |
|  | 502 F. Supp. 1 (D.D.C. 2020) .................................................................................. 11 |

## STATUTES

Fed. R. Civ. Proc. 56(b) ………………………………………………………………………….10

Small Business Act, 15 U.S.C. section 644(g)(1)(A) …………………………………………...6

## SECONDARY SOURCES

Alyce McFadden, *Employment History – Lloyd Austin*, Open Secrets (Mar. 9, 2021), https://www.opensecrets.org/revolving/rev_summary.php?id=82688…………………………..6

Contracts for March 23, 2023, U.S. Dep't of Defense, https://www.defense.gov/News/Contracts/Contract/Article/3339464/ (last accessed May 3, 2023) …………………………………………………………………….6

Contracts for March 28, 2023, U.S. Dep't of Defense, https://www.defense.gov/News/Contracts/Contract/Article/3343856/ (last accessed May 3, 2023)……………………………………………………………………….6

*Standing Orders for Cases Assigned to the Honorable Maxine M. Chesney*, United States District Court for the Northern District of California (Jan. 4, 2022), https://www.cand.uscourts.gov/wp-content/uploads/judges/chesney-mmc/MMC_Standing_Orders_1-4-2022.pdf ……………....... 10

iii

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-CV-04619-MMC

## I. INTRODUCTION

The SBA's Opposition to this fee motion is notable more for what it concedes, or does not seriously contest, than what it says. SBA concedes (ECF No. 75 at 4:13-15 and fn. 2, and ECF No. 75 at 13) that it relinquished more Paycheck Protection Program loan information because of ASBL's efforts in this case than the plaintiffs sought and were awarded by the court in summary judgment proceedings in the *Washington Post* case, in which the plaintiffs had sought the names and loan amounts of Paycheck Protection Program ("PPP") borrowers.[1]

SBA likewise concedes (ECF No. 75 at 6, citing ECF No. 51) that this Court ordered SBA to complete production by December 2021 of SBA's records relating to advisory committees, which plainly makes ASBL eligible for fees under the Ninth Circuit's recent decision in *Poulsen v. Department of Defense*, 994 F.3d 1046, 1050-54 (9th Cir. 2021).

As to ASBL's FOIA request for communications among the White House, SBA and Congress related to the $650 billion-plus PPP (ECF 74-1, Ex. C at 2), SBA does its best to obfuscate the fact that it originally produced only nine pages of records and then ultimately was forced by ASBL's dogged efforts to turn over 17,000 pages of records, but its Opposition makes one thing clear. SBA disingenuously says (ECF No. 75 at 5:18-19, 14:16-17) that it "completed" its production of records in January 2021 for communications among the White House, SBA and Congress related to additional funds for the $650 billion-plus CARES Act and PPP.

"Completed" is a curious word there because what SBA "completed" producing in January 2021 was a grand total of nine pages of documents related to a FOIA request about how over $650 billion was spent. Needless to say, what SBA calls a "completed" production of nine pages of records raised a bevy of red flags which prompted, and forced, ASBL to undertake the intensive litigation efforts it did to obtain what turned out to be over 17,000 pages of additional records.[2]

---

[1] SBA says (ECF No. 75 at 13:6-8) that it "discovered" the existence of numerous additional and critical data fields through ASBL's efforts and that the release of the fields followed ASBL's efforts.

[2] SBA concedes (ECF No. 75 at 22:13-15) that its bears the burden of establishing the adequacy of search and the propriety of any withholdings, and the Ninth Circuit recently joined other

1

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-cv-04619-MMC

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

Another thing SBA's claim that it "completed" production of records in January 2021 makes clear is that SBA wanted to produce as little as possible, and fought for a year and a half[3] against releasing more documents until, after extensive meet and confer efforts and case management conferences, ASBL was able to convince SBA to conduct additional searches that ultimately produced 17,000 pages of documents. SBA's excessive hair-splitting about whether the 17,000 pages of records pried loose were related to the original request fails. ASBL's request was aimed at uncovering how the White House, SBA and Congress communicated about the massive outlay of CARES Act and PPP money, and the records produced, including smoking guns in which bipartisan members of Congress blasted the SBA's handling of PPP administration, were obviously responsive to and within the scope of ASBL's April 16, 2020 FOIA request. And, SBA performed this additional search to avoid litigation over the adequacy of its initial search that yielded nine pages in response to this request.

SBA also concedes (ECF No. 75 at 9:6-9) that ASBL is eligible for fees as to the Regional Regulatory Fairness Board portion of its case by virtue of this Court's order in ECF No. 51 when the Court resolved the issue as to pace of production in ASBL's favor. That concession also applies to ECF No. 65, the Court's 2022 scheduling order, as SBA concedes that production orders generally confer eligibility for fees, as stated in ASBL's Opening Brief.[4]

Having largely conceded ASBL's eligibility for fees, as it must, the SBA offers little or no opposition to ASBL's entitlement to fees. It concedes (ECF No. 75 at 10:12-13) that ASBL had no commercial interest in advisory committee records or anything else, and it doesn't seriously contest the public interest in what ASBL obtained. Nor does it claim that its original

---

circuits in holding that agencies must show the adequacy of search "beyond a material doubt." *Transgender Law Ctr. v. Immigration & Customs Enf't.*, 46 F.4th 771, 780 (9th Cir. 2022).
[3] SBA says it "completed" its production of records among the White House, SBA and Congress in January 2021, but it wasn't until May 2022 that it agreed to even start new searches. (ECF No. 75 at 16-17.) SBA's contention that the new searches had "nothing to do" with ASBL's FOIA request for records of communications among the White House, SBA and Congress about the CARES Act and PPP (ECF No. 75 at 17:18-19) is absurd. Likewise, SBA's claim that ASBL wasn't entitled to the records at an earlier time (ECF No. 75 at 18:12-15) lacks merit.
[4] SBA says it filed a motion seeking a production schedule (ECF No. 75 at 18:18-20) but in reality it was trying to delay a production schedule ASBL had proposed. ECF No. 74-1 at ¶ 14; *see also*, ECF No. 64-1 at ¶ 4.

production of nine pages of records about a $650 billion program was reasonable.

In short, SBA cannot and does not seriously contest that ASBL is eligible for and entitled to fees in this case, as to the entire case. Its attack on the reasonableness of the fees likewise misses the mark. SBA does not contest ASBL's hourly rates, and it does not offer expert testimony to counter the expert testimony of Thomas Burke and Karl Olson as to the overall reasonableness of fees and what it takes to litigate FOIA cases like this one. Its request for large percentage decreases for ASBL's supposed "block billing," coupled with additional percentage decreases for other aspects of the case, is unpersuasive. And finally, SBA cannot and does not contest the reasonableness of the $60,000 sought by ASBL for "fees on fees."

At bottom, FOIA's fee provision is designed to further FOIA's policy encouraging those who seek records about how their government operates to vindicate their rights in court to pry records loose from unwilling hands.[5] That policy is at its apex in a case involving the expenditure of hundreds of billions of dollars on a program SBA's own Inspector General eventually said SBA had mishandled. ECF No. 74-1 at ¶ 19. This motion should be granted in the amount requested: $517,083.90.

## II. ARGUMENT

### A. ASBL Is Both Eligible For and Entitled to the Fees Requested

#### 1. ASBL Is Eligible for Fees for All FOIA Requests at Issue in this Litigation

The SBA concedes that ASBL is eligible for attorney's fees associated with advisory committee records as a result of obtaining relief through a judicial order (ECF No. 51). ECF No. 75 at 9:6-9.

The SBA concedes that it identified, then disclosed, numerous additional data fields about Paycheck Protection Program loans after "ASBL pressed for the release of other data fields that it believed to be in SBA's possession." ECF No. 75 at 13:4-10. ASBL's success in

---

[5] *First Amendment Coalition v. U.S. Dept. of Justice*, 878 F.3d 1119, 1130 (9th Cir. 2017) (" . . . [T]he award of FOIA counsel fees 'has as its fundamental purpose the facilitation of citizen access to the courts,' and should not be subject to 'a grudging application.'") (quoting *Exner v. F.B.I.*, 443 F. Supp. 1349, 1351-52 (S.D. Cal. 1978)).

3

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-cv-04619-MMC

causing this disclosure of core information about how one of the most expensive government programs in United States history was administered confirms that ASBL has substantially prevailed, and is eligible for attorney's fees, even under the leading opinion in *First Amend. Coalition v. U.S. Dep't. of Just.*, 878 F.3d 1119 (9th Cir. 2017). Under that opinion, to determine whether a FOIA plaintiff has substantially prevailed under FOIA's fee provision based on a "voluntary" disclosure by the agency, a court should consider "(1) when the documents were released, (2) what actually triggered the documents' release, and (3) whether [the plaintiff] was entitled to the documents at an earlier time." *First Amend. Coalition*, 878 F.3d at 1129 (9th Cir. 2017) (quoting *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 492 (9th Cir. 1983)) (internal quotations omitted). Here, the SBA concedes that it conducted a further search for and disclosed these data fields after ASBL's advocacy in this case. ECF No. 75 at 13:6-8. ASBL has demonstrated that its advocacy actually triggered disclosure, ECF No. 74-2, and the record contains no evidence to the contrary. ASBL was entitled to the additional PPP data that the SBA disclosed from the outset; its FOIA request encompassed them, its motion for summary judgment explicitly asked for them, at least many of them existed when ASBL made its FOIA request, and they are plainly not exempt from disclosure. *See*, ECF No. 76-4. ASBL has thus prevailed based on the SBA's disclosure, as a direct result of ASBL's advocacy in this case, of a wealth of additional PPP loan data.

The SBA's arguments to the contrary miss the mark. The SBA asserts that it "concluded that ASBL's FOIA request had been satisfied by the detailed information released to date" when ASBL pressed for additional information. ECF No. 75 at 4, 12-13. But it offers no explanation for that conclusion. *See* ECF No. 76 ¶ 10. The SBA questions how the data it disclosed showed the distribution of PPP funds, but the answer is obvious: for example, PPP lender information, data on loans in "HubZones" targeted for additional SBA support, information about approval dates, and loan status information that provided crucial information on loan forgiveness all plainly show how PPP funds were distributed. *See* ECF No. 75 at n.2 (listing new categories of data disclosed by the SBA). Further, while the SBA suggests loan forgiveness information was not responsive because it did not exist when ASBL's request was

4

made, ECF No. 75 at 14, the SBA does not, and cannot, assert that this was true of many other categories of PPP information that ASBL caused it to disclose.

With regard to the production of communications between the White House, SBA and Congress from June 2022 through December 2022, those records are responsive to the April 16, 2021 request (ECF 74-1, Ex. C at 2) for communications between the White House, SBA and Congress relating to requests for additional funding for the PPP and CARES Act. ASBL suggested, over a long period of time, more inclusive search terms so that the SBA could locate more records relating to requests for additional CARES Act and PPP funding. *See*, ECF No. 74-1, Exs. J-K. The SBA's eventual, belated agreement to conduct these searches, even after claiming that it had produced all responsive records, and subsequent production of thousands of pages of further records, undoubtedly makes ASBL eligible for fees. Moreover, a plaintiff can recover fees under FOIA even though the records were produced according to a schedule proposed by the agency (in this case, the court did *not* adopt the schedule proposed by the SBA; see *infra*). *Urban Air Initiative, Inc. v. U.S. Env'tl. Prot. Agency*, 442 F. Supp. 3d 301, 311 (D.D.C. 2020) ("Scheduling orders requiring production by a certain date may qualify – even when the orders adopt timelines proposed by the agency and agreed to by the plaintiff – because with their entry, the plaintiff has gained a judgment that can be enforced through contempt.") (emphasis added); *accord. Poulsen*, 994 F.3d at 1050-54. ASBL obtained relief here as a result of a judicial order. *See* ECF No. 65 (ordering a production schedule considerably faster than what SBA proposed and a little slower than what ASBL had proposed); *see also*, ECF Nos. 62 & 64. As such, ASBL is eligible for an award of attorney's fees for this reason, as well.

### 2. ASBL Is Entitled to a Fee Award for All FOIA Requests at Issue

The SBA contends that there is no public interest in the advisory committee records obtained by ASBL from the SBA during the course of litigation. It ignores the evidence that ASBL has already provided in its opening brief as to why the public has an interest in these records. There is a public interest in properly filling the Regional Regulatory Fairness Boards because they serve as a liaison for small businesses to the federal government, and *all* individuals on the board should serve small business interests. ECF No. 74 at 15:12-26. The fact that ASBL

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-cv-04619-MMC

only requested records relating to selected members at the time does not undermine the importance of all members of the Regional Regulatory Fairness Boards promoting small business concerns. Even the documents produced by the SBA reference a public interest in the Regional Regulatory Fairness Boards. *See, e.g.*, Suppl. Lee Decl., Ex. B at 8 (Audra Kinney, legislative correspondent for former United States Senator Pat Toomey, states in support of her request for Regional Regulatory Fairness Board information, "Several of our constituents have voiced interest, and I want to ensure I can provide them with accurate information."). The public also has a strong interest in ensuring that small businesses are properly given their opportunity, pursuant to the Small Business Act, 15 U.S.C. section 644(g)(1)(A) (setting 23 percent goal for small business contracts), to contract with the federal government, even with competition from large businesses, especially given Raytheon Technologies Corporation's ("Raytheon") recent $1.2 billion foreign military sales contract with the U.S. Army.[6] *Contracts for March 28, 2023*, U.S. Dep't of Defense, https://www.defense.gov/News/Contracts/Contract/Article/3343856/ (last accessed May 3, 2023). It is also in the public's interest to know if the SBA is properly addressing small business concerns, including those raised by ASBL and its President Lloyd Chapman and described in ASBL's opening brief, and as such, records in the SBA's possession relating to ASBL and its President are in the public interest. *See*, ECF No. 74-4 at ¶¶ 2-3. In short, there is a clear public interest in records relating to advisory boards, the SBA's involvement with the Department of Defense (and Defense Secretary Lloyd Austin, a former Raytheon officer), Raytheon's involvement in defense contracting, and SBA's actions to ensure compliance with the Small Business Act. ASBL is entitled to fees associated with these FOIA requests.

As for ASBL's request for PPP loan data, the SBA does not address ASBL's entitlement to attorney's fees related to that request. Instead, the agency focuses entirely on ASBL's eligibility for such fees, as addressed above. *See generally*, ECF No. 75 at 11:1-14:12. The SBA

---

[6] Five days earlier, Raytheon (the former employer of current Defense Secretary Lloyd Austin) was awarded two contracts with the United States Air Force and the United States Navy, worth $320,276,785 and $32,974,039, respectively. *Contracts for March 23, 2023*, U.S. Dep't of Defense, https://www.defense.gov/News/Contracts/Contract/Article/3339464/ (last accessed May 3, 2023); *see also*, Alyce McFadden, *Employment History – Lloyd Austin*, Open Secrets (Mar. 9, 2021), https://www.opensecrets.org/revolving/rev_summary.php?id=82688.

has therefore waived any argument that ASBL is not entitled to fees relating to its request for PPP loan data. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).

With regard to ASBL's request for communications between the White House, SBA and Congress relating to requests for additional PPP and CARES Act funding, the SBA argues that ASBL is not entitled to attorney's fees because there is an "enormous gap between the new searches and the original FOIA request." ECF No. 75 at 18:21-19:8. SBA is wrong. The new searches, or searches like them, could and should have been conducted initially; it was obvious that there had to be more than nine pages of records about a program involving over $650 billion in spending. The SBA offers no evidence in support of its contention that there was no need to conduct a further search for records at the time (January 2021), despite it bearing the burden of showing that it did conduct an adequate search. *See*, *Transgender Law Ctr. v. Immigration & Customs Enf't.*, 46 F.4th 771, 780 (9th Cir. 2022) (holding, *inter alia*, that ". . . under FOIA, agencies bear the burden of demonstrating the adequacy of their search beyond a material doubt"). The SBA offers no authority supporting its contention that an agency is not required to conduct a further search if the search terms used will not, in its view, produce records responsive to the FOIA request. Here, ASBL's proposed search terms were tailored so that the SBA could locate responsive records, and as such ASBL's proposed search terms relating to legislation that resulted in additional funding for the PPP, hospitals, and COVID-19 testing produced records that were responsive to ASBL's original April 16, 2020 FOIA request. *See*, ECF No. 74-1, Exs. J-K. Had the agency conducted such a search (or something similar) prior to its intial January 2021 production, it would have produced those documents at an earlier time. Its failure to conduct a proper search shows that it did not have a colorable basis under the law to withhold such documents. ASBL is therefore entitled – under all four entitlement factors[7] – to fees associated

---

[7] ASBL need not show that all four entitlement factors weigh in its favor, though it has done so here. *Church of Scientology of Cal.*, 700 F.2d at 492, abrogated in part on other grounds as recognized in *First Amendment Coal.*, 878 F.3d at 1127; *see also*, *PublicResource.org v. U.S. Internal Revenue Serv*., No. 13-cv-02789-WHO, 2015 WL 9987018 at *5 (N.D. Cal. Nov. 20, 2015) (citing *Rosenfeld v. U.S. Dep't. of Justice*, 903 F. Supp. 2d 859, 870 (N.D. Cal. 2012).

with its FOIA request for communications between the White House, SBA and Congress relating to requests for additional PPP and CARES Act funding.

### B. Apportionment Is Not Appropriate Here

Throughout its opposition, the SBA suggests that this Court should apportion ASBL's fee demand based on purported partial success in this litigation. Apportionment, however, is not appropriate here, since ASBL prevailed on all of the FOIA requests at issue (it received the overwhelming majority of the records it sought pursuant to judicial orders or a voluntary or unilateral change in the agency's position). And, regardless, apportionment is not warranted here because all of ASBL's claims arise from the same set of facts and involve the same legal issues.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* Where a plaintiff's claim for relief involves a "common core of facts or [is] based on related legal theories[, m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Id.* "Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* Furthermore, "[a] request for attorney's fees should not result in a second major litigation." *Id.* at 437.

Here, this case is based on FOIA Request No. SBA-2020-000566 (also recorded as SBA-2020-001132, SBA-2020-001133, and SBA-2020-001134), which eventually encompassed ASBL's requests for records relating to PPP loans, the Regional Regulatory Fairness Boards, the SBA Advisory Committee on Veterans Affairs, ASBL and its founder, Raytheon Technologies Corporation, and Secretary of Defense Lloyd Austin, after extensive meeting and conferring with the SBA. ECF No. 74-1 at ¶ 2, Exs. A-D. Furthermore, much of this litigation related to the Paycheck Protection Program and other SBA COVID-19 relief efforts. Because ASBL's FOIA requests raised overlapping issues of law (e.g., adequacy of

8

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-cv-04619-MMC

search, failure to process, and exemption claims) and fact (SBA COVID-19 relief efforts), and ASBL obtained the lion's share of the relief that it sought, ASBL should be awarded "a fully compensatory fee." *Hensley*, 461 U.S. at 435.[8]

### C. ASBL's Fee Demand Is Reasonable

The SBA does not challenge the hourly rates or the costs requested in this case, and, therefore, concedes that those are reasonable. *Stichting Pensioenfonds ABP*, 802 F. Supp. 2d at 1132.

As a preliminary matter, ASBL is reducing its requested award to remove fees related to its FOIA request for records relating to the SBA's Press Office and Terrence Sutherland.[9] This results in a total reduction of $8,310. *Id.* No further reduction of time to account for this request – certainly not the ten percent reduction sought by the SBA – is justified.

ASBL also provides updated time summaries to reflect time spent on "fees on fees" since ASBL's March 27, 2023 Opening Brief. Suppl. Lee Decl., Ex. A. From March 28, 2023 to this date, ASBL incurred an additional $188.71 in costs and $21,247.50 in "fees on fees." *Id.* at ¶ 6, Ex. A. ASBL now seeks a total of $517,083.90, consisting of $514,392.50 in fees, of which $60,000 are "fees on fees," and $2,691.40 are costs.

#### 1. ASBL's Fees On its Motion for Summary Judgment Are Reasonable

The SBA does not contest the number of hours billed in connection with ASBL's motion for summary judgment. Rather, the SBA contends that ASBL's fees associated with the motion should be cut by "at least two-thirds" because it was purportedly premature and not necessary to compel the SBA to release PPP data in January 2021. *See generally*, ECF No. 75 at 21:10-23:13.

ASBL's motion for summary judgment was not premature. As an initial matter, the SBA mischaracterizes the procedural history of this case, particularly in the statement,

---

[8] Common issues of law or fact are sufficient to show issues are inextricable. *See Ibrahim v. Department of Homeland Security*, 912 F.3d 1147, 1174-78, 1186 (9th Cir. 2019) (en banc).
[9] The total time and amount that ASBL had initially included for this request is as follows: Karl Olson (8.3 hours at $850 per hour, for a total of $7,055); Irene Lee (2 hours at $350 per hour, for a total of $700); and paralegals (3 hours at $185 per hour, for a total of $555). Supplemental Declaration of Irene Lee, ¶ 5.

"Whether the hours claimed for this work are reasonable turns almost entirely on the question of whether it was reasonable for ASBL to proceed as it did, filing a motion for partial summary judgment before SBA had answered the complaint or provided a declaration." ECF No. 75 at 21:15-22:1. With regard to SBA's answer, this is simply not true. The SBA filed its answer on August 14, 2020. ECF No. 14. ASBL subsequently filed its motion for summary judgment on September 4, 2020. ECF No. 20. Even if ASBL did file its motion for summary judgment prior to the filing of the SBA's answer (and it didn't), ASBL was not prohibited from doing so. Rule 56(b) of the Federal Rules of Civil Procedure provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." Fed. R. Civ. Proc. 56(b) (emphasis added). Similarly, neither the Local Rules for the Northern District of California nor this Court's standing orders prohibit the filing of a motion for summary judgment prior to defendant's filing of an answer or responsive pleading. L.R. 7-1, 7-2, 56-1-56-3; *Standing Orders for Cases Assigned to the Honorable Maxine M. Chesney*, United States District Court for the Northern District of California (Jan. 4, 2022), ¶ 6, https://www.cand.uscourts.gov/wp-content/uploads/judges/chesney-mmc/MMC_Standing_Orders_1-4-2022.pdf. Further, ASBL and the public needed access to the PPP loan data that ASBL sought in its summary judgment motion urgently, to enable the public to access it and public representatives to use it to better administer the historically expensive PPP program as PPP funds were being distributed. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) ("To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression."). No reduction of ASBL's summary judgment time is justified.

The SBA is likewise incorrect in suggesting that ASBL had to wait until the SBA submitted a declaration detailing the adequacy of the agency's search for records prior to filing its motion for summary judgment. The SBA's reliance on *Wiener v. F.B.I.* is misguided. In *Wiener*, the main issue on appeal was whether affidavits filed by the Federal Bureau of Investigation in support of its motion for summary judgment were sufficient to support the district court's order granting the motion. 943 F.2d 972, 977 (9th Cir. 1991). The Ninth Circuit

held that the agency should have submitted a *Vaughn* index because the affidavits contained boilerplate explanations from a master response, no effort was made to tailor the explanation of the withholding of documents to the plaintiff's specific case, and, as a result of the agency's conduct, the plaintiff was offered "little or no opportunity to argue for release of particular documents." *Id.* at 978-79. The court further stated, "The purpose of the index is to 'afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding.'" *Id.* at 977 (quoting *King v. U.S. Dep't. of Just.*, 830 F.2d 210, 218 (D.C. Cir. 1987)). The Ninth Circuit did not explicitly hold that requesters should wait until an agency has filed a declaration detailing the search before they can file a motion for summary judgment; rather, the court, in that specific case, held that it would have been premature for it to determine whether there was a triable issue of fact because the agency failed to supply an adequate *Vaughn* index in support of its motion for summary judgment and the district court was required to assess the adequacy of the *Vaughn* index before rendering another decision on the motion. *Id.* at 987-988. A *Vaughn* index was not at issue here and, therefore, *Weiner* is inapplicable. Indeed, the SBA's argument would give agencies *carte blanche* to delay producing indexes and a declaration while they spend hundreds of billions of dollars in taxpayer money. That would turn FOIA's pro-disclosure purpose on its head and prevent the public from learning how federal money is spent.

Furthermore, ASBL requested more data in its motion for summary judgment than the *Washington Post* and Southern California Public Radio in their respective motions, including loan forgiveness data, and numerous other categories of data disclosed by the SBA in response to ASBL's advocacy. *Compare*, ECF No. 20 at 1:19-26 (seeking " . . . the same information about each and every loan approved by the SBA as part of the $650 billion [PPP] that the SBA publishes on its website about other loans made pursuant to 15 U.S.C. section 636(a) (including whether and the extent to which each borrower's PPP loan was forgiven, which is analogous to the "GrossChargeOffAmount" data the SBA publishes about 7(a) loans"); ECF No. 74-2 (discussuing ASBL's successful advocacy to obtain additional PPP loan data); *with*, *WP Co., LLC v. U.S. Small Bus. Admin.*, 502 F. Supp. 1, 9 (D.D.C. 2020) (seeking PPP and Economic

Injury Disaster Loan Data for each approved loan, including names and loan amounts); *S. Cal. Pub. Radio v. U.S. Small Bus. Admin.*, No. 2:20-CV-06490-ODW (ASx), 2021 WL 6752245 (C.D. Cal. Sept. 3, 2021) (seeking data regarding "the SBA's execution of the PPP loan program"). ASBL's success in obtaining PPP loan data here went beyond what plaintiffs sought and obtained in either *Washington Post* or *Southern California Public Radio*, and, regardless, ASBL was not required to wait for other plaintiffs to vindicatea violation of its own rights.

In addition, it is uncontested that the PPP data at issue was of great public interest when this action was filed in July 2020 amid the PPP rollout, and *timely* disclosure was important. See ECF No. 74 at 13:24-14:15. It would have been unreasonable to force ASBL to wait until the SBA filed an answer and declarations in order to obtain a decision on whether the SBA was improperly withholding time-sensitive records, especially since SBA made it clear both in public statements and in its briefs in the *Washington Post* case that it would not disclose the names and loan amounts, or loan chargeoff records, of PPP loan recipients. ASBL's fee request should not be reduced because it didn't wait for the SBA to drag its feet on disclosure while SBA was spending hundreds of billions of tax dollars.

The SBA offers no evidence or argument as to why ASBL's filing of a motion for summary judgment justifies a two-thirds reduction (or $100,000) in fees associated with the PPP loan data. The SBA does not even explain why it chose to ask for a reduction by that specific amount even though it is obligated to do so. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-13 (9th Cir. 2008) (holding that a district court's blanket deductions, ranging from 25 to 50 percent of the prevailing party's fee demand, without explanation, other than that the time spent was "excessive," did not provide an adequate explanation of the reasoning behind the reduction). Because the SBA offers no reason as to why that specific amount of fees should be reduced from ASBL's fee demand, this Court should disregard SBA's argument on that point. The fees are reasonable.

### 2. ASBL Is Entitled to Fees for Litigation-Related Work Before July 2020

The SBA seeks to reduce approximately $45,000 in ASBL's fee demand for fees

12

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-cv-04619-MMC

1  incurred prior to the filing of ASBL's complaint in July 2020.  This Court should not reduce
2  ASBL's fee demand based on this because all of the work relates to pre-litigation legal research
3  and analysis.  *See*, ECF No. 74-1, Ex. P.

### 3. ASBL's Fee Award Should Not Be Reduced for "Block Billing"

Monthly time summaries are sufficient to support an award of attorney's fees.  There is no requirement in the local rules for this District that parties requesting a fee award must present daily time entries.[10]  Rather, the local rules indicate that, depending on the circumstances, the court *may* require production of an abstract of or the contemporary time records for inspection, as the court deems appropriate.  *See*, L.R. 54-5(b)(2).  There is also no requirement that daily time records be provided for attorney's fees motions made in the Ninth Circuit and in this district.  *See*, *Fischer v. SJB-P.D. Inc*., 214 F.3d 1115, 1121 (9th Cir. 2000) ("plaintiff's counsel 'is not required to record in great detail how each minute of his time was expended'"); *Garcia v. Resurgent Capital Servs*., No. C-11-1253 EMC, 2012 WL 3778852 at *8 (N.D. Cal. Aug. 30, 2012) (block billing not inappropriate *per se* when a party seeking fees meets basic requirement of listing hours and identifying general subject matter of his or her time; blocked-billed entries support reasonableness of hours expended where attorneys log their hours daily to tenth of an hour and describe nature of their activities, as plaintiff did here).  The SBA argues that ASBL's alleged block-billing has prevented it from determining how much time was spent on a particular task, yet it is able to determine the approximate amount of attorney's fees attributable to each of the so-called "phases" of this litigation.  ECF No. 75 at 21:10-25:5.  This shows that ASBL's monthly time summaries are sufficiently detailed.

### 4. ASBL Should be Awarded Fees Incurred in the Review of Documents Relating to Communications Between Congress and the White House

The SBA argues in conclusory fashion that ASBL's fees associated with the review of documents relating to communications between Congress, SBA and the White House, produced from June 2022 through December 2022, are not reasonable.  It argues that "ASBL could not have been reviewing those documents to determine if it was satisfied with SBA's response to its

---

[10] ASBL reiterates its offer to provide this Court with daily time entries for inspection, should this Court request them.

PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS, CASE NO. 3:20-cv-04619-MMC

FOIA request, because the searches and productions were not designed to respond to the FOIA request," an argument that the agency has repeated in other sections of its opposition. ECF No. 75 at 24:21-25:1. The SBA's argument is undercut by the fact that one of ASBL's proposed searches asks for records relating to the Health Care Enhancement Act (formally titled the "Paycheck Protection Program and Health Care Enhancement Act"), which is itself a law that increased funding to the PPP. Pub. Law No. 116-139. By requesting communications relating to a law that increased funding for the PPP and CARES Act, ASBL provided searches designed to respond to the FOIA request for communications between the White House, SBA and Congress related to funding for the CARES Act and PPP, and the productions from June 2022 through December 2022 were thus responsive to that FOIA request. The time spent developing such search terms and negotiating with the SBA to use them is therefore reasonable.

Likewise, the SBA's conclusory argument that ASBL was not required to review the documents produced during the course of litigation is unfounded. This Court's June 8, 2022 Order states: "On or before December 15, 2022, the parties shall file a joint status report that indicates whether further litigation regarding SBA's processing of records responsive to Plaintiff's two new searches, and any claimed FOIA exemptions, or other disputed issues, will be necessary and, if so, a proposed schedule for briefing and further proceedings." ECF No. 65 at ¶ 4. ASBL needed to conduct a review of the documents produced and the exemptions asserted in order to determine if it required further briefing on the SBA's FOIA exemption claims. *See*, ECF No. 74-1 at ¶ 17; *see also*, ECF No. 74-3 at ¶ 9. Prior courts have allowed for the recovery of attorney's fees associated with the review of documents produced during active litigation for the obvious reason of assessing the agency's sufficiency of disclosure and the validity of withholdings. *See*, *Elec. Privacy Info. Ctr. v. U.S. Dep't. of Homeland Sec.*, 811 F. Supp. 2d 216, 239-40 (D.D.C. 2011) ("Indeed, it would seem critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation. The court thus awards fees related to the plaintiff's review of DHS's disclosures."); *see also*, *Am. Civil Liberties Union of N. Cal. v. Drug Enf't. Admin.*, No. C 11-01997 RS, 2012 WL 5951312, at *5 (N.D. Cal. Nov. 8, 2012) (" .

. . it is illogical to suggest that a lawyer's time spent reviewing documents cannot be compensated. Without review of the documents produced, plaintiffs would have been unable to ascertain whether defendant had complied fully with its FOIA request and thus unable to determine what issues needed to be litigated.") The SBA suggests that ASBL should have provided a blanket acceptance or rejection of all of its exemption claims, instead of reviewing them and making objections when needed. ASBL should not be punished for doing its due diligence. Review fees should be awarded.

### 5. ASBL's Fees Regarding Advisory Board Records Are Reasonable

The SBA argues that an estimated $150,000 for the review of advisory board records and the filing of joint status reports related to those records are unreasonable and should be reduced by two-thirds, or approximately $100,000. ECF No. 75 at 24:9-10. A majority of these fees are attributed to the review of documents in 2021 and 2022. ECF No. 74-1, Ex. P at 142-143. Like the communications between the White House, SBA and Congress, the advisory board records were produced during active litigation and both parties intended to litigate the validity of the SBA's withholdings. *See, e.g.*, ECF No. 42 at 4:5-21. ASBL made clear in its statement that it sought summary judgment briefing that would "encompass all of the requests in this case" and that it specifically did not seek bifurcated summary judgment briefing. *Id.* at 5:23-6:4. The SBA similarly disagreed with a bifurcated briefing schedule and requested a single briefing schedule so that "ASBL can challenge the adequacy of the agency's search and the propriety of any of its withholdings under claim of exemption, as those issues pertain to both FOIA requests" for advisory committee records and PPP loan data. *Id.* at 7:9-11. ASBL was, therefore, required to review all advisory committee records it had received during the course of litigation to determine whether to challenge the adequacy of the SBA's searches or the validity of the SBA's FOIA exemptions claims. ASBL should be able to recover fees associated with such review. *See*, *Elec. Privacy Info. Ctr.*, 811 F. Supp. 2d at 239-40.

### III. CONCLUSION

ASBL is eligible for and entitled to recover attorney's fees under FOIA and should be awarded the amount requested: $517,083.90.

15

CANNATA, O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

Respectfully submitted,

DATED: May 8, 2023        CANNATA O'TOOLE & OLSON LLP

By: */s/ Karl Olson*
    KARL OLSON

Karl Olson
Aaron R. Field
Irene Lee

Attorneys for Plaintiff
AMERICAN SMALL BUSINESS LEAGUE